6-26-2008
MHW'

# Attention

To: The Clerk of

08cv3848
JUDGE HOLDERMAN
MAG. JUDGE ASHMAN

The STaT of New Mexico

penitentiary, N.M.

only gave Mr. Rivera

$300.00 in Copies due

To Their Law, and No

have money Copies Cause I donot

only #95 Copies

**FILED**
7-7-2008
JUL 7 2008

in ExHiBs' /

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

May I Please

Have A Copy

Marked

Filed,

Mr. M. Rivera

Mr. M. Rivera

64650

Thank you!

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ ☐ | ☐ | ☐ ☐ | ☐ | ☐ |
| CNMCF/CMRU/CMU<br>PO Drawer 1328<br>Los Lunas, NM 87031 | GCCF<br>P.O. Box 520<br>Santa Rosa, NM 88435 | LCCF<br>6900 W. Millen Dr.<br>Hobbs, NM 88244 | PNM<br>PO Box 1059<br>Santa Fe, NM 87504 | SNMCF<br>PO Box 639<br>Las Cruces, NM 88004 | SNMCF-PQU<br>PO Box 20005<br>Las Cruces, NM 88004 | WNMCF<br>PO Drawer 250<br>Grants, NM 87020 |

Name _____

No. _____ Unit _____

Date: _____

CNMCF/CMRU/CMU
PO Drawer 1328
Los Lunas, NM 87031

RCC
578 Chickasaw Rd
Hagerman, NM 88232

PNM
PO Box 1059
Santa Fe, NM 87504

SNMCF
PO Box 639
Las Cruces, NM 88004

SNMCF-POU
PO Box 20005
Las Cruces, NM 88004

WNMCF
PO Drawer 250
Grants, NM 87020

## INMATE PURCHASE ORDER

To: *Inmate Accts*

Number
and Street:

City:

State:

Date: 6/27 Rivera 20 08

Name: Miguel Flores Number 64650

3 B W 12

Please complete the following order. Do not substitute for the merchandise requested. Check for full amount enclosed. Do NOT send merchandise on a Penitentiary account or C.O.D..  No transaction on a charge basis will be accepted.

| Catalog Number | Quantity | Description of Article or Service | Size | Cost |
|---|---|---|---|---|
| | | Legal Copies | 1500 | .20 per Page |
| | | Debt to Accant per policy legal copies | | |
| | | (Cannot Generate any more copies due to policy till Debt is paid.) | | |
| M.R. | | Meaning The court Have To Give court order for legal copies | | |

Amount of Order: $ 300 00

Postage: $

Total: $ 300 00

Authorization is granted to debit my account and issue a check in the total shown for purchase of merchandise of services as indicated.

APPROVED Martha Zudavy
Signature of Authorized Officer

M. Rivera No: 64650
Signature of Inmate

Check No.:

Distribution: **White** - Business Office    **Canary** - Vendor    **Pink** - Purchaser

Printed by Corrections Industries Print Shop (505) 472-1184

I'am sorry I only Have

one Brance 4th..
graed!

INDEX TO EXHIBIT

EC.

A..1, REQUEST for INVESTIGATION of A JUDGE OR ASSOCIATE JUDGE.
STATE OF ILLINOIS JUDICIAL INQUIRY BOARD. AND The
ReponseT From INVESTIGATION,

B.. #2 one, Letter from ATTorney- Richard A. Duffin,
ATTY. of Sachnoff & Weaver, Ltd. AT Law.

C...#3 Letters from Don Carson, FATHER OF Heather, C,
2,

D..#5 Letter, To Heather Carson, from Miguel RiverA,
AND Heather Carson, ReTuning Letter Back To
Miguel R, 1 of 4,

E..#4 DEPARTMENT OF CORRECTIONS Medical RecoRds
From Chicago, IL.

F... the order of Judge Ms. Laws, DismissING M.RiverA,
Post Conviction, with out INVESTIGATION The F.B.I,
and Jury people,

#1 OF 3.4,

G..#7  STATES MOTION TO DISMISS, and order.

H..#8  COURT REPORT OF PROCEEDING. and Letter of how Jury Trouble, C.45.

I.#9  Letter, from. SOCIAL SECURITY of M, Rivera

J..#10  CERIFIED STATEment OF CONVICTION Disposition. where Home INVASION/ARMED nor ATT-MURDER with in INTENT To Kill. was not in the Jury Findings, meaning wrongful charges and convictions,

K..#11  MOTION TO PRODUCE The STATE'S TRIAL FILE For REVIEW BY PETITioNERS COUNSEL, #8-Pgs,

L..#12  AFFIDAVITS from Miguel Rivera,#6-Pgs,

M..#13  MOTION REQUESTING RELEASE OF SUBPOENAed MATERIALS.

N..#14  certificate OF PosT-CONVICTION Counsel

O..#15,  MOTION TO ISSUE SUBPOENAS. #5-Pgs,

2.

P...#16, MOTION TO ISSUE SUBPOENAS.

Q...#17, STUDENT Performance by TEST ITEM. NEW, School ~~Re cod~~ Reocdrs

R...#18, ~~Motion To PRODUCE E The STATE's TRIAL FiLe for REVIEW By, was denied By Judge Ms.Mr.E.Laws~~

S...#19, Police DEPT of city of chicago, Records Need, BUT court and counseL deNied. ~~Them To M.Rivera,aNd POST-CONVICTION~~

T.#20 ~~ONE Letter.from Chief, Appeals Division~~.

Miguel Rivera #64650.

U...#[ ] ~~Motion FOR Leave mandamus~~
19...

V...#[ ] Letter foR inveStigtion.from Atty-P.D.o. she never did

W...#[ ] ~~Letter from Atty P.D.O.~~

X...#[ ] Letter seeking help foR Attorneys

Y...#[ ] AFFidaviT and LetterI worked.

Z...#[ ] BRiEF-Motion from P.D. Todd A.shanKER,

3.

EXHIBIT #25, PUBLIC deFENDER,

EXHIBIT #26, Letter from James P. Lawless
A/s- Administrator of
Court Reporters

EXHIBIT #27-Letter from, center on
wrongful conviction. PLAINTIFF seeking
help, FORE INVESTIGTION

sorry This is
EXHIBIT #28. Letter of STATE of Illinois
on Detes Robter CLemens,

EXHIBIT #29. Motion For New Trial in 2001

EXHIBIT #30. order and Motion FOR Relief

                                APPELLATE
EXHIBIT #31. from the Supreme Court. and
        of Illinois and Motion
SuPReme Court

EXHIBIT #32, Motion

EXHIBIT #35, Trial Transcrpie some Missing,
        was given to PlaintiFF This way. IN 2001
EXHIBIT #33, A Letter from The PUBLIC deFenders offices
After #17 To18-months Later. I Received ON May 14, 2008, From
Ms. Lynn F. Wilson, She's is 4 Lieing ALL Three P.D. did
Know I was in New Mexico.

# EXHIB#1

## OF STATE OF ILLINOIS Judicial INQUIRY Board ANd Letter To HeadMan OF The Publice. deFeder's ofFiceS

EXHiBit #21

Motion For New trial
in 2004

34366971102000000000          *(TY2000)

PAGE 0001 OF 0004

DOCUMENT TYPE: W-2
PAYEE ENTITY DATA:          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
MIGUEL RIVERA
5704 W. 35TH STREET
CICERO
STATE: IL ZIP: 60804-0000

$7.50 Hr.

ACCOUNT NUMBER: N/A
PAYER ENTITY DATA:          382293997          PENSION INDICATOR: UNANSWERED
CITY TRANSFER COMPANY INC.
39555 SCHOOLCRAFT
PLYMOUTH               MI 48170
                                              STATUTORY EMPLOYEE IND: NO

TYPE OF EMPLOYMENT: ALL OTHERS
WAGES...............$540+
TX WITHELD..........$65+
FICA TX WH..........$33+
T FICA WAG.........$540+
MEDCARE WH..........$7+
MEDCARE WG.........$540+

***************************  TAXPAYER  COPY  ***************************

*Mailed Apr 21, 2003*

34366971102000000000          *(TY2000)

DOCUMENT TYPE: W-2
PAYEE ENTITY DATA:          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
MIGUEL RIVERA
602 SE 13TH ST
CAPE CORAL
STATE: FL ZIP: 33990-0000

$9.00 Hr.

ACCOUNT NUMBER: N/A
PAYER ENTITY DATA:          651000755          PENSION INDICATOR: UNANSWERED
HAWORTH CONSTRUCTION INC
8056 PELICAN ROAD 8056 PELICAN ROAD
FORT MYERS                    FL 33912

                                          STATUTORY EMPLOYEE IND: NO

TYPE OF EMPLOYMENT: ALL OTHERS
WAGES.............$2,295+
TX WITHELD.........$154+
FICA TX WH.........$142+
T FICA WAG.......$2,295+
MEDCARE WH..........$33+
MEDCARE WG.......$2,295+

****************************     TAXPAYER  COPY     ****************************

34366971102000000000          *(TY2000)

DOCUMENT TYPE: W-2
PAYEE ENTITY DATA:          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
 MIGUEL RIVERA
 602 S.E. 13TH ST.
 CAPE CORAL
 STATE: FL ZIP: 33990-0000

ACCOUNT NUMBER: N/A
PAYER ENTITY DATA:          592726145          $9.00 Hr.          PENSION INDICATOR: UNANSWERED
 DYNASTAFF CORP. D B A ONESTAFF
 E 200 25 2ND STREET N SU
 ST PETERSBURG          FL 33701

                                         STATUTORY EMPLOYEE IND: NO

TYPE OF EMPLOYMENT: ALL OTHERS
WAGES...............$660+
TX WITHELD..........$83+
FICA TX WH..........$40+
T FICA WAG..........$660+
MEDCARE WH..........$9+
MEDCARE WG..........$660+

***************************   TAXPAYER  COPY   ***************************

828 Poplar Lane
Boulingbrook Rd
60440

BEDFORD PARK IL 504

05 APR 2007 PM 2 T

Q 51344 105
Miguel Rivera # 64650
Lea County Correctional Facility
6900 W. Miller Drive.
Hobbs New Mexico
88244

88240/3933



Lindsay Parkhurst, Esq.
*Vice Chair*
John E. Kreisler
Jill W. Landsberg, Esq.
Raymond J. McGury
Hon. John O. Steele
Hon. Donald C. Hudson
Tom Leahy, Esq.

Kathy D. Twine, Esq.
*Executive Director*
*General Counsel*

100 West Randolph Street
Suite 14-500
Chicago, Illinois 60601-3233
312/814-5554
800/227-9429
TDD 312/814-1881
FAX 312/814-5719

## STATE OF ILLINOIS
## JUDICIAL INQUIRY BOARD

### REQUEST FOR INVESTIGATION
### OF A JUDGE OR ASSOCIATE JUDGE

Your Name: *MiGueL RiveRA*
(Please print in ink or type)

Address: *CNMCF/CHRU/APA—uniT—1-B-F-102.-P.o.Drawer 1328*

City, State, and Zip: *Los Lunas, New Mexio -87031*

Telephone:    Daytime: (   ) *NONE*

Evening: (   ) *NONE*

I have information of possible willful misconduct in office, persistent failure to perform

his or her duties, or other conduct that is prejudicial to the administration of justice or

that brings the judicial office into disrepute on the part of *Marjorie C. Laws* of
(First & Last Name of Judge)

the Court in *Cook County*, Illinois, or to charge that Judge or
(City)    (County) *and Judge: Edward Fiala, aT TriaL !*

Associate Judge is physically or mentally unable to perform his or her duties.

# STATEMENT OF FACT

1. When and where did this happen?

Date(s): _Sept 31 2004, and The year_ Time: _ON OR About 9:30 AM_
_of 2005 and 2006_

Location: _Cook County Court Hse House. - AT 2650 S.CALiforNia Ave._
_Room 301-Chicago. IL 60608._

2. If your information arises out of a court case, please answer these questions:

(a) What is the name and number of the case?

Case Name: _The People of the STATe of Illinois - vs - Miguel RiverA_

Case Number: _01-C.R-2646 - ON Appellate -No.1-06-2788_

(b) What kind of case is it?    (Please check one below)

| | |
|---|---|
| ✓ Criminal | ___ Probate |
| ___ Domestic | ___ Law |
| ___ Juvenile | ___ Municipal |
| ___ Small Claims | ___ Traffic |
| ___ Other  (specify) _____ | |

(c) What is your relationship to the case?

_____ Plaintiff/Petitioner

___ ✓ ___ Defendant/Respondent

_____ Attorney for:
_P.D. Andrea Monsees_

_____ Witness for:
_____

___ ✓ ___ Other (specify): _Jures, Ms. Sharon Lunn, and_
_Ms. Jennifer, Schumal,_

(d) If you were represented by an attorney in this matter at the time of the conduct of

the Judge, please identify your attorney:

Name: _Andrea Monsees, A/P.D._

Address: _69 W. WASHINGTON 16TH Flr. Chicago, IL. 60602_

Telephone Number: _(312) 603-0600_

(e) Identify any other attorney(s) who represented you or any person involved in the case:

Name of attorney: _FRANK D. EdwARds_

Address of attorney: _4637 So. Lake Park Chicago, IL. 60653_

Telephone Number: _(773) 624-0771 - 24-Hours._

Attorney represented: _MigueL Rivera_

3.  List documents that help support your allegation that the Judge has engaged in

misconduct or has a disability, noting which ones you have attached (**SEE BELOW**):

_Jury Trial, Reports of Proceedings, Letters from Mr D. Carson_
_Heather carson-Father, Documents from Dept of Police,_
_Letter-from-Atty-Richard A. Duffin, The STATS, Motion To dismiss,_
_P-D's Motion's, and The P.D. Atty. Letters Refuseing To do A Investagtion,_
_and_ 4.  Identify, if you can, any other witnesses to the conduct of the Judge: _Post Conviction,_

Name: _Jury witnesses, - Ms. Sharon Lunn, Ms. Jennifer, Schumal_

Address: _The Attorneys in case. Refuse. To give Me Their_

Telephone Number: ( ) _N/A._

**NOTE: You must designate specifically the particular words, diagrams or pictures
contained in any documentation submitted which substantiates your allegations.
Documentation without the required designation will not be considered.**

**Documents must be retained in our files. Please send copies only.**

3

5. Specify below the details of what the Judge did that you think constitutes misconduct

or indicates disability: (Please type or print legibly - attach additional paper if necessary).

Judge: Edward Fiala, Helped The STATes Attorneys Put Together A wrongful-conviction and wrongful-sentcenceing case along with My Attorney Frank D. Edwards, and now on A Appeal. Judge: Ms. M. C. Laws, Refuse To investagate. The case of kidnapping. THAT never was committed. even The states Attorneys office in foruth Myeart Myars, FL. do knews, My-x-gril friend. Told The state. and s-Polices she. and her kids were not kidnapped, But Judge Ms. M. C. Laws Refuse do have investagate.rs To chcek into case. and To chcek with The F.B.I, and The Aarresting Dete's chicago Police - Reports from FL. and chianga... OR To inetervw My witness My Past Conviction, shouldn't have Been dismiss on sept 14, 2006. if you Please do a Re-ivew and see all The Legal-documents I'm sending, you will see.. That every ~~Pubs~~ Public defender and State Judge is Throwing This case for TheStAte Att'ys on a wrongful ~~Convit~~ conviction - and sentcenceing, and inforceing a double Jeopardy case, Realy investigating This wrongful conviction and sentcening, They all Refuse To Answer My Letters, This hold case Realy need to be investagated.

Your Signature: Miguel Rivera #64650!

Date: July 9, 2007.

Please Hlep Me, save My life. and I Want To Come Back home, To be Place in the Illinois River C.C. Witness P. protcetion unit fore My safety, and given a new Trial OR Let out of Jail, M. R.

4

May 30, 2007.

State of Illinois

Judicial Inquiry Board

to: Kathy D. Twine, Esq.

Executive Director and

General Counsel.

100 West Randolph Street

Suite 14-500

Chicago, IL. 60601-3233                    No. 01 CR 2646


Dear Kathy D. Twine,

My name is Miguel Rivera #64650 I am at
the CNMCF/CMRU/unit #M.H.T.C-A-209.
C.o. Drawer-1328
Los Lunas, NM 87031.


I am writing to you this emergency letter
because I need your help in filing a
complaint on State court Judge and State's
attorney's and the chief of the Public defenders
office and P.D. Attorney. Mr. Andrea Monicel, for
falling to an serious investigation
and Jury witness's and the comm law
Records, including all police Reports
statements and general cross Reports
and Summery Reports, filed under RD No.
F-529122. and investigating the fort

Myers, Florida sheriff police Dept.
of the lee county and as of the State Attorney
office in arresting warrant on said agg-
Battery being to an Expedition on January
9th, 2001 Back to Chicago, Illinois. By Det's.
Robert Candle, Ms. Karen Skipper, and into
a wrongful conviction and sentcing By
said Judge Edward M. Fiala, and States
Attorneys, Arunas Buntinas, Dan Tiernan,
and P.D. Attorney Monica Johnson, and Attorney
Frank Edwards, on said trial December 13th,
2001...

On September 14, 2006 My post-conviction
petition was Dismissal due to Judge
Ms. M. C. laws, and they are with hold-
ing evidence evidence and Refuse
to investigate the wrongful conviction
and sentcing and arrest there wasn't
no evidence nor warrant for agg-kidnaping
the State Attorneys and sheriff police
and court of the port myers-florida
states said kidnaping was not
committed, I truely do believe said
parties are in this thorusing
due to Judge Fiala and Judge
Ms. C. laws, on a double Jeopardy
and wrongful conviction and sentcing
meaning, case was set up Jury ladys
Ms. Sharon lunn, Jennifer Schumal,

will witness to you about the trial was
set up and state witness stated they were
not kidnaped, said court Judge, Attorney - P.D.
and state Attorney. Refuse to do the
investingtion because of Judge E. fiala
and state attorneys and Attorney F. Edaruts,
the post - conviction never should
have been dismissed, new trial should
have been granted or fitness hearing,
and lesser included offenses,
please help me kidnaping is class XF.
6 to 12 and 6 to 30 yrs and w/ extended term
is 30 to 60 yrs sentence and agg.- unlawful
Restraint carries a maximum extended
term of 30 years imprisonment,
l am in need please do a investigtion
and could you please call the CMCF/C-1.
to the warden to set up a telephone call
to talk to me please l have a 4th grade
Ed. and may l please, send you the
legal documents l have a copy, the
Judge laws, and the public defenders
office Refuse to give me the discovery,
and all Police Reports, please help
me save my life Please as long
as the courts keep on giving me a
P.D. to fight my case l cant
Prove my innocents,

could you please get back to me as
soon as possible please let me
know you received this emergency
letter please, I thank you, for, your,
time, help, understanding,


Sincerely,

Miguel Rivera #64650
CNMCF/OMRU/unit #M.H.T.C-A-209.
P.O. Drawer 1328
Los Lunas, NM 87031.




C.C.
M.R.
May 30, 2007.

(1 of 4)

to; the Head presen of                                    May 30th·2008.
the Public defender's office.
to; Mr. Lester Sinkle,
69 W. Washington St. 15th flr.
Chicago, Illinois 60602.

              *-Emergancy-*
         *  Attention Please -*


         Dear Sir,


         My name is Mr. Miguel Rivera. #64650
         I am at the C.N.M.C.F./APA-1B-E-1/1, P.o.
         Drawer #1328. los linas, NM 87031.


                              Case No: 06-2788.

         I am writing to you A Emergancy
         letter, because all the Public-
         defender's that have been appionted
         to my case played, the ineffective. A/s.
         of Counsel Act. and Refuse to listen
         to me and Refused to do an investinge
         my case from Atty: frank Edwards, to
P.D. Atty: Monica Johnson, that set the
         wrongful conviction and wrongful-
         senting up along with the State Atty's
         Budtinas, and Tiernan, at Treal in
         case No: 01: Cr: 2646. even to P.D's that

and in my post conviction. Atty. Andrea Monsees,
and now after #17 to 18 months later another P.D. comes
in my appeal a lynn wilson files a Motion to
withdraw from appeal, due to all the Public
defenders before her were ineffective A/s of
counsel. for missing up my case and they
all Refused to investigate the case and Jury
people and Doctor on my behafe, and they
Refused to give me a copies of the discovery
and all police reports even when I have
legal documents stating the P.D. office is
to give you a copy copy, they Refused to
even ask Judge; Mr. M. lawie, for me or
due investiage the F.B.I. and now at
this point and time, the Public defender
(number 312-603-0600) have Been A Block so
that I can't call My P.D. This happen
because of Andrea Monsees for #18 months now,
and Sir when the Public defenders office
is appointed to any case no matter what
they are to help the defendant or the
petitioner; the only one that truthfuly
have helped me for the passed (4) years is
Harold J. Winston.
But now he tells me not to call his number
because lynn wilson Refuse to come
to his office to take my calls Sir right
now I am having Real Serious medical
problems I can died from. and it looks
like Ms. lynn wilson don't care, from

(3)

She was to call to new mexico to set up a day and time to talk to me this week here. and was to call the interstate compact transfer coordinator's office to Sandy first, to tell them the serious trouble I am having here, for a year now. I had to explain to Harold Winston, that I have to come Back to chicago. one for medical Sergery, and on a hardship transfer. so I can have visitions right with my sons. and that I have to be placed in the Illinois River corr. cte. witness protection unit for my Saftey? I have sent to letters to them But they will not Answer me Back, and the I.D office Refuse to help me get a court order so that I can be sent to an outside hospital. Mr. Winston says no Judge will give the court order, Sir. please I need your help in this matter of an Emergency! and my I please have a copy of the discovery, and all police Reports from fl to chicago. Sir. their is more to tell you But I have to say it By t-phone I dont know how to Explain it on paper. — it's Serious, can you please send me a t-phone number I can call you. because like I Said the 603-0600 Refuse to take my collect calls,

Sir, this is an Emeregncy please do let me know you? have received this letter please Mr. Sinkle, because P.Ottgi Lynn states she never got my letter. I'm sorry to say how can you get the one with the Blood in it not the other. I can't believe her, I awaiting to hear Back from you as soon as you receive this letter & thank you, for your, help, time, and understanding,

C.C.
M.R.
5-29-08

Sincerely

Miguel Rivera #64650
CNMCF, APA-1B-E-1.4, P.O. Drawer #1328.
Los Lunas, NM 87031.

Jill W. Landsberg, Esq.
  *Chairman*
Lindsay Parkhurst, Esq.
  *Vice Chairman*
John E. Kreisler
Raymond J. McGury
Hon. John O. Steele
Hon. Donald C. Hudson
Tom Leahy, Esq.



STATE OF ILLINOIS
JUDICIAL INQUIRY BOARD

Kathy D. Twine, Esq.
Executive Director
General Counsel

100 West Randolph Street
Suite 14-500
Chicago, Illinois 60601-3233
312/814-5554
800/227-9429
TDD 312/814-1881
FAX 312/814-5719

July 20, 2007

Miguel Rivera
CNMCF/CMRU/ADA-Unit-1-B-F-102
P.O. Drawer 1328
Los Lunas, NM 87031

Dear Mr. Rivera:

The Judicial Inquiry Board ("Board") received your request for an investigation of an Illinois state court judge. The Board will discuss your request to determine whether it has jurisdiction and if so, whether an investigation or other Board action is warranted. Kindly be advised that the Board's action does not include legal assistance or intervening in any court case. Therefore, if you have an active court case, you must continue to proceed with whatever remedies that may be available to you within the court system.

It is important for you to note that pursuant to the Illinois Constitution and the Board's Rules of Procedure, the Board is prohibited from sharing with you or anyone outside of our agency the details of any investigation or action taken in lieu of or prior to filing a complaint with the Illinois Courts Commission ("the Commission"). Only those documents filed with the Commission during the prosecution of a matter becomes public record. However, after the Board has made its final determination and taken all warranted action, you will receive written notification of its determination.

Also be advised that the Board does not have jurisdiction to investigate allegations of misconduct against attorneys, court personnel, police officers, or anyone other than active judges of the State of Illinois.

Very truly yours,

Kathy D. Twine
Executive Director &
General Counsel

KDT: mp

Attorney Jill W. Landsberg
*Chair*
Honorable John O. Steele
*Vice Chair*
Honorable Donald C. Hudson
John E. Kreisler
Attorney Tom Leahy
Raymond J. McGury



### STATE OF ILLINOIS
## JUDICIAL INQUIRY BOARD

Attorney Kathy D. Twine
*Executive Director*
*General Counsel*

100 West Randolph Street
Suite 14-500
Chicago, Illinois 60601-3233
312/814-5554
800/227-9429
TDD 312/814-1861
FAX 312/814-5719

January 14, 2008

Mr. Miguel Rivera
CNMCF/CMRU/ADA-Unit-1-B-F-102
P.O. Box Drawer 1328
Los Lunas, NM 87031

Dear Mr. Rivera:

The Judicial Inquiry Board ("Board") has concluded its review of the allegations raised in your request for an investigation and has determined to close the matter. The Board's determination to close the matter is in no way an opinion as to the merits of your court case.

Please note that the Board is prohibited, pursuant to the confidentiality provisions contained in its Constitutional authority and Rules of Procedure, from disclosing specifics regarding its decision, findings or information about its deliberations of any matter.

Thank you for bringing your concerns to the Board's attention.

Very truly yours,

Kathy D. Twine
Executive Director &
General Counsel

KDT: mp

B.    EXHIBIT-#2

# Sachnoff & Weaver, Ltd.

Attorneys at Law

30 South Wacker Drive • 29th Floor • Chicago, Illinois 60606-7484

Telephone (312) 207-1000

Richard A. Duffin                                                                                    Facsimile (312) 207-6400
(312) 207-6474                                                                                       www.sachnoff.com
rduffin@sachnoff.com

June 9, 2003

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Miguel Rivera
Inmate No. N-23881
Pontiac Correctional Center
P.O. Box 99
Pontiac, IL 61764

Dear Mr. Rivera:

I am in receipt of your correspondence dated May 30, 2003. As you are aware, I am not
your attorney. As you also know, I did speak to your ex-wife in connection with my decision of
whether to accept your case. Prior to your trial in the Cook County Circuit Court, I informed you
that while I could not act as your attorney, I would be happy to speak to whomever you
eventually decided to hire as your attorney. I did eventually speak with your trial attorney prior
to the beginning of your trial.

I cannot act as your attorney in connection with your appeal or in connection with any
post-conviction proceeding that you are involved in now or will be involved in at a later date.
With that said, if you eventually do hire an attorney in connection with your case, I would be
happy to speak with that person and provide whatever information that I can.

I sincerely hope that everything works out for you as well as possible under the
circumstances. Best regards.

Very truly yours,

Richard A. Duffin

RAD/scp

Document No. 583915

EXHIBIT - C - 3.

5/31/03

Dear Miguel:

I am very sorry to hear about your mom. God rest her soul.

I do not want any trouble on our side. However I have not seen Heather or talked to her since the trial. I, us you, miss my grand kids. I feel for you but there is nothing I can do. I am out of her life I guess.

I dont know what happened that day except what you told me. But I know there was a lot of un-needed violence when you left for Florida. Slabbing ect.

Your letter was forwarded to us, we have moved and don't give out our address ect.

God Bless you Sorry
Don & Rose Carson

April 6 2007

Dear Miguel,

I am sorry to say that I have not heard from Heather in a few years. Since she left for Wisconsin. As far as I know Mike has the 3 boys in Chicago some place. She is with some other person. Thats all I know.

As far as Heather's records - We do have all of them. She spent her years from 13 in group home's. She is by Poler and was suidal. We did the Right thing by her as a child. ++ She was in phyistrick Care all her life. (Most likely lied to you, as she lied to everyone.) Part of the sickness We do Can prove everything, so don't threaten us, you don't know the story. I have taken this as a threat. What does it tell you that your own sister won't help you. So don't look like a fool

There is nothing we can do for anyone. Poor health and moving away. We almost did not get letter because we are in the process of a move.

Glad you found the Lord, but what you did, you did what was said in Court was the truth about you.

At one time we tried helping you and everything we gave you and Heather you threw out.

Anymore letters, calls we will look at it as harassment along with the letter you wrote. We are keeping of proof —

Don & Rosemary Cursor

EXHIBIT - E -#4,

STATE OF ILLINOIS )
               ) SS
COUNTY OF COOK  )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT-CRIMINAL DIVISION

| | |
|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** )<br>    **Plaintiff-Respondent,** )<br>               )<br>       **vs.**      )<br>               )<br>**Miguel Rivera,**       )<br>    **Defendant-Petitioner.** )<br>               ) | **No.  01 CR 2646**<br><br>**Hon. Edward Fiala,**<br>**Judge Presiding at trial**<br>**Hon. Marjorie Laws**<br>**Presiding on collateral review** |

---

### EXHIBIT 4 a-g

EXCERPTS FROM ILLINOIS DEPARTMENT OF CORRECTIONS
RECORDS

# State of Illinois – Department of Corrections
## MEDICAL SUMMARY

**Facility:** Stateville Correctional Center

**Resident's Name:** Rivera Miguel **Resident's Number:** N23881

**Age:** 41 **Birthdate:** 10-28-64 **Sex:** M **Race:** Hisp

**Date Hospitalized:** 6/28/5 **Date Discharged:** 7-1-05

**Active Problems/Diagnosis:**
Dx Generalized Anxiety Disorder.

**Subjective/Objective (Brief History):**

**Operations**

Use Abnt. minted x3
TC shows ncthus TP organized
S1/HIⒺ AH NHⒺ

**Laboratory and X-ray Data:**

**Complications:**

**Assessment and Prognosis:** Poor problem solving and coping skills worsened by anxiety disorder

**Plan:**

**Medications:** Prozac 20mg hs
Trazadone 100mg hs

**Treatment:**

**Follow-Up:** Psychiatry and psychology to follow

---

**RESULT:** ( ) Recovered (✓) Improved ( ) Not Improved ( ) Not Treated

7-1-05 **Date**                    **MD**

DC7104-14
9-78

4 | A + B
 2

8/29/05

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Infirmary Progress Notes

### Stateville Correctional Center

Offender Information:

Last Name: Rivera    First Name: Miguel    Mi: _____    ID#: N23881

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | *PSYCHOLOGY NOTE* | |
| 6/28/05 11:30 A | S: Inmate Rivera was seen in the infirmary. He related that he cut his arm at his cell house because the staff refused to call a CMT member when he became distressed about _____ _____ LC health status _____ that he became angry when he said _____ "You're not going to do anything to yourself." Inmate states that he "can't take it" is tearful and anxious. Agrees to infirmary watch and further psychiatric evaluation. O: Hypervalent, tearful x 3. Good eye contact. Thoughts are appropriate. Mood is anxious; affect is _____ _____ _____ _____ _____ | P: Initiate 10' watch. May have paper gown. No sharps, shoes. Refer to psychiatry for med evaluation adjustment. _____ _____ Psych Admin Staff |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Infirmary Progress Notes

### Stateville Correctional Center

Offender Information:

Last Name: Rivera

First Name: Miguel

MI:

ID#: N23881

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 6/28/5 | Pn note | |
| 1100 | Placed in cell 136 on | Psych to eval |
| | 10' watch — Psych to | |
| | eval. Offender quiet | |
| | @ this time Voiced → homicidal | |
| | or suicidal ideation | P. Reese |
| 4/29/05 | R.n. notes | |
| 0600 | S. none | P. 1) Cont 10 min |
| | O. Inmate offered Ø | watch |
| | complaints Ø attempt | |
| | at self harm. Easily | |
| | awaken for breakfast | |
| | A.M.H. | J. Higate CNP |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Infirmary Progress Notes

### Stateville Correctional Center

**Offender Information:**

Last Name: Rivera    First Name: _____    MI: ___    ID#: N23881

| Date/Time | | Subjective, Objective, Assessment | Plans |
|---|---|---|---|
| 5/24/5 940p | RN note | S: "I want to see IA & the warden" O: Anxious. Demanding to see IA. Information was passed on to Security. Took meds. C/o superficial wound was _____ | Continue to watch |
| 6/2/15 ___ | RN note | S: _____ _____ | D: Encouraged to watch. Monitor behavior. |
| | | _____ | |
| | | _____ to be reevaluated | |
| | | on 4D — up in cell door | |
| | | polite - good eye contact | |
| | | asking for a blanket - | |
| | | have no order for a suicide | |
| | | blanket - _____ no appetite | |
| | | poor. Voiced no suicidal | |
| | | _____ | |

F#2

B 1

*BEGIN USING FROM BOTTOM UP

PCN

Pontiac

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Rivera, Miguel_          Reg. # _N23881_          Date: _8/26/02_

Problem _____

ORDER: (Physician's Signature After Last Order) _INH 900 mg 24 times a wk till 11/30_

B6 50mg two times a wk. Z 30 wk

DEA/Illinois Lic. # _____ Physician (Print) _____

☐ May Substitute _____                                M.D.

☐ May Not Substitute _____                          M.D. 11/4/57

DCA 7000          Noted by: _J. Frlinsky Jen_          Date: _8/26/02_
IL 426-1417

---

PCN

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Rivera Miguel_          Reg. # _N2-3881_          Date: _5.2.02_

Problem _No Mental Do_

ORDER: (Physician's Signature After Last Order) _____

↓ Tofranil 25mg h.s 3X1W    D/c    Tofranil on 5/10/02

Do not crush/float

DEA/Illinois Lic. # _____ Physician (Print) _Abdallah Ramen_

☐ May Substitute _BUALLA SHANEN,_          M.D.

☐ May Not Substitute _____          M.D.

DCA 7000          Noted by: _____          Date: _5/2/02_
IL 426-1417

---

PCN          4 E          N3-19          4 d

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Rivera, Miguel_          Reg. # _N23881_          Date: _5/2/02_

Problem _Chronic Headache_

ORDER: (Physician's Signature After Last Order) _____

Motrin 400mg po two PER X 3 months
(DOT)

40

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

## MEDICAL PROGRESS NOTES

Resident's Name *Rivera, Miguel*

Resident's Number *N23881*

| DATE/ TIME | PROB- LEM # | S.O.A. | PLANS |
|---|---|---|---|
| | | PHYSICIAN ADMISSION NOTE: | |
| | | CHIEF COMPLAINT: Psych. Admission to Infirmary | |
| | | Hx of PRESENT ILLNESS: | |
| | | Depression | |
| | | | |
| | | | |
| | | SMOKES — 2 1/2 pks/day | |
| | | | |
| | | PAST MEDICAL Hx: | |
| | | | |
| | | | |
| | | | |
| | | REVIEW OF SYSTEMS: BRONCHITIS | |
| | | SINUSITIS | |
| | | Depression | |
| | | | |
| | | ALLERGIES: PCN | |
| | | | |
| | | MEDICATIONS: LOPID (600mg) po BID | |
| | | PROZAC 20 mg po Q/HS | |
| | | TRAZADONE 100mg po Q/HS | |
| | | 8/29/05 | |

| DATE/TIME | PROB-LEM # | S.O.A. | | PLANS |
|---|---|---|---|---|
| | | PHYSICAL EXAMINATION | | VITAL SIGNS: RE-16 |
| GENERAL: | | 4 generally looks | | T-98 P-73 BP-118 RR-118 |
| SKIN: | tatos nows | worried, anxious | | 77 |
| HEENT: | | WNL | | |
| CHEST/HEART/LUNGS: | | Clear | | |
| | | CV — NSR, S1,S2 WNL | | 10 min watch. |
| ABDOMEN: | | WNL | | Paper gown only please! |
| | | | | Psych to follow. |
| GENITAL/RECTAL: | | Deferred | | J. Nunn. |
| EXTREMITIES: | | WNL | | |
| neuro: | | A&O X 3 | | |
| PSYCH: | | | | |
| LABORATORY: | | ① Depression c̄ | | |
| ASSESSMENT: | | acute exacerbation | | |
| PLANS: | | ① Infirmary Admit | | |
| | | ② Labs ordered | | |
| | | Mahone | | P. Pa |

7

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender Outpatient Progress Notes**
**Stateville Correctional      Center**

| Offender Information: | | |
|---|---|---|
| Rivera                MIGUEL | ID#: N23881 | |
| Last Name | First Name | MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 6/28/5 | **INFIRMARY ADMISSION SHEET** | P. 10' watch |
| 1100 | S: (Complaints): | Paper gown |
| | | only. |
| | Reason for Admission: Depression | Psych to eval |
| | Admitting Physician: Malone | |
| | O: D.O.B. 10-28-64 | |
| | Age: _____ Wt: 225 Ht: 5'11" | |
| | T: 98.2 P: 73 R: 18 B/P: 118/77 | |
| | Allergies: PCN | |
| | Other Medical Conditions: | |
| | Bronchitis | |
| | Sinusitis | |
| | Current Medications: Lopid | |
| | Prozac | |
| | Trazadone | |
| | | |
| | | |
| | Assistive Devices* Ø | |
| Glasses: _____ Contact Lenses: _____ Artificial Eye: _____ Hearing Aid: | | |
| Dentures: _____ Artificial Limb: _____ | | P. Rea |
| Paralysis: _____ Weakness: _____ | | |

Distribution: Offender's Medical Record    * Check those items which apply        DOC 0084 (Eff. 9/2002)
                                         ** May be stated if unable to measure
                                         *Printed on Recycled Paper*                (Replaces DC 3742)

Excel-G:\wpfiles\Forms\Med. Prog. Notes Forms\Infirmary Admission.wpd

8/29/05

8

pcn

*Discharge Cancelled*

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient Rivera, Miguel    Reg. # N23881    Date: 9/16/04
Problem Adjust Dis Depressed Mood
ORDER: (Physician's Signature After Last Order) Trazadone 50mg Am, 150mg hs
Dot. Crush/float    D/c 10.16.04

DEA/Illinois Lic. # _____    Physician (Print) NUALLABHANENI
☐ May Substitute    M.D.
☐ May Not Substitute Nuallabhaneni    Ljetold R    M.D.
DCA 7000    Noted by: _____    Date: 9-16-04
IL 426-1417

---

pcn    (#)

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient Rivera, Miguel    Reg. # N23881    Date: 9/12/04
Problem Suicidal, Insomnia
ORDER: (Physician's Signature After Last Order)
① Change Trazadone to 150 mg e hs    } x 15 days
② Trazadone 50 mg 9Am    } Dot C+F
③ Trazadone 50 y Now

DEA/Illinois Lic. # _____    Physician (Print) B.VARANASI
☐ May Substitute    M.D.
☐ May Not Substitute    M.D.
DCA 7000    Noted by: a Dumel    Date: 9-12-04
IL 426-1417

---

pCN    4/F

**State of Illinois**
**Dept. of Corrections**    (#)

**PRESCRIPTION ORDER**
Chart Copy (Not a prescription)

Patient Rivera - Miguel - Reg. # N 23881    Date: 9.8.04
Problem Depression
ORDER: (Physician's Signature After Last Order) Trazadone - 100 mg hs
Dot. Crush/float    from Stock    D/c 10.8.04

DEA/Illinois Lic. # _____    Physician (Print) NUALLABHANENI
☐ May Substitute    M.D.    4b
☐ May Not Substitute Nuallghca    M.D.
DCA 7000    Noted by: _____    Date: 9/8/04
IL 426-1417

Illinois Department of Corrections

## Health Status

| | |
|---|---|
| Nar. | N23881 RIVERA, MIGUEL |
| | Age: 37 DOB: 10/28/1964 |
| Nur. | Race: WHI Sex: M |
| | JRC 01/18/2002 39 |
| Age: | |

**Transferring Facility:** JRC/JOL

**Date:** 1/31/02

**Time:** (AM) PM

**Allergies:** PCN    **Food Handler Approved:** Y / N    PPD 14 mm

**Current Acute Conditions/Problems:**

**Chronic Conditions/Problems:** Depression - Bronchitis - Sinusitis - Headaches Chronic

**Current Medications - Name, Dosage, Frequency, Duration:**

**Acute Short-term Medications:** 1/30/02 Biaxin 500mg BID X 7d.
Motrin 400mg Q8° prn X 2 weeks    Saline nasal spray Q6° prn

**Chronic Long-term Medications:**

**Chronic Psychotropic Medications:** 1/25/02 Risperdol 1 mg BID X 30d.
Trazadone 100mg po QHS X 30 days

**Current Treatments:**    **Dietary Restrictions:**

**Follow-up Care Needed:** Psych Flu — INH Therapy + HIV Counseling

**Chronic Clinics:** INH    **Specialty Referrals:**

**Significant Medical History:** H/o head injury - Hx HTN @ meds
SIW 89'

**Physical Disabilities/Limitations:**

**Assistive Devices/Prosthetics:**    **Glasses:** ___ **Contacts:** ___

**Mental Health Issues:** ___ **Hx Suicide Attempt:** ☐ **Date:** __/__/__    **Hx Psych Med** ☐    **Hx MPC/ STC** ☐

| R & C Use Only | | |
|---|---|---|
| ☒ LAB | ☐ EKG | ☒ CXR ☒ Dental ☐ Packet |
| ☐ MEDS | ☒ MH | ☐ Other ☐ Complete |

**Substance Abuse:** Alcohol: ☐ Drugs: ☐

**Signature and Title** ___ RN

---

## Transfer Reception Screening

**Facility:** Menard CC    **Date:** 2/1/02 **Time:** 5 30 AM (PM)

**S: Current Complaint:** none

**Current Medications/Treatment:** Psych + INH

**O: Physical Appearance/Behavior:** Clean + appropriate

**Deformities: Acute/Chronic** none

**T** 98.6 **P** 56 **R** 18 **B/P** 128/74
**A:** stable

**P: Disposition: (Instructions: Check or circle as appropriate)**

1) ☒ Routine, Health Information Given
   ☐ Emergency Referral

2) ☒ Physician Referral:
   ☐ Urgent ☒ Routine
   ☒ Medication Evaluation    INH
   ☐ Therapeutic Diet    Rx written
   ☐ Special Housing
   ☐ Work/Program Limitation
   ☒ Specialty Referrals    seen by MD
   ☒ Chronic Clinics INH
   ☒ Other
   note to ICI for monitoring of INH Therapy (Whitaker)

3) ☐ Infirmary Placement
   Other: AFH 2-2-02 Whitaker

**Signature and Title** ___ 46

46-1

166

07 (72) IL 426-17170

B1.
F2

## STATE OF ILLINOIS · DEPARTMENT OF CORRECTIONS

### MEDICAL PROGRESS NOTES

Facility

Menard CC

Inmate's Name _Rivera, Miguel_     Inmate's Number _N23881_

| Date/Time | S O A | PLANS |
|---|---|---|
| | MD note chronic HA | |
| 2/1/02 | S: Hx of depression | P: ① Priority referral |
| 9 41 Pm | on trazadone + | to Psych "Hx of |
| wt 210 | Risperidol. Hx ⊕ | Depression on |
| 68 | PPD 14mm → needs tx | Trazadone + |
| TB | O: chest clean | Risperidol" |
| 118/70 | LFT's wnc | ② Trazadone 100mg |
| 99.3° | HIV ⊖ | PO qhs POT, |
| | A: Hx depression | crush & float x 5 days |
| | on Rx | ③ INH 900mg PO |
| | ⊕ PPD | 2x/wk till 11/30/02 |
| | | POT |
| | | B₆ 50mg po 2x/wk |
| | | till 11/30/02 |
| | | ④ Adm INH clinic |
| | | |
| | | S. Doughty |
| | | |
| | | Stephen Doughty, MD |
| | | R. William |

4/G-2

16 8
46

Menard Correctional Center
# CRISIS INTERVENTION
Referral/Face Sheet

23881

NAME: Rivera, Miguel NUMBER: N 2 351 CELL ASSIGNMENT: N 2 5-46

Reason for Referral: cut self on @ arm + rt side

Crisis Team Member Interview  Date: 5-18-04  Time: 5:15 PM

SUBJECTIVE: Brought to HCU ē SI scratches Hearing voices
afraid of being hurt I got the shakes. They won't stop.

OBJECTIVE: Crying, hands shaking Fair eye Contact
Long history of being afraid

ASSESSMENT:
alt thought process

PLAN: Refer to mD

Crisis Team Member: O night RN

---

Mental Health Professional/Duty MD Interview   Date: 5-18-04   Time: 5:15 PM

SUBJECTIVE: I am feeling depressed

OBJECTIVE: c̄ Depressed

ASSESSMENT: Depressed c̄ Suicidal ideation

PLAN: Admit

Psychiatric Observation: _____  Close Supervision: _____  Suicide Watch: _____

Mental Health Professional: Wing

## NOTIFICATIONS

Cell House Captain: Lt Zigler        Date/Time: 5-18-04 5:30 pm

Shift Captain: _____        Date/Time: _____

Duty Administrative Officer: Maj Martin   Date/Time: 5-18-04 6:15 pm

Reviewed by Crisis Team Leader: Joseph Hayes, LCSW   Date: 5/18/04

ORIGINAL to Crisis Team Leader for review/signature, to MEDICAL RECORD.
COPY to MASTER FILE

IL4269223
DCA16108
(Revised 3/99)

10



MENTAL HEALTH EVALUATION
MENARD CORRECTIONAL CENTER

NAME: RIVERA, MIGUEL          NUMBER: N23881

DATE: April 23, 2004

REASON FOR REFERRAL: Crisis referral.

SUBJECTIVE DATA: Mr. Rivera was brought over to the Health Care Unit second time during the day. It was informed that he cut his left arm and indicated that he needed special placement. His problems were related to his fear of getting hurt or killed by G.D.'s. This problem has existed for a number of years. He was in seg and also in Protective Custody. He created many problems and crisis in order to be admitted to the Health Care Unit and also accomplish a cell location either in seg or P.C. in order to remain safe. He also reported that he was avoiding going to the dinning room or even buying commissary.

OBJECTIVE DATA AND HISTORY: During the interview he broke into tears. He was extremely fearful, scared and concerned. He spoke about his problems. He still wants to refuse housing in order to go to the Segregation Unit.

ASSESSMENT/DIAGNOSIS (PROVISIONAL/FINAL):

Axis I -- Chronic adjustment disorder with depressed mood.
Axis II -- None.

SUMMARY AND TREATMENT PLAN: He was given Elavil 100 mg. at bedtime and return in one week for follow-up.

N. Vallabhaneni, M.D.          Date
Psychiatrist

NV:kw

cc:   Medical File
     Master File

Approximate date received by WPC: April 23, 2004
Approximate date completed by WPC: May 18, 2004

DCA 7157 (8/1/87)
IL 426-10643

## MEDICAL SUMMARY

Resident's Name: Rivera Miguel  Resident's Number: N23881

Age: 41  Birthdate: 10-28-64  Sex: M  Race: Hisp

Date Hospitalized: 6/28/5  Date Discharged: 7-1-05

**Active Problems/Diagnosis:**
Dx Generalized Anxiety Disorder.

**Subjective/Objective (Brief History):**

                                    U/S E Alert, oriented x 3

   **Operations**                    TC Slow, cautious TP organized

                                      SI/HI Θ  AH/VH Θ

   **Laboratory and X-ray Data:**

   **Complications:**

**Assessment and Prognosis:** Poor problem solving and coping skills worsened by anxiety disorder

**Plan:**

   **Medications:** Prozac 20 mg hs
                            Trazadone 100 mg hs

   **Treatment:**

   **Follow-Up:** Psychiatry and psychology TP follow

---

**RESULT:**  ( ) Recovered  (✓) Improved  ( ) Not Improved  ( ) Not Treated

    7-1-05
_____  _____  **MD**
      **Date**

DC7104-14
9-78

4/ A + B
   2

EXHIBIT-D. # 5.

July 24, 2007.                    (1)

Dear Heather,

(this is a copy.)


I hope and pray that when you do
Receive this letter. that you and your other
kids is in the best of health, and good
spirits. as far as My self I am doing
good and I'm still fighting for My freedom
in this wrongful-conviction, and wrongful
sentenceing of kidnapping. that you
Truely know I did not committed Heather
and I have Received a letter from your
father Don carson, talking bad about
you. But I hope and pray that you will
tell Mike I am sorry. please forgive
me,

Heather. I giveing my life over to god
and I been go doing Bible study 4 1/2 yrs
now. and this letter to you is a important
letter, you know deep in your heart that
my son orlonzo, ... needs me badly,
to be a real father to him. and help him
I Just can't believe what you let that happen
I'm not going to Judge you. it's not my
place to, and in alot of ways I
feel sorry for you and them kids.
and I hope to god that you will get
                                    over,

your self together no one can't help you, But god and your self, and I pray that them kids have not been destroyed and disapointed in life... and you do know that if orlongo go live with my sister that will be the best thing for him, you know that orlongo will be taking care of and deeply loved and even if I am doing this wrongful time, I will pull a rabbit out of a hat to get help to support my son as much as I can ... and you know tom will all ways help me, I have to write to orlongo case worker. to get his side in shoes and clothing. I am sending him some things for his B-day, and for christmas to. I will come last like always But god will see me through and help me, But anyways. I pray that you will write a letter telling the god's truth. that you and your too kids lived with me as a family, you do know you did tell the jury at trial you and your kids was not kidnapped and you did tell that lady Det. Karen, skipper, the same too. so I hope and pray you will do whats Right for orlongo sake please heather, its a real so shame that orlongo don't know that I am his father heather. But I do promise he will learn I am his true father, and I truely do pray that you do

learn to stop living w people and
stop be living the wrong way of life.
I am even sorry for what I did wrong to you
and I don't blame you, everybody blames
your father, and you a little bit. but
Judgment day is coming. I hope and pray
you do understand god is real serious,
will I hope and pray that you will mail
me a statement like you did befor and
if not I don't beleive you care for orlonzo
for him to be with me taking care of
him, I pray you will tell how they
set me up in court and my attorney
the truth weather clean your soul
your geting to old now to live this
this go way neather, take care
and may the lord Jesus chrirt and
the father god help you and them kids.
July 2, 2007
C.C.
Sincerely,

Miguel Rivera #64650
CNMCF/CNMRC/APA-1-B-F-112
P.O. Drawer-1328
Los Lunas, N.M. 87301.

**PLAN REVIEW REPORT** — **PARENT**    REVIEW DATE: April — 08.

RECEIVED

MAR 1 4 2008

WOOD CO. DEPT.
____ SOCIAL SERV.

COPY

NAME: Orlonzo Rivera        DOB: 11/08/2000

(1) What have you been told is the plan for your child?
Return home, long-term foster care, adoption, emancipation, other, nothing

I fell maria Rivera an her family
Are wonderful People. I know she loves Orlonzo
to bad I am getting more mentallyill.

(2) Do you agree with the plan? Why?
I fll maria is wonderful

(3) ...g given to you and your child to achieve the plan...

first off I want
to say let Josh
be with me at all
...allows
the board needs to
...with them

How does your child get along with the people where he, she lives?
...loves maria    Maria Loves Orlonzo...

Has your child visited since placement in alternate care...
...does the child react to these visits?

H. Carson
1150. 16th N. #2A
Wisconsin Rapids
WI, 54494

CENTRAL WI ____ 544
12 OCT 2007 PM 1 L

Miguel Rivera
Inmate# 64650
CNMCF/CMQU/Unit# APA-____
P.O. Drawer 1328
los Lunas, NM 87031

turn
over
N BACK TO
Please,

WCDSS 1/02



children. I kill God. BA I love all
6 of my son's and having them.
Whoudent be love. Because i Know
I cant take Care of them
my mood swings Are to wild And
as I'm getting older its worse
Orlonzo aready has Promblems And
ne needs a stable invianment.
I don't fill I'll ever be normal.
Naving 6 Kids is not normal when
you dont plan. And its not fair to
them my actions are to supon tainous
mouing all the time, different men
of the month, I had my children
live in many homes. and seen
Many men. its not fair to them.
They deserve a wonderful life.

I Love you Orlonzo

Heather

(2.)

EXHIBIT-F #6.

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK   )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,   )
      Plaintiff-Respondent,          )        01 CR 2646
                                    )        No.  ~~93 CR 25151~~
     vs.                          )
                                    )        Hon. Marjorie Laws,
MIGUEL RIVERA,                      )        Judge Presiding.
      Defendant-Petitioner.          )

---

### ORDER

    This matter having come before the Court on motion of counsel for Defendant, all parties having been duly notified, it is hereby ordered that counsel for Defendant-Petitioner is hereby authorized to subpoena any and all health records pertaining to MIGUEL RIVERA from the following agencies:

1.    Any healthcare provider in Illinois;

2.    Illinois Department of Corrections;

3.    Cook County Department of Corrections;

4.    The United States Social Security Administration.

ENTERED

MAR 23 2005
CLERK OF CIRCUIT COURT
CRIMINAL DIVISION

ENTERED: *Marjorie C. Laws*
        **Judge Marjorie Laws**
Date:       **March 23, 2005**

---

**OFFICE OF THE CIRCUIT COURT CLERKS OF COOK COUNTY**
**2650 S. CALIFORNIA-5TH FLOOR**
**CHICAGO, ILLINOIS 60608**
**(773) 869-3143**

*Tam.*

**DATE:** SEPTEMBER 18, 2006

|                                             |     |
|---------------------------------------------|-----|
| **PETITIONER**                              | )   |
|                                             | )   |
| **VS.**                                     | )   |
|                                             | )   |
| **THE PEOPLE OF THE STATE OF ILLINOIS**     | )   |
| **RESPONDENT**                              | )   |
|                                             | )   |

**CASE NO:** 01CR-02646-01

**TO:** MIGUEL RIVERA #64650

**ADDRESS:** LEA COUNTY CORR. FACILITY AT HOBBS
6900 WEST MILLEN

**CITY & STATE** HOBBS, NM 88244

### NOTICE

**Pursuant to Illinois Supreme Court Rule 651, as Amended and Adopted on January 25, 1996, and effective the same day to read as follows:**

**"You are hereby notified that on** SEPTEMBER 14, 2006 **the court entered an order, a copy of which is enclosed herewith. You may have a right to appeal. In the case of an appeal from a post-conviction proceeding involving a judgment imposing a sentence of death, the appeal is to the Illinois Supreme Court. In all other cases, the appeal is to the Illinois Appellate Court in the district in which the circuit court is located. If you are indigent, you have a right to a transcript of the record of the post-conviction proceedings and to the appointment of counsel on appeal, both without cost to you. To preserve your right to appeal you must file a notice of appeal in the trial court within 30 days from the date the order was entered."**

Clerk of the Circuit Court

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT- CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
                  VS. )    **CASE NO.**  01CR-02646-01
    MIGUEL  RIVERA #64650 )
                          )

## CERTIFIED REPORT OF DESPOSITION

**The following disposition was rendered before the Honorable Judge**   MARJORIE C.LAWS

STATE's MOTION TO DISMISS DEFENDANT's POST-CONVICTION PETITION

IS ALLOWED.

I hereby certify that the foregoing has been entered of record on the above captioned case.

Date    SEPTEMBER 18,2006

_Darnett Brown_
**Clerk of the Circuit Court**

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**FILE/POST CONVICTION**

ENTERED
JUDGE MARJORIE LAWS-1698
• SEP 14 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**TO THE APPELLATE COURT OF ILLINOIS**
**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT-CRIMINAL DIVISION**

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | No. 01 CR 264601 |
| vs. | ) | |
| | ) | Hon. Marjorie Laws, |
| MIGUEL RIVERA, | ) | Judge Presiding. |
| Defendant-Petitioner. | ) | Attorney: Cook County Public Defender |

---

## NOTICE OF APPEAL

    Appeal is taken from the order or judgment entered in the Circuit Court of Cook County dismissing/denying Defendant-Petitioner's petition seeking post-conviction relief/habeas corpus/new-evidence relief:

Appellant's Name:      Miguel Rivera, N.M.# 64650

Appellant's Address      Lea County Correctional Facility at Hobbs
                             6900 West Millen
                             Hobbs, NM 88244

Appellant's Attorney: Cook County Public Defender
                             69 W. Washington, 15th Floor, Chicago, Il. 60602
                             312-603-0600

Date of Judgment:                **Edwin A. Burnette**
September 14, 2006             Cook County Public Defender
                             Counsel for Appellant
                             By:
                                Andrea Monsees
                                Assistant Public Defender

Dates to be transcribed: **2003:** 12/09; **2004:** 01/09, 01/23, 02/20, 02/25, 03/25, 06/08, 06/11; 08/12, 08/17, 09/21, 1202; **2005:** 03/03, 03/22, 03/23, 05/17, 05/31, 06/03, 07/27 08/18, 09/13, 09/27, 11/29; **2006:** 01/04, 02/02, 03/09, 03/15, 03/21, 04/05,  06/29, 07/27, 08/01, 09/14.

Judge: _Marjorie C. Laws 1694_

Date: _9 - 14 · 06_

*ExHiBiT - G # 7.*

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

FILED
CR-706

JUN 2 9 2006

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ( | |
| **Respondent** | ( | |
| vs. | ( | **CASE NO. 01CR2646** |
| | ( | **HONORABLE MARJORIE LAWS** |
| MIGUEL RIVERA | ( | **Judge Presiding** |
| **Petitioner** | ( | |

## MOTION TO DISMISS
### *PRO SE* AND SUPPLEMENTAL PETIONS
### FOR POST-CONVICTION RELIEF

Now come the People of the State of Illinois, by and through their attorney Richard A. Devine, State's Attorney of Cook County, Illinois, through his assistant, Carol Rogala, and respectfully move this Honorable Court to dismiss the instant petition filed in the above-captioned case. In further support thereof, the People state as follows:

### OVERVIEW

Petitioner's *pro se* claims lack the proper factual or documentary support and may be dismissed on that basis alone. Petitioner's claims of ineffective assistance of trial counsel likewise fail because petitioner fails to demonstrate a *bona fide* doubt as to his fitness for trial or that the jury should have been instructed on the lesser-included offense of unlawful restraint. Petitioner's passing mention of appellate counsel's incompetence is properly dismissed because petitioner fails to make any argument on this claim.

### PROCEDURAL HISTORY

Petitioner was convicted of three counts of aggravated kidnapping and one count of aggravated battery following a jury trial. On January 17, 2002, the Honorable Edward M. Fiala, Jr., sentenced petitioner to concurrent 40-year prison terms on the kidnapping charges and a

concurrent term of five years on the aggravated battery charge.  On March 14, 2003, the appellate court affirmed the trial court's order in an unpublished order pursuant to Supreme Court Rule 23.  People v. Rivera, No. 1-02-0699.  Leave to appeal to the Illinois Supreme Court was denied on October 3, 2003.  The only issue raised on appeal was whether the trial court erred in denying petitioner's *pro se* post-trial motion alleging ineffective assistance of counsel due to the trial court's failure to investigate the allegation and appoint new counsel.

On November 17, 2003, petitioner filed a *pro se* petition under the Post-Conviction Hearing Act. 725 ILCS 5/122-1 et. seq. (West 2003).  Petitioner alleges that trial counsel was ineffective in several ways: 1) failing to request a Batson hearing; 2) failing to present testimony of an alibi witness; 3) failing to request a new trial hearing; 4) failing to argue that petitioner lacked the capacity to form the requisite intent to commit aggravated kidnapping and aggravated battery; 5) failing to investigate and present available mitigating evidence. (*Pro Se* Petition at 3) Petitioner also alleged that his extended-term sentence is unconstitutional because he was sentenced with out the benefit of mitigating evidence trial counsel failed to discover. (*Pro Se* Petition at 3) Petitioner finally challenged the extended-term penalty statute as unconstitutional. (*Pro Se* Petition at 3)

On July 27, 2005, appointed counsel filed a first supplemental petition alleging that trial counsel was ineffective for failing to secure a jury instruction on the lesser included offense of unlawful restraint.

On March 9, 2006, appointed counsel filed a second supplemental petition alleging that trial and appellate counsel were ineffective for failing to challenge petitioner's extended-term sentence.  In addition, petitioner alleges that a *bona fide* doubt existed at the time of his trial that he was fit for trial resulting in a due process violation.  Petitioner further alleges trial counsel was

2

ineffective for failing to investigate and present petitioner's mental health status to the trial court for a fitness determination and/or to the jury as an insanity defense or as a means to contest the *mens rea* related to the charges of which the petitioner was convicted.

## STATEMENT OF THE FACTS

On the morning of August 28, 2000, Michael Ostrowski was leaving his condominium building at 6166 Granville in Chicago. (R, B-15)  Heather Carson, a former girlfriend, was located in the upstairs bedroom asleep with her and Mr. Ostrowski's two children. (R, B-20) The defendant, later identified as Miguel Rivera, also had relations with Mrs. Carson, who was currently pregnant with his child. (R, B-47)

At approximately 6:00 a.m., Rivera confronted Mr. Ostrowski outside of his condominium building at 6166 Granville in Chicago. (R, B-17)  Rivera asked Mr. Ostrowski if he could see Mrs. Carson. (R, B-17)  Mr. Ostrowski escorted Rivera into the building and both men then proceeded onto the elevator up to Mr. Ostrowski's condominium. (R, B-18)  Once at the residence, Mr. Ostrowski instructed Rivera to wait at the door while he went up the stairs to inform Mrs. Carson of Rivera's presence. (R, B-18)  Rivera dismissed these instructions and began following Mr. Ostrowski up the stairs toward the bedroom where Mrs. Carson was located. (R, B-19)  While following Mr. Ostrowski to the bedroom, Rivera stabbed Mr. Ostrowski in the back with a knife. (R, B-19)  Mr. Ostrowski went through the bedroom door where Mrs. Carson and the children were located. (R, B-20)  Rivera then proceeded to stab Mr. Ostrowski again in the chest. (R, B-20)  At this point, Mrs. Carson awoke and saw Rivera and Mr. Ostrowski next to her and the children, Isaiah and Nicholas Ostrowski. (R, B-49)

Rivera then shouted at Mrs. Carson asking if she had intercourse with Mr. Ostrowski. Mrs. Carson denied this allegation and Rivera then slapped her in the face. (R, B-50)  During this

3

period, Mrs. Carson noticed the blood on Mr. Ostrowski. (R, B-53) At this point, Mr. Ostrowski also realized that he had been stabbed. Mr. Ostrowski then panicked and exited the room. (R, B-53) Mr. Ostrowski made his way out of the apartment and down to the lobby of the building. (R, B-21) The doorman of the building observed Mr. Ostrowski bleeding in the lobby of the building. (R, B-124) Mr. Ostrowski approached the doorman and told him that a man with a gun had stabbed him. (R, B-125) Mr. Ostrowski also stated that the same man was on his way down from his apartment and was going to kill him and/or the doorman. (R, B-125) The doorman then proceeded to dial 911 and contact the Chicago Police Department. (R, B-125, 126)

Back in the condominium, Rivera demanded that Mrs. Carson come with him. (R, B-54) Mrs. Carson refused and in return Rivera proceeded to grab and pull Mrs. Carson's hair. (R, B-54) Rivera then grabbed her son, Nicholas Ostrowski, and put the knife up to his throat. Rivera threatened to kill the child if Mrs. Carson did not go with him. (R, B-54, 55) Rivera also grabbed Mrs. Carson's other child by his arms so that his feet were dangling from the ground. (R, B-55) Mrs. Carson, in fear for her children's safety as well as her own safety, agreed to go with Rivera, who continued to possess the knife throughout the event. (R, B-56)

Rivera then forced the two children and Mrs. Carson through the back door of the condominium, down the back stairs, and out of the building. (R, B-56, 57) The doorman of the building observed the two children, Mrs. Carson, and Rivera exiting the backdoor of the building. (R, B-127) The doorman also noticed that Mrs. Carson was screaming and Rivera's arm was locked together with Mrs. Carson's arm. (R, B-127)

Rivera then forced the two children into the car and abruptly left the area. (R, B-57) While in his car, Rivera threatened the life of Mrs. Carson's children if she tried to escape from

4

the car. (R, B-57)  Rivera also asked Mrs. Carson again if she had intercourse with Mr. Ostrowski and then proceeded to put his hand on her vagina. (R, B-58)

Four months later, Rivera was arrested by the Chicago Police Department for this incident.

## ARGUMENT

In order to be entitled to post-conviction relief, petitioner must establish a violation of a federal or state constitutional right in the proceedings that produced the judgment being challenged.  People v. Tenner, 175 Ill.2d 372, 677 N.E.2d 859 (1997).  A post-conviction proceeding is not a direct appeal, but rather a collateral attack on a judgment of conviction.

Petitioner is not entitled to an evidentiary hearing as a matter of right. People v. Hobley, 182 Ill.2d 404, 696 N.E.2d 313 (1998).  Rather, a hearing is required only if petitioner makes a substantial showing, based on the record and supporting affidavits, that his constitutional rights were violated. Tenner, 175 Ill.2d 372, 677 N.E.2d 859 (1997).

**I.  PETITIONER'S *PRO SE* CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL LACK THE FACTUAL AND DOCUMENTARY SUPPORT REQUIRED FOR POST-CONVICTION RELIEF.**

All of petitioner *pro se* allegations of ineffective assistance of trial counsel fail to establish a substantial violation of a constitutional right because petitioner has failed to properly support his allegations with factual allegations and/or required documentation.  The failure to either include these necessary items or explain their absence constitutes a fatal defect in the petition. People v. Collins, 202 Ill. 2d 59, 728 N.E.2d 195 (2002).  Furthermore, claims based on conjecture and speculation cannot support a finding of ineffective assistance of counsel. People v. Gosier, 165 Ill. 2d 16, 649 N.E.2d 364 (1995).

5

First, petitioner makes an unsupported allegation that trial counsel was ineffective for failing to request a Batson hearing. Petitioner fails to provide any facts or argument to support this allegation; he does nothing more than include the claim in a laundry list of trial counsel's alleged failures. Bare contentions without argument or citation to authority do not merit consideration. People v. Perea, 347 Ill.App.3d 26, 807 N.E.2d 26 (1st Dist. 2004), citing Obert v. Saville, 253 Ill.App.3d 677, 624 N.E.2d 928 (2nd Dist. 1993). Thus, the court should dismiss this claim.

Second, petitioner claims that trial counsel was ineffective for failing to call a witness. Petitioner alleges that attorney Richard Duffin would have testified to impeach the victim in the case, Heather Carson, on whether she saw petitioner with a knife (*Pro se* petition at page 2) and on the ultimate issue of whether she was kidnapped. (*Pro se* petition at page 3) Petitioner fails to provide an affidavit from Mr. Duffin. Instead, petitioner has attached a letter from Mr. Duffin which only indicates he spoke to trial counsel about the case. Nothing in the letter supports petitioner's allegations regarding the substance of Mr. Duffin's trial testimony had he been called at trial. When a post-conviction petitioner attacks the competency of his trial counsel for failing to call a witness, he must attach an affidavit from that witness and he must explain the significance of the witness's testimony. The petitioner's affidavit showing the potential testimony of the witnesses, by itself, is insufficient. The petitioner must attach to his petition for post-conviction relief affidavits from the witnesses themselves showing their potential testimony. People v. Guest, 166 Ill.2d 381, 655 N.E.2d 873 (1995).

Petitioner's failure to attach an affidavit from Mr. Duffin is fatal to this claim of ineffective assistance of counsel.

6

Third, petitioner claims ineffective assistance of counsel for failing to request a new trial hearing. Petitioner's claim is clearly refuted by the record. Trial counsel filed and argued a motion for a new trial, which was denied by the trial court. (R, D-3). Therefore, petitioner's claim that trial counsel was ineffective for failing to request a new trial hearing should be dismissed because the record clearly refutes petitioner's allegation.

Fourth, petitioner claims trial counsel failed to argue that petitioner lacked the mental capacity to form the requisite intent to commit aggravated kidnapping and aggravated battery. Once again petitioner fails to do anything more than make an unsupported allegation. For that reason, this claim should be dismissed. The People will address the claims related to petitioner's mental capacity raised in the supplemental petitions filed by counsel below.

Fifth, petitioner claims trial counsel was ineffective for failing to investigate and present available mitigating evidence. Specifically, petitioner states that trial counsel failed to investigate petitioner's mental state and present that information in mitigation. However, the record during the sentencing hearing clearly refutes the petitioner's claim. (R, D-22). Specifically, trial counsel states:

> Mr. Rivera as shown by the pre-sentence investigation on page six suffers from depression starting in 1983. He was prescribed with Haldol and he stopped taking that medication when he was released from IDOC in 1997.

> Also he testified he stated in the pre-sentence report he had a problem with alcohol. He started drinking when he was 18. He was drinking six or seven shots of Crown Royal and several cans of beer three to five times a week. He thought he did have a problem with alcohol. I believe that was a factor in this case. (R, D-22)

Petitioner's claim that trial counsel was ineffective for failing to investigate and present available mitigating evidence is clearly refuted by the record, and therefore should be dismissed.

## II.   PETITIONER FAILS TO SHOW A DUE PROCESS VIOLATION BECAUSE HE HAS NOT SHOWN THAT THERE WAS A *BONA FIDE* DOUBT AS TO HIS FITNESS TO STAND TRIAL.

Petitioner claims that he was not fit to stand trial, and therefore his trial, convictions, and sentences violated due process under both the United States and Illinois Constitutions.  (2nd Supplemental Petition at page 4) The due process clauses of the Illinois and United States Constitutions prohibit the prosecution of a defendant who is unfit for trial. Cooper v. Oklahoma, 517 U.S. 348, 116 S. Ct. 1373 (1996); accord People v. Haynes, 174 Ill.2d 204, 673 N.E.2d 318 (1996), People v. Goodman, 347 Ill.App.3d 278, 806 N.E.2d 1124 (1st Dist. 2004. A person is presumed to be fit to stand trial unless a mental or physical problem renders him unable to understand the nature and purpose of the proceedings against him or to aid in his defense. 725 ILCS 5/104-10 (West 2000); People v. Vallo, 323 Ill.App.3d 495, 752 N.E.2d 481 (1st Dist. 2001), citing People v. Murphy, 72 Ill.2d 421, 381 N.E.2d 677 (1978).

To support this claim, petitioner first attached documentation regarding an educational evaluation from the Illinois Department of Corrections.   The evaluation was administered December 14, 1990.  This evaluation regarding the petitioner's educational achievements from over twelve years prior to the relevant time does nothing to support petitioner's claim and does not establish a *bona fide* doubt as to his fitness to stand trial in 2002.

Petitioner next provides documentation from Social Security Administration records that shows the petitioner was receiving benefits in 1999-2001. This documentation likewise does not suggest petitioner was unfit to stand trial.  The mere fact petitioner has limited mental capacity does not by itself raise a *bona fide* doubt of his fitness for trial. See People v. Murphy, 72 Ill. 2d 421, 381 N.E.2d 677 (1978).  Furthermore, petitioner's fitness refers only to his ability to

8

function within the context of a trial such that petitioner maybe fit to stand trial, although his mind is otherwise unsound. See <u>People v. Haynes</u>, 174 Ill.2d 204, 773 N.E.2d 318 (1996)

Petitioner finally provides documentation from the Illinois Department of Corrections regarding the petitioner's medical records. The medical records show that petitioner is currently suffering from depression and has been previously diagnosed with depression. Moreover, the documentation shows that petitioner has received various prescription medications from the Illinois Department of Corrections beginning in 2002 and continuing into the present. The fact petitioner has some mental disturbance, requires psychiatric help, or takes psychotropic medication does not by itself necessarily raise a *bona fide* doubt as to petitioner's fitness for trial. <u>People v. Damico</u>, 309 Ill.App.3d 203, 722 N.E.2d 194 (2nd Dist. 1999).

The documentation does not suggest that petitioner was unfit to stand trial; instead, it merely provides petitioner's diagnosis after the trial and his current medications. Petitioner's conclusion that he was unfit to stand trial, absent more, is insufficient to require relief.

In addition, the record belies any claim that petitioner did not understand the nature of the proceedings or was unable to assist in his defense. Petitioner exhibited competent and rational behavior at trial. For example, petitioner gave extensive argument in support of his *pro se* motion for a new trial and continuance. This testimony conveys no indication that petitioner did not understand the nature or purposes of those proceedings. (R, D-9)

The petitioner also engaged in colloquies with the trial judge in which he was responsive to the court's inquiry and appropriately acknowledged certain rights. (R, B-150, D-4). Such exchanges do not display any confusion about the nature of the proceedings and, consequently refute petitioner's claim. See <u>People v. Ralon</u>, 211 Ill.App.3d 927, 570 N.E.2d 742 (1st Dist. 1991). Thus, petitioner has failed to establish a *bona fide* doubt as to his fitness to stand trial.

9

Based on the foregoing, the petitioner's *pro se* petition and second supplemental post-conviction petition on the issue of petitioner's fitness for trial should be dismissed because petitioner fails to show a due process violation.

### III.   PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO INVOKE A FITNESS HEARING FAILS UNDER THE STRICKLAND TEST.

Petitioner claims trial counsel was ineffective for failing to apprise the trial judge that a fitness hearing was necessary.   To prevail on a claim of ineffective assistance of counsel, petitioner must show that (1) counsel's performance was so seriously deficient as to fall below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance so prejudiced the petitioner as to deny him a fair trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).  A review of counsel's conduct is performed under a strong presumption that the conduct fell within the wide range of reasonable professional assistance. People v. Steward, 295 Ill.App.3d 735, 693 N.E. 2d. 436 (1st Dist. 1998).

To establish that trial counsel's alleged incompetence prejudiced him within the meaning of Strickland, petitioner must show that facts existed at the time of his trial that would have raised a *bona fide* doubt of his ability to understand the nature and purpose of the proceedings and to assist his defense. People v. Easley, 192 Ill.2d 307, 736 N.E.2d 975 (2000).  Petitioner is entitled to relief only if he shows that the trial court would have found a *bona fide* doubt of his fitness and ordered a fitness hearing had it been appraised of the evidence now offered.  People v. Johnson, 183 Ill.2d 176, 700 N.E.2d 996 (1998).

However, as shown in Section I above, petitioner fails to show that a *bona fide* doubt that he was fit to stand trial existed at the time of trial.  Because petitioner must satisfy both prongs of

the test, the failure to establish either one is fatal to his claim. People v. Ceja, 204 Ill. 2d 332,

358, 789 N.E.2d 1228, 1245 (2003).

> **IV.    BECAUSE NO LESSER-INCLUDED INSTRUCTION
> WAS TENDERED IT IS PRESUMED THAT THE
> DECISION WAS PETITIONER'S AFTER
> CONSULTATION WITH COUNSEL;  TRIAL
> COUNSEL WAS NOT INEFFECTIVE FOR FAILING
> TO SECURE A JURY INSTRUCTION ON A
> LESSER-INCLUDED OFFENSE.**

Petitioner claims ineffective assistance of counsel because trial counsel failed to secure a

jury instruction on the lesser-included offense of unlawful restraint.  Petitioner further alleges

that the decision not to tender the instruction was made without petitioner's consent.  In support

of this claim, petitioner asserts that the record fails to reveal that petitioner, personally, made the

ultimate decision not to tender a lesser-included offense instruction.  (1st Supplemental Petition at

page 3) Petitioner seems to suggest that the trial court was required to inquire whether petitioner

wanted to offer a lesser-included offense instruction.

The People first note that by not raising this issue in his post-trial motion or in his direct

appeal, petitioner has, thus, forfeited the issue for post-conviction review.  People v. Williams,

209 Ill.2d 227, 807 N.E.2d 448 (2004).  Petitioner attempts to avoid the waiver by alleging

ineffective assistance of appellate counsel.  Because he fails to present any argument on this

issue, the court need not consider the claim against appellate counsel.  See Perea, *supra.*

Even if the court were to consider petitioner's claim, no admonition was required. People

v. Medina, 2006 Ill. LEXIS 1085 (June, 2006).  In reaching its conclusion that the record need

not disclose whether a defendant, personally, made the decision not to tender a lesser-included

offense instruction, the Medina court's rationale was guided by People v. Smith, 176 Ill. 2d 217,

223 Ill. Dec. 558 (1997).  There, the appellate court addressed the issue of whether a trial court

11

was required to admonish a defendant regarding his right to testify and a waiver of that right. The Smith court expressed concern that such an admonition would invade the attorney-client relationship and might interfere with defense strategy. Smith, 176 Ill.2d at 235, citing United States v. Martinez, 883 F.2d 750 (9th Cir. 1989), *vacated on other grounds*, 928 F.2d 1470 (9th Cir. 1991).

Similar concern was expressed regarding the lesser-included instruction at issue in Medina. The court acknowledged that an admonishment might influence the defendant to tender an instruction he otherwise would have chosen to forgo. Medina, 2006 Ill.LEXIS 1085 at *21. The appellate court went on to hold that where, as here, no lesser-included offense instruction is tendered, "it may be assumed that the decision not to tender was defendant's, after due consultation with counsel." Medina, 2006 Ill.LEXIS 1085 at *22.

Furthermore, petitioner would not have been entitled to have the jury instructed on the lesser-included offense of unlawful restraint. A lesser included offense is one that is established by proof of the same or less than all of the facts needed to establish the offense charged. See People v. Novak, 163 Ill.2d 93, 643 N.E.2d 762 (1994). A lesser-included offense instruction is only proper if the evidence at trial is such that a jury could have rationally found the petitioner "guilty of the lesser offense, yet acquit him of the greater offense." Medina, 2006 Ill. LEXIS 1085, citing Schmuck v. United States, 489 U.S. 705, 109 S. Ct. 1443 (1989). Where the evidence shows that petitioner is either guilty of the greater offense or not guilty of any offense, an instruction on the lesser-included offense is unnecessary and properly refused. People v. Frampton, 248 Ill.App.3d 238, 618 N.E.2d 541 (1st Dist. 1993).

In Frampton, the defendant was charged with aggravated kidnapping. On appeal, the defendant argued that the trial court erred in refusing the defendant's request to instruct the jury

on the lesser included offense of unlawful restraint. After acknowledging that unlawful restraint is a lesser-included offense of aggravated kidnapping, in that all of the elements of unlawful restraint are included in aggravated kidnapping, the appellate court held that the trial court correctly refused to give the instruction. Frampton, 248 Ill.App.3d at 248. The court noted that the evidence demonstrated that the defendant was either guilty of aggravated kidnapping or not guilty of any offense. Defendant was armed with a weapon during the entire time the victim was secretly confined, throughout the incident, not just when she entered his car as he suggests. If found guilty, defendant committed aggravated kidnapping, which has the element of acting while armed with a dangerous weapon. Were defendant's version to be believed, he was not guilty of any unlawful restraint, since the victim consented to everything.

Similarly, the uncontroverted testimony at trial showed that petitioner was armed with a dangerous weapon when he stabbed the victim's ex-boyfriend in the back and in the chest (R, at B-19-20), when he threatened the life of the victim's son by holding a knife to the child's throat, (R, B-54-55), when he forcefully took the Mrs. Carson and her two small children from the condominium to his car (R, at B-56), and when he told Mrs. Carson that if she tried to leave, he would still have her son (R, at B-57).

Petitioner argued at trial and throughout his *pro se* petition that Mrs. Carson went with him voluntarily and remained with him for a period of time in Florida. If this version of events were to be believed, petitioner is not guilty of unlawful restraint because the Mrs. Carson consented to taking her children and leaving with petitioner. Thus, petitioner would not have been entitled to a have the jury instructed on the lesser-included offense of unlawful restraint and trial counsel was not ineffective for failing to request the instruction.

## V.    THERE WAS NO APPRENDI VIOLATION WHERE PETITIONER'S CRIMINAL HISTORY ALONE SUPPORTS HIS EXTENDED-TERM SENTENCE.

Petitioner claims ineffective assistance of trial and appellate counsel for failing to assert his due process rights by challenging the imposition of an extended term sentence under Apprendi. The Apprendi court stated, **"other than the fact of a prior conviction,** any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. (Emphasis added.); Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

The extended-term sentencing statute in effect at the time petitioner committed the crimes of which he stands convicted, provided that the trial court could consider certain factors as reasons to impose and extended-term sentence. The pertinent factor in this statute as it pertains to this case reads as follows:

> When a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same similar class felony or greater class felony, when such conviction has occurred with 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts. (730 ILCS 5/5-5-3.2(b)(1) (West 2001)

On May 28, 1992, petitioner pled guilty to charges including home invasion and aggravated kidnapping arising out of an incident that occurred on December 19, 1991. Petitioner was sentenced to 12 years imprisonment. Petitioner was paroled on September 20, 1997. (Presentence Investigation Report at p. 3) Even without excluding the time petitioner was in custody on that case, the crimes in the present case occurred on August 28, 2000, well within the statute's 10-year provision for imposing an extended-term sentence.

14

Contrary to petitioner's assertion, <u>Apprendi</u> does not require the fact of a previous conviction to be either pled in the indictment or proved to the jury. Recidivist statutes are specifically excluded from the <u>Apprendi</u> analysis. <u>People v. Douglas</u>, 328 Ill. App. 3d 978, 768 N.E.2d 766 (3rd Dist. 2002). Because an <u>Apprendi</u> challenge would have been fruitless, neither trial nor appellate counsel could be deemed incompetent for failing to challenge petitioner's sentence on that basis. <u>Jones v. Barnes</u>, 463 U.S. 745, 103 S.Ct. 3308 (1983); <u>People v. Tenner</u>, 175 Ill.2d 372, 677 N.E.2d 859 (1997). Therefore, this court should dismiss the petitioner's <u>Apprendi</u> claim because the petitioner's extended term sentence was based entirely on a prior conviction, which is excluded from the <u>Apprendi</u> analysis.

## CONCLUSION

Petitioner fails to establish a substantial violation of any constitutional right. Therefore, he is not entitled to an evidentiary hearing or any other relief. WHEREFORE, the People respectfully request that this Honorable Court dismiss this instant and remove the case from its call.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

BY:

Carol Rogala
Assistant State's Attorney

Carol Rogala
Assistant State's Attorney
Special Litigation Unit
2650 S. California
Room 11C40
Chicago, IL 60608
(773) 869-3365

15

EXHIBIT-H #8.

C.45

1    STATE OF ILLINOIS )
                    )   ss
2    COUNTY OF C O O K )

3            IN THE CIRCUIT COURT OF COOK COUNTY
            COUNTY DEPARTMENT - CRIMINAL DIVISION

4

THE PEOPLE OF THE     )
5    STATE OF ILLINOIS     )
                    )   Case No. 01 CR 2646
6       vs.           )   Charge:   ATT. MURDER
                    )
7    MIGUEL RIVERA       )

8            REPORT   OF   PROCEEDINGS

9         BE IT REMEMBERED that on the 12th day of

10   December, 2001, this cause came on for hearing before

11   the Honorable EDWARD M. FIALA, Judge of said Court,

12   upon the indictment herein, the defendant having

13   entered a plea of not guilty.

14      APPEARANCES:
             HON. RICHARD DEVINE,
15           State's Attorney of Cook County, by
            MR. ARUNAS BUNTINAS,
16           MR. DANIEL TIERNAN,
            Assistant State's Attorneys,
17           Appeared on behalf of the People;

18           MR. FRANK EDWARDS,
            appeared on behalf of the Defendant.

19

20

21

22

23   Kenneth Madoch
     Official Court Reporter
     Circuit Court of Cook County
24   County Department-Criminal Division.



E B   1/1

1     Q   Did you ever see her on the phone?

2     A   No.

3     MR. BUNTINAS: No further questions.

4     MR. EDWARDS: Nothing.

5     THE COURT: You may step down, sir.

6                     (Witness excused.)

7     THE COURT: Call your next witness.

8     MR. TIERNAN: Yes.

9     THE COURT: We're going to hear one more

10 witness and then going to break for lunch. Lunch

11 arrangements have been made in your jury room for you.

12     THE CLERK: Raise your right hand

13                     (Witness sworn).

14     THE CLERK: Please be seated. Keep your voice

15 up so everyone can hear you.

16     MR. TIERNAN: May I proceed?

17     THE COURT: Please inquire.

18     MR. TIERNAN: Thank you.

19          HEATHER CARSON,

20 called as a witness on behalf of the People of the

21 State of Illinois, having been first duly sworn, was

22 examined and testified as follows:

23          DIRECT EXAMINATION

24               BY

Ex B    2/4

1  hysterical.

2        Q    While he was on the phone with his sister,

3  did you have an opportunity to talk to his sister?

4        A    Yes, I did.

5        Q    Did you tell his sister what had happened?

6        A    Not at that time.

7        Q    Why not?

8        A    Because I wanted to check on my kids.

9        Q    Did he say anything to you before you

10 talked to them?

11       A    He told me not to tell her, say you're

12 okay.  I said okay, I'm okay.

13       Q    Why did you do that?

14       A    Because Miguel scares me, I'm scared of

15 Miguel.

16       Q    Were you scared of him when you were

17 talking to his sister, Maria?

18       A    Yes. I didn't know how his family was, if

19 they would stick together or not, if they would be

20 against me or not.

21       Q    Later that same day, did you make a phone

22 call to the detectives investigating this case?

23       A    Yes.

24       Q    Did you tell them anything?

B 60

ExB   3/4

A   I told them I was fine.

Q   Why did you tell them that?

A   My children were in the car, in the car with Miguel. Miguel was trying to hurt me.  On the phone, he said maybe they could trace him.

Q   Let me back up for a second.  When you made the call to the police to tell them you were okay, you were standing outside the car at the pay phone?

A   Yes.

Q   And Miguel was where, inside the car?

A   Uh-hum.

Q   And yes?

A   Yes, with the kids.

Q   And while you spoke to the police, what was this defendant doing in the car?

A   Kind of driving slowly.

Q   Was he driving away from the pay phone?

A   A little bit.

Q   Eventually, within the next couple of days, you left town with this defendant, is that right?

A   Yes.

Q   Where did you go with him?

A   I went to Florida.

Q   And how long did you stay with this

Ex B   4/4

1  him.  He is willing to come to court.

2          MR. EDWARDS:  I spoke to Mr. Duffin

3  previously.  I spoke with him today.  He indicated

4  if he was called to testify, he would testify that

5  Miss Carson in the apartment did not see a knife,

6  which is consistent with her testimony on the

7  stand when she says she saw the knife when

8  Mr. Rivera threw it over the wall and he was

9  leaving out of the apartment.

10          So, therefore, I believe his

11 testimony would have not mitigated the charges

12 against Mr. Rivera; so therefore, I didn't call

13 him.

14          THE COURT:  Is that the reason you would

15 be calling the lawyer, sir?

16          THE DEFENDANT:  Pardon me?

17          THE COURT:  Is that the reason --

18          MR. EDWARDS:  He wants Mr. Duffin to

19 represent him.

20          THE DEFENDANT:  No, no, no.  I didn't say

21 that.  I said I want you to get my witness in.  He

22 has a right to be heard at trial.  That's what I

23 stipulated to you.

24          He told me the same day of trial,

                    *EXHIBIT C*    1/17/02 POST-TRIAL

                              D-5

1          To sustain the charge of aggravated

2   kidnapping, the State must prove the following

3   propositions:

4          First:   That the defendant by force or threat

5   of imminent force carried Heather Carson from one

6   place to another place; and

7          Second:   That the defendant acted knowingly;

8   and

9          Third:   That when the defendant did so, he

10  intended to secretly confine Heather Carson against

11  her will; and

12         Fourth:   That the defendant was armed with a

13  dangerous weapon.

14         If you find from your consideration of all of

15  the evidence that each one of these propositions has

16  been proved beyond a reasonable doubt, you should find

17  the defendant guilty.

18         If you find from your consideration of all

19  the evidence that any one of these propositions has

20  not been proved beyond a reasonable doubt, you should

21  find the defendant not guilty.

22

23

24

Ex A.

C-46

1    To sustain the charge of aggravated

2  kidnapping, the State must prove the following

3  propositions.

4    First:  That the defendant by force or threat

5  of imminent force carried Nicholas Carson from one

6  place to another place; and

7    Second:  That the defendant acted knowingly;

8  and

9    Third:  That when the defendant did so, he

10  intended to secretly confine Nicholas Carson against

11  his will; and

12    Fourth:  That the defendant was armed with a

13  dangerous weapon.

14    If you find from your consideration of all of

15  the evidence that each one of these propositions has

16  been proved beyond a reasonable doubt, you should find

17  the defendant guilty.  If you find from your

18  consideration of all of the evidence that any one of

19  these propositions has not been proved beyond a

20  reasonable doubt, you should find the defendant not

21  guilty.

22

23

24

Ex A2

1        To sustain the charge of aggravated

2    kidnapping, the State must prove the following

3    propositions.

4        First:  That the defendant by force or threat

5    of imminent force carried Isaiah Ostrowski from one

6    place to another place; and

7        Second:  That when the -- and that the

8    defendant acted knowingly; and

9        Third:  That when the defendant did so, he

10    intended to secretly confine Isaiah Ostrowski against

11    his will; and

12        Fourth:  That Isaiah Ostrowski was a child

13    under the age of 13 years who was confined without the

14    consent of his parent or legal guardian.

15        If you find from your consideration of all of

16    the evidence that each one of these propositions has

17    been proved beyond a reasonable doubt, you should find

18    the defendant guilty.

19        If you find from your consideration of all of

20    the evidence that any one of these propositions has

21    not been proved beyond a reasonable doubt, you should

22    find the defendant not guilty.

23

24

Ex 13

1  hysterical.

2          Q   While he was on the phone with his sister,

3  did you have an opportunity to talk to his sister?

4          A   Yes, I did.

5          Q   Did you tell his sister what had happened?

6          A   Not at that time.

7          Q   Why not?

8          A   Because I wanted to check on my kids.

9          Q   Did he say anything to you before you

10  talked to them?

11          A   He told me not to tell her, say you're

12  okay.  I said okay, I'm okay.

13          Q   Why did you do that?

14          A   Because Miguel scares me, I'm scared of

15  Miguel.

16          Q   Were you scared of him when you were

17  talking to his sister, Maria?

18          A   Yes.  I didn't know how his family was, if

19  they would stick together or not, if they would be

20  against me or not.

21          Q   Later that same day, did you make a phone

22  call to the detectives investigating this case?

23          A   Yes.

24          Q   Did you tell them anything?

B 60

Ex-B    3/4

A   I told them I was fine.

Q   Why did you tell them that?

A   My children were in the car, in the car with Miguel. Miguel was trying to hurt me. On the phone, he said maybe they could trace him.

Q   Let me back up for a second. When you made the call to the police to tell them you were okay, you were standing outside the car at the pay phone?

A   Yes.

Q   And Miguel was where, inside the car?

A   Uh-hum.

Q   And yes?

A   Yes, with the kids.

Q   And while you spoke to the police, what was this defendant doing in the car?

A   Kind of driving slowly.

Q   Was he driving away from the pay phone?

A   A little bit.

Q   Eventually, within the next couple of days, you left town with this defendant, is that right?

A   Yes.

Q   Where did you go with him?

A   I went to Florida.

Q   And how long did you stay with this

B 61

Ex B   4/4

1  STATE OF ILLINOIS )
                     )     ss
2  COUNTY OF C O O K )

3          IN THE CIRCUIT COURT OF COOK COUNTY
4            COUNTY DEPARTMENT - CRIMINAL DIVISION

   THE PEOPLE OF THE    )
5  STATE OF ILLINOIS     )
                         )    Case No. 01 CR 2646
6      vs.               )    Charge:   ATT. MURDER
                         )
7  MIGUEL RIVERA         )

8            REPORT   OF   PROCEEDINGS

9          BE IT REMEMBERED that on the 12th day of

10  December, 2001, this cause came on for hearing before

11  the Honorable EDWARD M. FIALA, Judge of said Court,

12  upon the indictment herein, the defendant having

13  entered a plea of not guilty.

14      APPEARANCES:
            HON. RICHARD DEVINE,
15          State's Attorney of Cook County, by
            MR. ARUNAS BUNTINAS,
16          MR. DANIEL TIERNAN,
            Assistant State's Attorneys,
17          Appeared on behalf of the People;

18          MR. FRANK EDWARDS,
            appeared on behalf of the Defendant.
19

20

21

22

23  Kenneth Madoch
    Official Court Reporter
    Circuit Court of Cook County
24  County Department-Criminal Division.

                    B 1

                  E+ B    1/4

1          Q   Did you ever see her on the phone?

2          A   No.

3     MR. BUNTINAS: No further questions.

4     MR. EDWARDS: Nothing.

5          THE COURT:  You may step down, sir.

6                         (Witness excused.)

7          THE COURT:  Call your next witness.

8     MR. TIERNAN: Yes.

9          THE COURT:  We're going to hear one more

10  witness and then going to break for lunch. Lunch

11  arrangements have been made in your jury room for you.

12         THE CLERK:  Raise your right hand

13                        (Witness sworn).

14         THE CLERK:  Please be seated.  Keep your voice

15  up so everyone can hear you.

16         MR. TIERNAN: May I proceed?

17         THE COURT:  Please inquire.

18         MR. TIERNAN: Thank you.

19              HEATHER CARSON,

20  called as a witness on behalf of the People of the

21  State of Illinois, having been first duly sworn, was

22  examined and testified as follows:

23              DIRECT EXAMINATION

24                   BY


                    B 39

                 ExB    2/4

1  hysterical.

2        Q   While he was on the phone with his sister,

3  did you have an opportunity to talk to his sister?

4        A   Yes, I did.

5        Q   Did you tell his sister what had happened?

6        A   Not at that time.

7        Q   Why not?

8        A   Because I wanted to check on my kids.

9        Q   Did he say anything to you before you

10  talked to them?

11        A   He told me not to tell her, say you're

12  okay.  I said okay, I'm okay.

13        Q   Why did you do that?

14        A   Because Miguel scares me, I'm scared of

15  Miguel.

16        Q   Were you scared of him when you were

17  talking to his sister, Maria?

18        A   Yes. I didn't know how his family was, if

19  they would stick together or not, if they would be

20  against me or not.

21        Q   Later that same day, did you make a phone

22  call to the detectives investigating this case?

23        A   Yes.

24        Q   Did you tell them anything?

B 60

ExB    3/4

A   I told them I was fine.

Q   Why did you tell them that?

A   My children were in the car, in the car with Miguel. Miguel was trying to hurt me.  On the phone, he said maybe they could trace him.

Q   Let me back up for a second.  When you made the call to the police to tell them you were okay, you were standing outside the car at the pay phone?

A   Yes.

Q   And Miguel was where, inside the car?

A   Uh-hum.

Q   And yes?

A   Yes, with the kids.

Q   And while you spoke to the police, what was this defendant doing in the car?

A   Kind of driving slowly.

Q   Was he driving away from the pay phone?

A   A little bit.

Q   Eventually, within the next couple of days, you left town with this defendant, is that right?

A   Yes.

Q   Where did you go with him?

A   I went to Florida.

Q   And how long did you stay with this

B 61

Ex B   4/4

1  him.  He is willing to come to court.

2  MR. EDWARDS:  I spoke to Mr. Duffin

3  previously.  I spoke with him today.  He indicated

4  if he was called to testify, he would testify that

5  Miss Carson in the apartment did not see a knife,

6  which is consistent with her testimony on the

7  stand when she says she saw the knife when

8  Mr. Rivera threw it over the wall and he was

9  leaving out of the apartment.

10  So, therefore, I believe his

11  testimony would have not mitigated the charges

12  against Mr. Rivera; so therefore, I didn't call

13  him.

14  THE COURT:  Is that the reason you would

15  be calling the lawyer, sir?

16  THE DEFENDANT:  Pardon me?

17  THE COURT:  Is that the reason --

18  MR. EDWARDS:  He wants Mr. Duffin to

19  represent him.

20  THE DEFENDANT:  No, no, no.  I didn't say

21  that.  I said I want you to get my witness in.  He

22  has a right to be heard at trial.  That's what I

23  stipulated to you.

24  He told me the same day of trial,

EXHIBIT C   1/17/02 post-TRIAL

D-5

1    To sustain the charge of aggravated

2    kidnapping, the State must prove the following

3    propositions:

4        First:  That the defendant by force or threat

5    of imminent force carried Heather Carson from one

6    place to another place; and

7        Second:  That the defendant acted knowingly;

8    and

9        Third:  That when the defendant did so, he

10    intended to secretly confine Heather Carson against

11    her will; and

12        Fourth:  That the defendant was armed with a

13    dangerous weapon.

14        If you find from your consideration of all of

15    the evidence that each one of these propositions has

16    been proved beyond a reasonable doubt, you should find

17    the defendant guilty.

18        If you find from your consideration of all

19    the evidence that any one of these propositions has

20    not been proved beyond a reasonable doubt, you should

21    find the defendant not guilty.

22

23

24

Ex A.

1    To sustain the charge of aggravated

2  kidnapping, the State must prove the following

3  propositions.

4         First:  That the defendant by force or threat

5  of imminent force carried Nicholas Carson from one

6  place to another place; and

7         Second:  That the defendant acted knowingly;

8  and

9         Third:  That when the defendant did so, he

10  intended to secretly confine Nicholas Carson against

11  his will; and

12         Fourth:  That the defendant was armed with a

13  dangerous weapon.

14         If you find from your consideration of all of

15  the evidence that each one of these propositions has

16  been proved beyond a reasonable doubt, you should find

17  the defendant guilty.  If you find from your

18  consideration of all of the evidence that any one of

19  these propositions has not been proved beyond a

20  reasonable doubt, you should find the defendant not

21  guilty.

22

23

24

Ex A2

1    To sustain the charge of aggravated

2  kidnapping, the State must prove the following

3  propositions.

4    First:  That the defendant by force or threat

5  of imminent force carried Isaiah Ostrowski from one

6  place to another place; and

7    Second:  That when the -- and that the

8  defendant acted knowingly; and

9    Third:  That when the defendant did so, he

10  intended to secretly confine Isaiah Ostrowski against

11  his will; and

12    Fourth:  That Isaiah Ostrowski was a child

13  under the age of 13 years who was confined without the

14  consent of his parent or legal guardian.

15    If you find from your consideration of all of

16  the evidence that each one of these propositions has

17  been proved beyond a reasonable doubt, you should find

18  the defendant guilty.

19    If you find from your consideration of all of

20  the evidence that any one of these propositions has

21  not been proved beyond a reasonable doubt, you should

22  find the defendant not guilty.

23

24

What constitutes kidnapping, the initial act itself or the entire length they were gone?

Bienvenido Romero
Foreperson

Please (rely) upon the EVIDENCE & INSTRUCTIONS YOU HAVE RECEIVED.   JUDGE FIDA

C.45



office of the
# COOK COUNTY PUBLIC DEFENDER

69 WEST WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312) 603-0600

**Rita A. Fry • Public Defender**

July 17, 2002

Mr. Miguel Rivera
Reg. No. N-23881
711 Kaskaskia Street
Menard, IL  62259

Re:  Appeal No. 02-0699

Dear Mr. Rivera:

I have been assigned to represent you in the appeal of your
conviction.  If there are arguably meritorious issues, I will file
your brief in the next three months.

Because the appellate process takes time, I want to take this
opportunity to briefly explain how the process works.  The first
part of the process is the briefing process.  I will read the
complete transcript of your trial, determine which issues can be
raised on appeal, research those issues and write a brief based on
my research.  A brief is a legal document stating why the Appellate
Court should change the trial court's decision in one of three
ways: 1) grant a sentence reduction; 2) order a new trial; or 3)
vacate the conviction.  What action the Appellate Court decides to
take depends on the specific facts of each case, however, please be
advised that once you have been convicted, the Appellate Court
**rarely** changes the trial court's decision

After our brief is filed, the State's Attorney will get a
chance to write a brief in response to our brief.  They are
required to file their brief within 35 days after receiving our
brief, but it normally takes them 3 to 9 months to respond.  After
their brief is filed, we have 14 days to respond to their
arguments, if necessary.  Once we file a reply brief the briefing
process is complete.

The case then goes before three Appellate Court justices.  The justices can decide the case based solely on the briefs and the transcript of the trial or they can request that the attorneys argue their position before them.  This is called an oral argument. The Appellate Court does not grant oral argument on every case.  If they do request an oral argument on your case, you will of course be notified.  However, your presence is not required and will not be allowed if you are in custody.

After the judges receive all the briefs and, if requested, hear oral argument, it usually takes them 3 to 9 months to come to a decision.  Again, as soon as a decision has been reached in your case, you will be notified.

Thus, the appeal process can take a year or longer and it will be quite sometime before a decision is made by the Appellate Court regarding your case.  If you have any questions or information on your case, feel free to contact me.

Sincerely,

TODD AVERY SHANKER
Assistant Public Defender

EXHIBIT-I #9.

```
PHU1     DTE:03/18/02  SSN: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              DOC:485 UNIT:PAJ      PG: 001+
STATUS   MBR YES PHUS YES LOU-03/18 DATA FILES YES LOU-03/18
         SSACCS NO  LOU-03/15

ACCOUNT  PCOC-4 NOB-04 BICS-C1 C2 C3 D
```

Social Security checks suspended. last 3 checks 1%/01 - 3/02 have been returned due to incarceration.

```
PERSON   BIC-C1 NAME-MIGUEL RIVERA BOAN-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
MBR FDS  DOC-670 CAD-10/02/00
         PAYEE-  MIGUEL RIVERA
         ADDRESS-602 SE 13 ST            CAPE CORAL FL33990-2130
         LAF-S6 RFST-PRISON NAME-MIGUEL RIVERA DOB-10/28/1964 DOEC-10/82
         ABN-4JBK DOEI-10/75 DOST-02/02 SMI START-09/00 BSPC-U/P
         BSPA-$164.00 BOAN-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 MBC-$164.00 PCI-1
INDCTR   RETURN TO MBR-02/02 RT-Y
PNAD     MIGUEL RIVERA               602 SE 13 ST
         CAPE CORAL FL  33990-2130
+++BIC-C1  TY-01+++
TRANS    RPD-02/06/01 COM-02/01 SSC-B MADCAP
         EVNT-014 RECUR PMT   AMT-$  155.00 ETD-11/00 THRU 12/00 (02)
         EVNT-014 RECUR PMT   AMT-$  160.00 ETD-01/01 THRU 02/01 (02)
         EVNT-044 RCMA CHK    AMT-$  160.00 ETD-03/01

TRANS    RPD-03/22/01 COM-03/01 SSC-Z2 RETURNED CHECK
         EVNT-009 RET CHECK   AMT-$  160.00 ETD-03/01
             RT DISS-03/02/01 RT TOPC-1  RT NO-13854489 RT REA-AD TCTS-3092

TRANS    RPD-12/05/01 COM-12/01 SSC-Z5 RCREACT RECERTIFICATION
         EVNT-014 RECUR PMT   AMT-$  160.00 NULL ETD-04/01 THRU 07/01 (04)
         EVNT-014 RECUR PMT   AMT-$  160.00 NULL ETD-08/01 THRU 11/01 (04)
         EVNT-069 NONRECEIPT **INFORMATIONAL** SSAID-01/03/01 TOA-C TOPC-1
             RFCD RPD-12/10/01 RFCD-K CHK-$  160.00 TDDC-01 TCTN-08683077
             TCTS-3092 LTPD-12/05/01
             DDP RPD-12/11/01 TDSC-31 TFC-2
         EVNT-069 NONRECEIPT **INFORMATIONAL** SSAID-02/02/01 TOA-C TOPC-1
             RFCD RPD-12/10/01 RFCD-K CHK-$  160.00 TDDC-01 TCTN-11278884
             TCTS-3092 LTPD-12/05/01
             DDP RPD-12/11/01 TDSC-31 TFC-2

TRANS    RPD-12/06/01 COM-12/01 SSC-JB RET CHK-REINST
         EVNT-014 RECUR PMT   AMT-$  160.00 NULL ETD-12/01
         EVNT-042 PMA CHK     AMT-$ 1600.00 ETD-12/01
         EVNT-044 RCMA CHK    AMT-$  164.00 ETD-01/02
STM TOT  BENEFITS FOR 2001-$  2080.00     (BOX 3)
             ADD: DIRECT PAY------$  2080.00

         BENEFITS REPAID TO SSA IN 2001-$   160.00     (BOX 4)
             ADD: RETURN CHK------$   160.00

         +++NET BENEFITS FOR 2001-$  1920.00
            +++ (BOX 5=BOX 3 MINUS BOX 4)
+++BIC-C1  TY-02+++
TRANS    RPD-12/06/01 COM-12/01 SSC-JB RET CHK-REINST
         EVNT-014 RECUR PMT   AMT-$  160.00 NULL ETD-12/01
         EVNT-042 PMA CHK     AMT-$ 1600.00 ETD-12/01
         EVNT-044 RCMA CHK    AMT-$  164.00 ETD-01/02

TRANS    RPD-01/11/02 COM-01/02 SSC-Z2 RETURNED CHECK
         EVNT-009 RET CHECK   AMT-$ 1600.00 ETD-01/02
             RT DISS-12/07/01 RT TOPC-2  RT NO-54908217 RT REA-AD TCTS-3091
         EVNT-009 RET CHECK   AMT-$  160.00 NULL ETD-01/02
```

**File Date:** _7- 7- 2 0 0 8_

**Case No:** _O8cv 3848_

**ATTACHMENT #** _Exhibits part 2_

**EXHIBIT** _____

**TAB (DESCRIPTION)**

_____

PHU1    DTE:03/18/02  SSN: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          DOC:485 UNIT:PAJ     PG: 002
                RT DISS-12/07/01 RT TOPC-9  RT NO-99915132 RT REA-DC TCTS-3084

TRANS    RPD-01/14/02 COM-01/02 SSC-Z2 RETURNED CHECK
         EVNT-009 RET CHECK   AMT-$  160.00 NULL ETD-01/02
                RT DISS-12/07/01 RT TOPC-9  RT NO-99915131 RT REA-DC TCTS-3084

TRANS    RPD-02/11/02 COM-02/02 SSC-Z2 RETURNED CHECK
         EVNT-009 RET CHECK   AMT-$  164.00 ETD-02/02
                RT DISS-01/03/02 RT TOPC-1  RT NO-41151082 RT REA-AD TCTS-3092
MBR PMT  EVNT-014 RECUR PMT  AMT-$  164.00 ETD-02/02
STM TOT  BENEFITS FOR 2002-$   328.00    (BOX 3)
             ADD: DIRECT PAY------$   328.00

         BENEFITS REPAID TO SSA IN 2002-$  1764.00     (BOX 4)
             ADD: RETURN CHK------$  1764.00

         +++NET BENEFITS FOR 2002-$  1436.00
         NEG+++  (BOX 5=BOX 3 MINUS BOX 4)

*** REC 2002077   095635 HA8217E0 ANSF   CIPQYA4   PO## (F-ANS ) ***

```
TPQY   DTE:03/18/02  SSN: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              DOC:485 UNIT:PAJ      PG: 001
STATUS   MBR YES LOU-03/18 SSACCS NO   LOU-03/15 SSR YES LOU-10/23/97
INPUT SOCIAL SECURITY NUMBER 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     NAME M RIVER     USER CODE PAJ
TPQY CONFIDENTIAL SOCIAL SECURITY DATA - CLAIM NUMBER 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A
INDIVIDUALS OWN SOCIAL SECURITY NUMBER: 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
     MIGUEL RIVERA MALE BORN:10/28/64
     MIGUEL RIVERA          2404 W LYNDALE          CHICAGO IL 60647
PAYMENT STATUS CODE: N -BENEFITS DISALLOWED OR DENIED
NET MONTHLY BENEFIT IF PAYABLE: $0.00
INPUT SOCIAL SECURITY NUMBER 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     NAME M RIVER     USER CODE PAJ
TPQY CONFIDENTIAL SUPPLEMENTAL SECURITY INCOME DATA ON 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
     MIGUEL RIVERA MALE BORN:10/28/64 ELIGIBLE:09/1997
APPLICATION DATE: 09/22/1997 TYPE OF PERSON: DISABLED INDIVIDUAL
MAILING ADDRESS:
     MIGUEL RIVERA          COOK COUNTY DEPARTMENT OF CORRECTIONS
     DV 5 ADMINISTRATION    2700 S CALIFORNIA       CHICAGO IL 60608
RESIDENCE:
     2700 S CALIFORNIA AVE  CHICAGO IL 60608
NET CURRENT BENEFIT FOR 03/01/2002 - FED AMT:  $0.00 STATE AMT:  $0.00
PAYMENT HISTORY OF NET BENEFITS PAID:
DATE:        FEDERAL AMT:   STATE AMT:   TYPE OF PAYMENT:
 01/01/2002  $     0.00     $     0.00   NONE MADE
 04/01/2001  $     0.00     $     0.00   NONE MADE
 03/01/2001  $   365.00     $     0.00   RETURNED
 03/01/2001  $    25.00     $     0.00   OVERPAYMENT RECOVERY
PAYMENT STATUS CODE: T31 - TERMINATED BY SYSTEMS ACTION EFFECTIVE    05/2002
 DISABLED
INPUT SOCIAL SECURITY NUMBER 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     NAME M RIVER     USER CODE PAJ
***INFORMATION***
***D O REVIEW REQUIRED***
ENTITLEMENT DISCREPANCY BETWEEN MBR & SSR:
  PERSONS MBR CAN/BIC DISCREPANT
  --SSR REFERENCES MBR CAN: 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C1
```

*SSI terminated no pmts since 2/01* (handwritten)

TRANS     RPD-01/14/02 COM-01/02 SSC-Z2 RETURNED CHECK
          EVNT-009 RET CHECK   AMT-$  160.00 NULL ETD-01/02
              RT DISS-12/07/01 RT TOPC-9   RT NO-99915131 RT REA-DC TCTS-3084

TRANS     RPD-02/11/02 COM-02/02 SSC-Z2 RETURNED CHECK
          EVNT-009 RET CHECK   AMT-$  164.00 ETD-02/02
              RT DISS-01/03/02 RT TOPC-1   RT NO-41151082 RT REA-AD TCTS-3092
MBR PMT   EVNT-014 RECUR PMT   AMT-$  164.00 ETD-02/02
STM TOT   BENEFITS FOR 2002-$   328.00    (BOX 3)
              ADD: DIRECT PAY------$   328.00

          BENEFITS REPAID TO SSA IN 2002-$  1764.00     (BOX 4)
              ADD: RETURN CHK------$  1764.00

          +++NET BENEFITS FOR 2002-$  1436.00
          NEG+++ (BOX 5=BOX 3 MINUS BOX 4)

```
***   REC 2002077   09561 HA8217E0 ANSF  CIPQYA4  R 4   (F-ANS )   ***

TPQY   DTE:03/18/02  SSN: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            DOC:485 UNIT:PAJ    PG: 001
STATUS   MBR YES LOU-03/18 SSACCS NO  LOU-03/15 SSR YES LOU-10/23/97
INPUT SOCIAL SECURITY NUMBER 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     NAME  M RIVER     USER CODE PAJ
TPQY CONFIDENTIAL SOCIAL SECURITY DATA - CLAIM NUMBER 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A
INDIVIDUALS OWN SOCIAL SECURITY NUMBER: 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
   MIGUEL RIVERA MALE BORN:10/28/64
   MIGUEL RIVERA      2404 W LYNDALE        CHICAGO IL 60647
PAYMENT STATUS CODE: N -BENEFITS DISALLOWED OR DENIED
NET MONTHLY BENEFIT IF PAYABLE: $0.00
INPUT SOCIAL SECURITY NUMBER 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     NAME  M RIVER     USER CODE PAJ
TPQY CONFIDENTIAL SUPPLEMENTAL SECURITY INCOME DATA ON 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
   MIGUEL RIVERA MALE BORN:10/28/64 ELIGIBLE:09/1997
APPLICATION DATE: 09/22/1997 TYPE OF PERSON: DISABLED INDIVIDUAL
MAILING ADDRESS:
   MIGUEL RIVERA          COOK COUNTY DEPARTMENT OF CORRECTIONS
   DV 5 ADMINISTRATION    2700 S CALIFORNIA      CHICAGO IL 60608
RESIDENCE:
   2700 S CALIFORNIA AVE  CHICAGO IL 60608
NET CURRENT BENEFIT FOR 03/01/2002 - FED AMT:  $0.00 STATE AMT:  $0.00
PAYMENT HISTORY OF NET BENEFITS PAID:
DATE:        FEDERAL AMT:   STATE AMT:    TYPE OF PAYMENT:                   SSI
01/01/2002  $    0.00     $    0.00    NONE MADE                    | terminate
04/01/2001  $    0.00     $    0.00    NONE MADE                    | no pmts
03/01/2001  $  365.00     $    0.00    RETURNED                     | since
03/01/2001  $   25.00     $    0.00    OVERPAYMENT RECOVERY         | 2/01
PAYMENT STATUS CODE: T31 - TERMINATED BY SYSTEMS ACTION EFFECTIVE   05/2002
  DISABLED
INPUT SOCIAL SECURITY NUMBER 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     NAME  M RIVER     USER CODE PAJ
***INFORMATION***
***D O REVIEW REQUIRED***
ENTITLEMENT DISCREPANCY BETWEEN MBR & SSR:
  PERSONS MBR CAN/BIC DISCREPANT
  --SSR REFERENCES MBR CAN: 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C1
```

Department of the Treasury -- Internal Revenue Service

**Form 1040** | **U.S. Individual Income Tax Return** | **2000** | (99) IRS Use Only — Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 2000, or other tax year beginning _____ , 2000, ending _____ , 20 ___ | OMB No. 1545-0074

Use the IRS label. Other-wise, please print or type.

MIGUEL RIVERA #N-23881

PONTIAC C.C. P.O. BOX 99
PONTIAC IL 61764

**Your social security number**
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

**Spouse's social security no.**

▲ You must enter ▲
your SSN(s) above.

**Presidential Election Campaign** ▶ Note. Checking "Yes" will not change your tax or reduce your refund.
Do you, or your spouse if filing a joint return, want $3 to go to this fund? ............ ▶ | You ☐ Yes ☒ No | Spouse ☐ Yes ☐ No

**Filing Status**

Check only one box.

| 1 | X | Single |
|---|---|---|
| 2 | | Married filing joint return (even if only one had income) |
| 3 | | Married filing separate return. Enter spouse's SSN above & full name here. ▶ |
| 4 | | Head of household (with qualifying person). (See inst.) If the qualifying person is a child but not your dependent, enter child's name here. ▶ |
| 5 | | Qualifying widow(er) with dependent child (yr. spouse died ▶ _____ ). (See instructions.) |

**Exemptions**

| 6a | X | **Yourself.** If your parent (or someone else) can claim you as a dependent on his or her tax return, **do not check box 6a.** ............... | No. of boxes checked on 6a and 6b | 1 |
| b | | **Spouse** ............... | | |

c Dependents: If more than six dependents, see instructions.

| (1) First name    Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see inst.) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

No. of your children on 6c who:
● lived with you
● did not live with you due to divorce or separation (see inst.)

Dependents on 6c not entered above

Add numbers entered on lines above ▶ | 1

| d | Total number of exemptions claimed ............... | | 1 |

**Income**

Attach Forms W-2 and W-2G here. Also attach Form(s) 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 3,495 |
|---|---|---|---|
| 8a | Taxable interest. Attach Schedule B if required ............... | 8a | |
| b | Tax-exempt interest. Do not include on line 8a ...... | 8b | | |
| 9 | Ordinary dividends. Attach Schedule B if required ............... | 9 | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see instructions) ...... | 10 | |
| 11 | Alimony received ............... | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ ............... | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ .... ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 ............... | 14 | |
| 15a | Total IRA distributions .. | 15a | | b Taxable amount (see inst.).. | 15b | |
| 16a | Total pensions and annuities | 16a | | b Taxable amount (see inst.).. | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E ... | 17 | |
| 18 | Farm income or (loss). Attach Schedule F ............... | 18 | |
| 19 | Unemployment compensation ............... | 19 | |
| 20a | Social security benefits . | 20a | | b Taxable amount (see inst.).. | 20b | |
| 21 | Other income ............... | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | 22 | 3,495 |

**Adjusted Gross Income**

| 23 | IRA deduction (see instructions) ............... | 23 | |
|---|---|---|---|
| 24 | Student loan interest deduction (see instructions) ........ | 24 | |
| 25 | Medical savings account deduction. Attach Form 8853 .... | 25 | |
| 26 | Moving expenses. Attach Form 3903 ............... | 26 | |
| 27 | One-half of self-employment tax. Attach Schedule SE .... | 27 | |
| 28 | Self-employed health insurance deduction (see inst.) ..... | 28 | |
| 29 | Self-employed SEP, SIMPLE, and qualified plans........ | 29 | |
| 30 | Penalty on early withdrawal of savings. ............... | 30 | |
| 31a | Alimony paid b Recipient's SSN ▶ _____ | 31a | |
| 32 | Add lines 23 through 31a. ............... | 32 | 0 |
| 33 | Subtract line 32 from line 22. This is your **adjusted gross income** ▶ | 33 | 3,495 |

0  104012
NTF 31787
Copyright 2000
Greatland/Nelco LP –
Forms Software Only

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see instructions. | CAA | Preparers Edition | Form **1040** (2000)

Form 1040 (2000)                    RIV●A  #N-23881  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  C●●812                                    Page **2**

| | | | | |
|---|---|---|---|---|
| **Tax and Credits** | **34** | Amount from line 33 (adjusted gross income) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **34** | 3,495 |
| | **35a** | Check if: ☐ **You were** 65/older, ☐ Blind; ☐ **Spouse was** 65 or older, ☐ Blind. | | |
| | | Add the number of boxes checked above and enter the total here . . . . . . . . . . . ▶ **35a** | | |
| **Standard Deduction for Most People** | **b** | If you are married filing separately and your spouse itemizes deductions, or you were a dual-status alien, see instructions and check here . . . . . . . . . . . . . . . . . . . ▶ **35b** ☐ | | |
| | **36** | Enter your **itemized deductions** from Schedule A, line 28, **or standard deduction** shown on the left. **But see** instructions to find your standard deduction if you checked any box on line 35a or 35b or if someone can claim you as a dependent . . . . . . . . . . . . . . . . | **36** | 4,400 |
| Single: $4,400 | **37** | Subtract line 36 from line 34 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **37** | -905 |
| Head of household: $6,450 | **38** | If line 34 is $96,700 or less, multiply $2,800 by the total number of exemptions claimed on line 6d. If line 34 is over $96,700, see the worksheet in the instructions for the amount to enter | **38** | 2,800 |
| Married filing jointly or Qualifying widow(er): $7,350 | **39** | **Taxable income.** Subtract line 38 from line 37. If line 38 is more than line 37, enter -0- . . . . . . | **39** | 0 |
| | **40** | Tax (see inst.). Check if any tax is from **a** ☐ Form(s) 8814 **b** ☐ Form 4972 . . . . . . | **40** | 0 |
| | **41** | Alternative minimum tax. Attach Form 6251 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **41** | |
| Married filing separately: $3,675 | **42** | Add lines 40 and 41 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ | **42** | |
| | **43** | Foreign tax credit. Attach Form 1116 if required . . . . . . . . . . . | **43** | |
| | **44** | Credit for child & dependent care expenses. Attach Form 2441 | **44** | |
| | **45** | Credit for the elderly or the disabled. Attach Schedule R . . . . . . | **45** | |
| | **46** | Education credits. Attach Form 8863 . . . . . . . . . . . . . . . | **46** | |
| | **47** | Child tax credit (see instructions) . . . . . . . . . . . . . . . . | **47** | |
| | **48** | Adoption credit. Attach Form 8839 . . . . . . . . . . . . . . . . | **48** | |
| | **49** | Other. Check if from **a** ☐ Form 3800 **b** ☐ Form 8396 **c** ☐ Form 8801 **d** ☐ Form | **49** | |
| | **50** | Add lines 43 through 49. These are your **total credits** . . . . . . . . . . . . . . . . . . . | **50** | |
| | **51** | Subtract line 50 from line 42. If line 50 is more than line 42, enter -0- . . . . . . . . . . . ▶ | **51** | 0 |
| **Other Taxes** | **52** | Self-employment tax. Attach Schedule SE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **52** | |
| | **53** | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 . . . | **53** | |
| | **54** | Tax on IRAs, other retirement plans, and MSAs. Attach Form 5329 if required. . . . . . . . . . . | **54** | |
| | **55** | Advance earned income credit payments from Form(s) W-2 . . . . . . . . . . . . . . . . . . . | **55** | |
| | **56** | Household employment taxes. Attach Schedule H . . . . . . . . . . . . . . . . . . . . . . . | **56** | |
| | **57** | Add lines 51 through 56. This is your **total tax** . . . . . . . . . . . . . . . . . . . . . . . . ▶ | **57** | 0 |
| **Payments** | **58** | Federal income tax withheld from Forms W-2 and 1099 . . . . . . | **58** | 302 |
| If you have a qualifying child, attach Schedule EIC. | **59** | 2000 estimated tax payments & amt. applied from 1999 return . | **59** | |
| | **60a** | **Earned income credit (EIC)** . . . . . . . . . . . . . . . . . . . . . | **60a** | |
| | **b** | Nontaxable earned income: amt. ▶ | | |
| | | & type ▶ | | |
| | **61** | Excess social security and RRTA tax withheld (see instructions) . . | **61** | |
| 0  104012 | **62** | Additional child tax credit. Attach Form 8812 . . . . . . . . . . . | **62** | |
| NTF 31768 | **63** | Amount paid with request for extension to file (see instructions) . . | **63** | |
| Copyright 2000 Greatland/Nelco LP – Forms Software Only | **64** | Other payments. Check if from **a** ☐ Form 2439 **b** ☐ Form 4136 | **64** | |
| | **65** | Add lines 58, 59, 60a, and 61 through 64. These are your **total payments** . . . . . . . . . . . ▶ | **65** | 302 |
| **Refund** | **66** | If line 65 is more than line 57, subtract line 57 from line 65. This is the amount you **overpaid** . . . | **66** | 302 |
| Have it directly deposited! See inst. and fill in 67b, 67c, and 67d. | **67a** | Amount of line 66 you want **refunded to you** . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ | **67a** | 302 |
| | ▶ **b** | Routing no. | ▶ **c** Type: ☐ Checking ☐ Savings | |
| | ▶ **d** | Account no. | | |
| | **68** | Amt. of line 66 you want **applied to your 2001 estimated tax** ▶ | **68** | |
| **Amount You Owe** | **69** | If line 57 is more than line 65, subtract line 65 from line 57. This is the **amount you owe**. For details on how to pay, see instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ | **69** | |
| | **70** | Estimated tax penalty. Also include on line 69 . . . . . . . . . . | **70** | |

| | |
|---|---|
| **Sign Here** Joint return? See instructions. Keep a copy for your records. | Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge. |
| | ▶ Your signature  *Miguel Rivera*  Date 3-20-03   Your occupation   Daytime phone number |
| | Spouse's signature. If a joint return, **both** must sign.  Date   Spouse's occupation   May IRS discuss this return with preparer shown below (see inst.)? ☒ Yes ☐ No |
| **Paid Preparer's Use Only** | Preparer's signature ▶ *Michael R. Francis CPA*  Date 3/20/03  Check if self-employed ☐  Preparer's SSN or PTIN P00-11-9162 |
| | Firm's name (or yours if self-employed), address, & ZIP code ▶ FRANCIS AND COMPANY, PC  440 W 194TH ST  GLENWOOD IL 60425   EIN 36-3730194   Phone no. 708-754-4271 |

CAA                                                                            Preparers Edition        Form **1040** (2000)

## WAGES AND SALARIES SUMMARY

MIGUEL RIVERA #N-23881                                                     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

| Employer Name | Taxpayer or Spouse | Wages | Federal Withholding | Social Security Tax Withheld | State Tax Withheld | Local Tax Withheld |
|---------------|--------------------|-------|---------------------|------------------------------|--------------------|--------------------|
| CITY TRANSFER | T | 540 | 65 | 33 | | |
| DYNASTAFF CORP | T | 660 | 83 | 41 | | |
| HAWORTH CONSTRU | T | 2,295 | 154 | 142 | | |
| TOTAL | | 3,495 | 302 | 216 | | |

## SOCIAL SECURITY BENEFITS WORKSHEET – Lines 20a and 20b

MIGUEL RIVERA #N-23881                                              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

**(Keep for Your Records)**

**Before you start:**  Is your filing status **Married filing separately?**
  **No.**  Go to line 1 below.
  **Yes.**  Did you live apart from your spouse all year?
      **No.**  Go to line 1 below.
      **Yes.**  Do the following if you file:
          **Form 1040:**  Enter "D" to the left of line 20a, then go to line 1 below.
          **Form 1040A:**  Enter "D" to the right of the word "benefits" on line 14a, then go to line 1 below.

| | | |
|---|---|---|
| 1. | Enter the total amount from box 5 of ALL your Forms SSA-1099 and RRB-1099 . . . . . . . . . . . . . . . . . . . . | 1. _____2,015_____ |
| | **Note:**  If line 1 is zero or less, stop here: none of your benefits are taxable. Otherwise, go on to line 2. | |
| 2. | Enter one-half of line 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2. _____1,008_____ |
| 3. | Enter the total of the amounts from: **Form 1040:**  Lines 7, 8a, 8b, 9-14, 15b, 16b, 17-19, and 21. **Form 1040A:**  Lines 7, 8a, 8b, 9, 10, 11b, 12b, and 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3. _____3,495_____ |
| 4. | **Form 1040A filers:**  Enter the total of any exclusions for qualified U.S. savings bond interest (Form 8815, line 14)  or for adoption benefits (Form 8839, line 26) **Form 1040 filers:**  Enter the total of any exclusions/adjustments for:  ● Qualified U.S. savings bond interest  (Form 8815, line 14)  ● Adoption benefits  (Form 8839, line 26)  ● Foreign earned income or housing  (Form 2555, lines 43 and 48,  or Form 2555-EZ, line 18),  and  ● Certain income of bona fide residents of American Samoa  (Form 4563, line 15)  or Puerto Rico . . . . . . | 4. _____ |
| 5. | Add lines 2, 3,  and 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 5. _____4,503_____ |
| 6. | **Form 1040A filers:**  Enter the amount from Form 1040A, line 16.    **Form 1040 filers:**  Enter the amount from Form 1040, line 32, minus any amount on Form 1040, line 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6. _____ |
| 7. | Subtract line 6 from line 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 7. _____4,503_____ |
| 8. | Enter $25,000 ($32,000 if married filing jointly;  $0 if married filing separately and you lived with your spouse at any time during 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 8. _____25,000_____ |
| 9. | Subtract line 8 from line 7. If zero or less, enter -0- . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 9. _____ |
| | **Note:**  If line 9 is zero or less, stop here; none of your benefits are taxable.  (Do not enter any amounts on Form 1040, line 20a or 20b,  or on Form 1040A, line 14a or 14b.  But if you are married filing separately and you lived apart from your spouse for all of 2000, enter -0- on Form 1040, line 20b,  or on Form 1040A, line 14b.)  Otherwise, go on to line 10. | |
| 10. | Enter:  $9,000 ($12,000 if married filing jointly;  $0 if married filing separately and you lived with your spouse at any time during 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10. _____ |
| 11. | Subtract line 10 from line 9. If zero or less, enter -0- . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 11. _____ |
| 12. | Enter the **smaller**  of line 9 or line 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 12. _____ |
| 13. | Enter one-half of line 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 13. _____ |
| 14. | Enter the **smaller**  of line 2 or line 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 14. _____ |
| 15. | Multiply line 11 by 85% (.85). If line 11 is zero, enter -0- . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 15. _____ |
| 16. | Add lines 14 and 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 16. _____ |
| 17. | Multiply line 1 by 85% (.85) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 17. _____ |
| 18. | **Taxable social security benefits.**  Enter the **smaller**  of line 16 or line 17 . . . . . . . . . . . . . . . . . . . . . . . | 18. _____ |

  ● Enter the amount from line 1 above on Form 1040, line 20a, or on Form 1040A, line 14a.
  ● Enter the amount from line 18 above on Form 1040, line 20b, or on Form 1040A, line 14b.
  **Note:**  If part of your benefits are taxable for 2000 AND they include benefits paid in 2000 that were for an earlier year, you may be able to reduce the taxable amount. See Pub. 915 for details.

EXHiBiT-J #10.

IN THE CI⬤IT COURT OF COOK COUNTY, ⬤INOIS    Page 001

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 01CR0264601

MIGUEL      RIVERA

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

Charging the above named defendant with:    *Jury said No ATT/M/INJ*

| | | |
|---|---|---|
| 720-5/9-1(A)(1) | F-(ATT) | MURDER/INTENT TO KILL/INJ |
| 720-5/12-11(A)(1) | F | HOME INVASION/ARMED/FORCE |
| 720-5/12-11(A)(2) | F | HOME INVASION/CAUSE INJUR |
| 720-5/10-2(A)(3) | F | AGG KIDNAPING/INFLICT HAR |
| 720-5/10-2(A)(3) | F | AGG KIDNAPING/INFLICT HAR |
| 720-5/10-2(A)(3) | F | AGG KIDNAPING/INFLICT HAR |
| 720-5/10-2(A)(3) | F | AGG KIDNAPING/INFLICT HAR |
| 720-5/10-2(A)(5) | F | AGGRAVATED KIDNAPING/ARME |
| 720-5/10-2(A)(5) | F | AGGRAVATED KIDNAPING/ARME |
| 720-5/10-2(A)(5) | F | AGGRAVATED KIDNAPING/ARME |
| 720-5/10-2(A)(5) | F | AGGRAVATED KIDNAPING/ARME |
| 720-5/10-2(A)(5) | F | AGGRAVATED KIDNAPING/ARME |
| 720-5/10-2(A)(5) | F | AGGRAVATED KIDNAPING/ARME |
| 720-5/12-4(B)(1) | F | AGG BATTERY/WEAPON/NO FIR |
| 720-5/12-4(A) | F | AGG BATTERY/GREAT BODILY |

The following disposition(s) was/were rendered before the Honorable Judge(s):

| | | | |
|---|---|---|---|
| 02/02/01 IND/INFO-CLK OFFICE-PRES JUDGE | 02/15/01 1701 | | |
| 01CR0264601 ID# CR100110412 | | | |
| 02/15/01 CASE ASSIGNED | 02/15/01 1727 | | |
| BIEBEL, PAUL JR. | | | |
| 02/15/01 DEFENDANT IN CUSTODY | 00/00/00 | | |
| FIALA JR., EDWARD M. | | | |
| 02/15/01 PRISONER DATA SHEET TO ISSUE | 00/00/00 | | |
| FIALA JR., EDWARD M. | | | |
| 02/15/01 DEFENDANT ARRAIGNED | 00/00/00 | | |
| FIALA JR., EDWARD M. | | | |
| 02/15/01 PLEA OF NOT GUILTY | 00/00/00 | | |
| FIALA JR., EDWARD M. | | | |
| 02/15/01 MOTION FOR DISCOVERY | 00/00/00 | F | 1 |
| FIALA JR., EDWARD M. | | | |
| 02/15/01 DISCOVERY ANSWER FILED | 00/00/00 | | 1 |
| FIALA JR., EDWARD M. | | | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 002

PEOPLE OF THE STATE OF ILLINOIS

VS                        NUMBER 01CR0264601

MIGUEL        RIVERA

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
02/15/01 ADMONISH AS TO TRIAL IN ABSENT          00/00/00
      FIALA JR., EDWARD M.
02/15/01 CONTINUANCE BY AGREEMENT                03/15/01
      FIALA JR., EDWARD M.
03/15/01 DEFENDANT IN CUSTODY                    00/00/00
      LACY, WILLIAM G.
03/15/01 PRISONER DATA SHEET TO ISSUE            00/00/00
      LACY, WILLIAM G.
03/15/01 CONTINUANCE BY AGREEMENT                04/17/01
      LACY, WILLIAM G.
04/17/01 DEFENDANT IN CUSTODY                    00/00/00
      FIALA JR., EDWARD M.
04/17/01 PRISONER DATA SHEET TO ISSUE            00/00/00
      FIALA JR., EDWARD M.
04/17/01 SPECIAL ORDER                           00/00/00
      MOTION FOR APPOINTED COUNSEL THAN A PUBLIC DEF NDER DENIED.
      FIALA JR., EDWARD M.
04/17/01 MOTION DEFT - CONTINUANCE - MD          05/01/01
      FIALA JR., EDWARD M.
05/01/01 DEFENDANT IN CUSTODY                    00/00/00
      FIALA JR., EDWARD M.
05/01/01 PRISONER DATA SHEET TO ISSUE            00/00/00
      FIALA JR., EDWARD M.
05/01/01 MOTION FOR DISCOVERY                    00/00/00 F        1
      FIALA JR., EDWARD M.
05/01/01 CONTINUANCE BY AGREEMENT                06/13/01
      FIALA JR., EDWARD M.
06/13/01 DEFENDANT IN CUSTODY                    00/00/00
      FIALA JR., EDWARD M.
06/13/01 PRISONER DATA SHEET TO ISSUE            00/00/00
      FIALA JR., EDWARD M.
06/13/01 MOTION TO WITHDRAW AS ATTORNEY          00/00/00
      FIALA JR., EDWARD M.
06/13/01 MOTION DEFT - CONTINUANCE - MD          07/15/01
      FIALA JR., EDWARD M.
07/05/01 DEFENDANT IN CUSTODY                    00/00/00
      FIALA JR., EDWARD M.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 003

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 01CR0264601

MIGUEL       RIVERA

             CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
07/05/01 PRISONER DATA SHEET TO ISSUE            00/00/00
     FIALA JR., EDWARD M.
07/05/01 APPEARANCE FILED                        00/00/00
     FIALA JR., EDWARD M.
07/05/01 CONTINUANCE BY AGREEMENT                07/11/01
     FIALA JR., EDWARD M.
07/11/01 DEFENDANT IN CUSTODY                    00/00/00
     FIALA JR., EDWARD M.
07/11/01 PRISONER DATA SHEET TO ISSUE            00/00/00
     FIALA JR., EDWARD M.
07/11/01 CONTINUANCE BY AGREEMENT                08/07/01
     FIALA JR., EDWARD M.
08/07/01 DEFENDANT IN CUSTODY                    00/00/00
     FIALA JR., EDWARD M.
08/07/01 PRISONER DATA SHEET TO ISSUE            00/00/00
     FIALA JR., EDWARD M.
08/07/01 CONTINUANCE BY AGREEMENT                08/30/01
     FIALA JR., EDWARD M.
08/30/01 DEFENDANT IN CUSTODY                    00/00/00
     FIALA JR., EDWARD M.
08/30/01 PRISONER DATA SHEET TO ISSUE            00/00/00
     FIALA JR., EDWARD M.
08/30/01 CONTINUANCE BY AGREEMENT                09/17/01
     FIALA JR., EDWARD M.
09/17/01 DEFENDANT IN CUSTODY                    00/00/00
     FIALA JR., EDWARD M.
09/17/01 PRISONER DATA SHEET TO ISSUE            00/00/00
     FIALA JR., EDWARD M.
09/17/01 CHANGE PRIORITY STATUS          R       00/00/00
     FIALA JR., EDWARD M.
09/17/01 CONTINUANCE BY AGREEMENT                11/05/01
     FIALA JR., EDWARD M.
11/05/01 DEFENDANT IN CUSTODY                    00/00/00
     FIALA JR., EDWARD M.
11/05/01 PRISONER DATA SHEET TO ISSUE            00/00/00
     FIALA JR., EDWARD M.
11/05/01 WITNESSES ORDERED TO APPEAR             00/00/00
     FIALA JR., EDWARD M.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 004

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 01CR0264601

MIGUEL       RIVERA

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
11/05/01 CONTINUANCE BY AGREEMENT                    12/03/01
        FIALA JR., EDWARD M.
12/03/01 DEFENDANT IN CUSTODY                        00/00/00
        FIALA JR., EDWARD M.
12/03/01 PRISONER DATA SHEET TO ISSUE                00/00/00
        FIALA JR., EDWARD M.
12/03/01 DEF DEMAND FOR TRIAL                        00/00/00
        FIALA JR., EDWARD M.
12/03/01 MOTION STATE - CONTINUANCE -MS              12/11/01
        FIALA JR., EDWARD M.
12/11/01 DEFENDANT IN CUSTODY                        00/00/00
        FIALA JR., EDWARD M.
12/11/01 PRISONER DATA SHEET TO ISSUE                00/00/00
        FIALA JR., EDWARD M.
12/11/01 TRIAL COMENCED AND CONTINUED                12/12/01
        FIALA JR., EDWARD M.
12/12/01 PRISONER DATA SHEET TO ISSUE                00/00/00
        FIALA JR., EDWARD M.
12/12/01 DEFENDANT IN CUSTODY                        00/00/00
        FIALA JR., EDWARD M.
12/12/01 TRIAL COMENCED AND CONTINUED                12/13/01
        FIALA JR., EDWARD M.
12/13/01 VERDICT OF NOT GUILTY              C001 00/00/00
        FIALA JR., EDWARD M.
12/13/01 VERDICT OF GUILTY                  C007 00/00/00
        FIALA JR., EDWARD M.
12/13/01 VERDICT OF GUILTY                  C008 00/00/00
        FIALA JR., EDWARD M.
12/13/01 VERDICT OF GUILTY                  C009 00/00/00
        FIALA JR., EDWARD M.
12/13/01 VERDICT OF GUILTY                  C014 00/00/00
        FIALA JR., EDWARD M.
12/13/01 PRE-SENT INVEST. ORD, CONTD TO              00/00/00
        FIALA JR., EDWARD M.
12/13/01 BAIL REVOKED                                00/00/00
        FIALA JR., EDWARD M.
12/13/01 PROPERTY RECOVERED - RETURN                 00/00/00
        FIALA JR., EDWARD M.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 005

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 01CR0264601

MIGUEL      RIVERA

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
12/13/01 CONTINUANCE BY AGREEMENT                01/15/02
        FIALA JR., EDWARD M.
01/15/02 DEFENDANT IN CUSTODY                    00/00/00
        FIALA JR., EDWARD M.
01/15/02 PRISONER DATA SHEET TO ISSUE            00/00/00
        FIALA JR., EDWARD M.
01/15/02 PRE-SENT INVEST. ORD, CONTD TO          00/00/00
        FIALA JR., EDWARD M.
01/15/02 CONTINUANCE BY AGREEMENT                01/16/02
        FIALA JR., EDWARD M.
01/16/02 DEFENDANT IN CUSTODY                    00/00/00
        FIALA JR., EDWARD M.
01/16/02 PRISONER DATA SHEET TO ISSUE            00/00/00
        FIALA JR., EDWARD M.
01/16/02 CONTINUANCE BY AGREEMENT                01/17/02
        10:30 AM FOR SENTENCING
        FIALA JR., EDWARD M.
01/17/02 DEFENDANT IN CUSTODY                    00/00/00
        FIALA JR., EDWARD M.
01/17/02 APPEARANCE FILED                        00/00/00
        FIALA JR., EDWARD M.
01/17/02 MOTION DEFENDANT - NEW TRIAL            00/00/00 D      2
        FIALA JR., EDWARD M.
01/17/02 SPECIAL ORDER                           00/00/00
        10:30 AM FOR SENTENCING
        FIALA JR., EDWARD M.
01/17/02 SENTENCE TO RUN CONCURRENT              00/00/00
        10:30 AM FOR SENTENCING
        FIALA JR., EDWARD M.
01/17/02 PRE-SENT INVEST. ORD, CONTD TO          00/00/00
        FIALA JR., EDWARD M.
01/17/02 DEF SENTENCED ILLINOIS DOC      C007 00/00/00
        40 YRS
        FIALA JR., EDWARD M.
01/17/02 DEF SENTENCED ILLINOIS DOC      C008 00/00/00
        40 YRS
        FIALA JR., EDWARD M.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 006

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 01CR0264601

MIGUEL     RIVERA

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
01/17/02 DEF SENTENCED ILLINOIS DOC        C009 00/00/00
              40 YRS
      FIALA JR., EDWARD M.
01/17/02 DEF SENTENCED ILLINOIS DOC        C014 00/00/00
              5 YRS
      FIALA JR., EDWARD M.
01/17/02 CREDIT DEFENDANT FOR TIME SERV         00/00/00
              374 DYS
      FIALA JR., EDWARD M.
01/17/02 SENTENCE TO RUN CONCURRENT             00/00/00
      10:30 AM FOR SENTENCING
      FIALA JR., EDWARD M.
01/17/02 SPECIAL ORDER                          00/00/00
      10:30 AM FOR SENTENCING
      FIALA JR., EDWARD M.
01/17/02 SPECIAL ORDER                          00/00/00
      ALL SENTENCED CONCURRENT.
      FIALA JR., EDWARD M.
01/17/02 FREE REPORT OF PRCDS DENIED            00/00/00
      FIALA JR., EDWARD M.
01/17/02 CHANGE PRIORITY STATUS         M       00/00/00
      85% EXTENDED TERM COUNT SEVEN, EIGHT AND NINE.
      FIALA JR., EDWARD M.
02/14/02 NOTICE OF APPEAL FILED, TRNSFR         00/00/00
02/26/02 NOTICE OF NOTICE OF APP MAILED         00/00/00
02/26/02 HEARING DATE ASSIGNED                  03/01/02 1713
03/01/02 PUBLIC DEF APPTD FOR APPEAL            00/00/00
      BIEBEL, PAUL JR.
03/01/02 O/C FREE REPT OF PROCD ORD N/C         00/00/00
      BIEBEL, PAUL JR.
03/01/02 MEMO OF ORDS & NOA PICKED-UP           00/00/00
      BIEBEL, PAUL JR.
03/15/02 REPT OF PRCDS ORD FR CRT RPT           00/00/00
03/20/02 APPELLATE COURT NUMBER ASGND           00/00/00 02-0699
04/01/02 COMMON LAW RECORD PREPARED             00/00/00
04/03/02 CLR RECD BY APP COUNSEL                00/00/00
      PUBLIC DEFENDER

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 007

PEOPLE OF THE STATE OF ILLINOIS

                VS                        NUMBER 01CR0264601

    MIGUEL      RIVERA

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
06/05/02 SUPP TRAN PRO REC/FILE CLK OFF       00/00/00
06/10/02 REPORT OF PROCEEDINGS PREPARED       00/00/00
06/14/02 REPRT/PROCDS RECD BY APP ATTRY       00/00/00
    PUBLIC DEFENDER
08/20/02 SPECIAL ORDER                        00/00/00
    OFF CALL
    FIALA JR., EDWARD M.
12/04/02 SPECIAL ORDER                        00/00/00
    PETITION FOR ATTY FEES IS GRANTED
    LAWS, MARJORIE C.
12/04/02 SPECIAL ORDER                        00/00/00
    PETITION GRANTED ON THE AMOUNT OF $3,383.00  O F CALL
    LAWS, MARJORIE C.
11/13/03 MANDATE FILED                        12/04/03 1701
12/04/03 REVIEW COURT AFFIRMANCE              00/00/00
    BIEBEL, PAUL JR.
11/24/03 POST-CONVICTION FILED                00/00/00
11/24/03 HEARING DATE ASSIGNED                12/09/03 1701
12/09/03 CASE ASSIGNED                        12/09/03 1727
    BERMAN, ANDREW
12/09/03 CONTINUANCE BY ORDER OF COURT        01/09/04
    LAWS, MARJORIE C.
01/09/04 CONTINUANCE BY ORDER OF COURT        01/23/04
    LAWS, MARJORIE C.
01/23/04 SPECIAL ORDER                        00/00/00
    P/C DOCKET
    LAWS, MARJORIE C.
01/23/04 CONTINUANCE BY ORDER OF COURT        02/20/04
    LAWS, MARJORIE C.
02/20/04 DEF WAIVES RIGHT TO BE PRESENT       00/00/00
    PANTLE, KATHLEEN M.
02/20/04 SPECIAL ORDER                        00/00/00
    TO CLARIFY ORDER AS TO COUNSEL
    PANTLE, KATHLEEN M.
02/20/04 CONTINUANCE BY AGREEMENT             02/25/04
    PANTLE, KATHLEEN M.
02/25/04 SPECIAL ORDER                        00/00/00
    MOTION FOR APPMNT OF COUNSEL OTHER THAN PD DEN ED
    LAWS, MARJORIE C.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 008

PEOPLE OF THE STATE OF ILLINOIS

VS                            NUMBER 01CR0264601

MIGUEL        RIVERA

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
02/25/04 CONTINUANCE BY ORDER OF COURT          03/25/04
     LAWS, MARJORIE C.
03/25/04 CONTINUANCE BY AGREEMENT               06/17/04
     LAWS, MARJORIE C.
06/08/04 SPECIAL ORDER                          00/00/00 F        2
     PRELIMINARY HEARING TRANSCRIPTS & POLICE REPORTS.
06/08/04 HEARING DATE ASSIGNED                  06/11/04 1727
06/11/04 DEFENDANT IN CUSTODY                   00/00/00
     LAWS, MARJORIE C.
06/11/04 PRISONER DATA SHEET TO ISSUE           00/00/00
     LAWS, MARJORIE C.
06/11/04 M/D PETN FOR TRNSCT,COMLAW RCD                  D        2
     MOTION FOR TRIAL TRANSCRIPT,POLICE REPORTS IS DENIED
     LAWS, MARJORIE C.
06/11/04 PREVIOUS ORDER TO STAND                00/00/00
     LAWS, MARJORIE C.
06/11/04 CONTINUANCE BY AGREEMENT               06/17/04
     LAWS, MARJORIE C.
06/17/04 CONTINUANCE BY AGREEMENT               09/21/04
     LAWS, MARJORIE C.
08/12/04 SPECIAL ORDER                          00/00/00 F        2
     PETITION OF MANDAMUS.
08/12/04 HEARING DATE ASSIGNED                  08/17/04 1727
08/17/04 DEFENDANT IN CUSTODY                   00/00/00
     LAWS, MARJORIE C.
08/17/04 PRISONER DATA SHEET TO ISSUE           00/00/00
     LAWS, MARJORIE C.
08/17/04 CONTINUANCE BY ORDER OF COURT          09/21/04
     LAWS, MARJORIE C.
09/21/04 DEFENDANT IN CUSTODY                   00/00/00
     LAWS, MARJORIE C.
09/21/04 PRISONER DATA SHEET TO ISSUE           00/00/00
     LAWS, MARJORIE C.
09/21/04 CONTINUANCE BY AGREEMENT               12/02/04
     LAWS, MARJORIE C.
12/02/04 DEFENDANT IN CUSTODY                   00/00/00
     LAWS, MARJORIE C.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 009

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 01CR0264601

MIGUEL      RIVERA

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| | | |
|---|---|---|
| 12/02/04 | PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| | LAWS, MARJORIE C. | |
| 12/02/04 | CONTINUANCE BY AGREEMENT | 03/03/05 |
| | LAWS, MARJORIE C. | |
| 03/03/05 | CONTINUANCE BY AGREEMENT | 03/22/05 |
| | LAWS, MARJORIE C. | |
| 03/22/05 | DEFENDANT ON BOND | 00/00/00 |
| | LAWS, MARJORIE C. | |
| 03/22/05 | CONTINUANCE BY AGREEMENT | 03/23/05 |
| | LAWS, MARJORIE C. | |
| 03/23/05 | DEFENDANT IN CUSTODY | 00/00/00 |
| | LAWS, MARJORIE C. | |
| 03/23/05 | PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| | LAWS, MARJORIE C. | |
| 03/23/05 | CONTINUANCE BY AGREEMENT | 05/17/05 |
| | LAWS, MARJORIE C. | |
| 05/17/05 | DEFENDANT NOT IN COURT | 00/00/00 |
| | LAWS, MARJORIE C. | |
| 05/17/05 | PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| | LAWS, MARJORIE C. | |
| 05/17/05 | CONTINUANCE BY AGREEMENT | 05/31/05 |
| | LAWS, MARJORIE C. | |
| 05/17/05 | DEFENDANT NOT IN COURT | 00/00/00 |
| | LAWS, MARJORIE C. | |
| 05/17/05 | PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| | LAWS, MARJORIE C. | |
| 05/17/05 | CONTINUANCE BY AGREEMENT | 05/31/05 |
| | LAWS, MARJORIE C. | |
| 05/31/05 | DEFENDANT IN CUSTODY | 00/00/00 |
| | LAWS, MARJORIE C. | |
| 05/31/05 | PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| | LAWS, MARJORIE C. | |
| 05/31/05 | CONTINUANCE BY AGREEMENT | 06/30/05 |
| | LAWS, MARJORIE C. | |
| 06/30/05 | CONTINUANCE BY AGREEMENT | 07/27/05 |
| | LAWS, MARJORIE C. | |
| 07/27/05 | DEFENDANT NOT IN COURT | 00/00/00 |
| | LAWS, MARJORIE C. | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 010

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 01CR0264601

MIGUEL      RIVERA

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
07/27/05 SPECIAL ORDER                          00/00/00
    DEF FILES MTN REQUESTING LV TO FILE FIRST SUPPLEMENTAL PC PETITION
    LAWS, MARJORIE C.
07/27/05 CONTINUANCE BY AGREEMENT               08/18/05
    LAWS, MARJORIE C.
08/18/05 CONTINUANCE BY AGREEMENT               09/13/05
    CLAPS, JOSEPH M.
09/13/05 DEFENDANT NOT IN COURT                 00/00/00
    LAWS, MARJORIE C.
09/13/05 DEFENDANT IN CUSTODY                   00/00/00
    LAWS, MARJORIE C.
09/13/05 HABEAS CORPUS PETITION FILED           00/00/00
    LAWS, MARJORIE C.
09/13/05 HABEAS CORPUS PETITION ALLOWED         00/00/00
    LAWS, MARJORIE C.
09/13/05 CONTINUANCE BY AGREEMENT               09/27/05
    LAWS, MARJORIE C.
09/27/05 DEFENDANT IN CUSTODY                   00/00/00
    IDOC CUSTODY
    LAWS, MARJORIE C.
09/27/05 PRISONER DATA SHEET TO ISSUE           00/00/00
    LAWS, MARJORIE C.
09/27/05 CONTINUANCE BY AGREEMENT               11/29/05
    LAWS, MARJORIE C.
11/29/05 DEFENDANT IN CUSTODY                   00/00/00
    LAWS, MARJORIE C.
11/29/05 PRISONER DATA SHEET TO ISSUE           00/00/00
    LAWS, MARJORIE C.
11/29/05 CONTINUANCE BY AGREEMENT               01/04/06
    LAWS, MARJORIE C.
01/04/06 DEFENDANT NOT IN COURT                 00/00/00
    LAWS, MARJORIE C.
01/04/06 PRISONER DATA SHEET TO ISSUE           00/00/00
    LAWS, MARJORIE C.
01/04/06 CONTINUANCE BY AGREEMENT               02/02/06
    LAWS, MARJORIE C.
02/02/06 CONTINUANCE BY AGREEMENT               03/09/06
    SHEEHAN, KEVIN M.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 011

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 01CR0264601

    MIGUEL        RIVERA

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
03/09/06 DEFENDANT NOT IN COURT                   00/00/00
        LAWS, MARJORIE C.
03/09/06 SPECIAL ORDER                            00/00/00
        DEFENSE FILES SECOND SUPP P.C PETITION
        LAWS, MARJORIE C.
03/09/06 CONTINUANCE BY AGREEMENT                 03/21/06
        LAWS, MARJORIE C.
03/15/06 MOTION FOR WRIT OF HABEAS CORP           00/00/00 F       2
03/15/06 HEARING DATE ASSIGNED                    03/21/06 1727
03/21/06 DEFENDANT NOT IN COURT                   00/00/00
        LAWS, MARJORIE C.
03/21/06 SPECIAL ORDER                            00/00/00
        DEFENSE FILES 651 (C) CERTIFICATE
        LAWS, MARJORIE C.
03/21/06 CONTINUANCE BY AGREEMENT                 04/05/06
        LAWS, MARJORIE C.
04/05/06 SPECIAL ORDER                            00/00/00
        MOTION TO PRODUCE THE STATES TRIAL FILE FORNREVIEW BY PETITIONS COUNSEL I
        LAWS, MARJORIE C.
04/05/06 SPECIAL ORDER                            00/00/00
        MOTION TO ISSUE SUBPOENAS IS DENIED
        LAWS, MARJORIE C.
04/05/06 CONTINUANCE BY AGREEMENT                 06/29/06
        LAWS, MARJORIE C.
06/29/06 SPECIAL ORDER                            00/00/00
        STATE FILED MOTION TO DISMISS PRO SE AND SUPPLEMENTAL PETITIONS FOR PC RE
        LAWS, MARJORIE C.
06/29/06 CONTINUANCE BY ORDER OF COURT            08/01/06
        LAWS, MARJORIE C.
07/27/06 SPECIAL ORDER                            00/00/00
        MOTION TO ISSUE SUBPOENAS & FOR DEPOSITIONS
07/27/06 HEARING DATE ASSIGNED                    08/01/06 1727
08/01/06 DEFENDANT NOT IN COURT                   00/00/00
        LAWS, MARJORIE C.
08/01/06 SPECIAL ORDER                            00/00/00
        DEF FILED RESPONSE TO THE STATE'S MOTION TO DISMISS
        LAWS, MARJORIE C.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 012

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 01CR0264601

MIGUEL        RIVERA

        CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
08/01/06 SPECIAL ORDER                          00/00/00
     LV TO FILE THE 2ND MOTION TO PRODUCE THE STATE'S TRIAL FILE FOR REVIEW BY
     LAWS, MARJORIE C.
08/01/06 SPECIAL ORDER                          00/00/00
     PETIONER'S COUNSEL IS STRICKEN
     LAWS, MARJORIE C.
08/01/06 SPECIAL ORDER                          00/00/00
     LV TO FILE THE 2ND MOTION TO ISSUE SUBPOENAS AND FOR DEPOSITIONS IS STRIC
     LAWS, MARJORIE C.
08/01/06 WITNESSES ORDERED TO APPEAR            00/00/00
     LAWS, MARJORIE C.
08/01/06 CONTINUANCE BY AGREEMENT               09/14/06
     LAWS, MARJORIE C.
09/14/06 POST-CONV PETITION DISMISSED
     STATE'S MOTION/ALLOWED
     LAWS, MARJORIE C.
09/14/06 SPECIAL ORDER                          00/00/00
     CLERK TO NOTIFY
     LAWS, MARJORIE C.
09/14/06 NOTICE OF APPEAL FILED, TRNSFR         00/00/00
     LAWS, MARJORIE C.
09/18/06 NOTIFICATION SENT TO DEFENDANT         00/00/00
09/14/06 NOTICE OF APPEAL FILED, TRNSFR         00/00/00
09/26/06 NOTICE OF NOTICE OF APP MAILED         00/00/00
09/26/06 HEARING DATE ASSIGNED                  09/29/06 1713
09/29/06 PUBLIC DEF APPTD FOR APPEAL
     FORD, NICHOLAS R.
09/29/06 O/C FREE REPT OF PROCD ORD N/C         00/00/00
     FORD, NICHOLAS R.
09/29/06 MEMO OF ORDS & NOA PICKED-UP           00/00/00
     FORD, NICHOLAS R.
11/06/06 REPT OF PRCDS ORD FR CRT RPT           00/00/00

                         I hereby certify that the foregoing has
                         been entered of record on the above
                         captioned case.
                         Date 11/09/06

                         _____
                                  DOROTHY BROWN
                         CLERK OF THE CIRCUIT COURT OF COOK COUNTY

EXHIBIT- K #11, Pg58

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,   )
            Plaintiff-Respondent,   )
                                    )    No. 01 - 2646
            vs.                     )
                                    )    Hon. Marjorie Laws,
MIGUEL RIVERA,                      )    Judge Presiding.
            Defendant-Petitioner.   )

---

## MOTION TO PRODUCE THE STATE'S TRIAL FILE FOR REVIEW BY PETITIONER'S COUNSEL

Now comes Edwin A. Burnette, Cook County Public Defender,

Counsel for the above-named Defendant, by and through Andrea

Monsees, and, pursuant to the discretion that *People ex rel. Daley v.*

*Fitzgerald*, 123 Ill. 2d 175, 180, 526 N.E.2d 1313 (1988) recognizes as inhering in

this Court, respectfully presents this motion requesting that Petitioner

Miguel Rivera's counsel be permitted to review the State's trial file, in

support of which counsel represents:

      1.    This case is before this Court on Petitioner's request for

collateral (post-conviction) relief pursuant to 725 ILCS 5/122 et seq.

*People v. Miguel Rivera*, 01 CR 2646 Filed Nov. 24, 2003;

      2.    This case was tried to a jury empaneled before the Hon.

Edward Fiala;

3.    The jury convicted Mr. Rivera of one count aggravated battery for which he was sentenced to 5 years imprisonment and of 3 counts of aggravated kidnaping on each of which he was sentenced to an extended term of 40 years imprisonment, those sentences to be served concurrently.

4.    Each of those aggravated kidnaping guilty verdicts was predicated on an intent to secretly confine Heather Carson, Nicholas Carson and Isaiah Ostrowski against his/her will. (Exhibits A1, A2, and A3 - Instructions)

5.    To prove aggravated kidnaping under 720 ILCS 10-2 (a)(5) the State must prove that defendant knowingly and secretly confined the victim, and requires a showing either of the secrecy of the confinement or the place of the confinement. *People v. Pasch*, 152 Ill.2d 133, 187, 604 N.E.2d 294 (1992). "'Secret' has been defined as concealed, hidden, or not made public." *Id., citing People v. Mulcahey*, 72 Ill. 2d 282, 285, 381 N.E.2d 254 (1978). In *Pasch* the Court reversed defendant's aggravated kidnaping conviction because defendant, though he held his victim hostage in an apartment for 36 hours, made no attempt to keep her presence a secret.  152 Ill.2d 187-188.

6.    The material before this Court speaks against Miguel

Rivera ever having intended secret confinement, most notably - -

A.    Heather Carson testified that on the way from the Ostrowski apartment, at Miguel Rivera's behest she called the police to say she had not been kidnaped. (Exhibit B - pp. B 60-61 from  Heather Carson's Direct testimony.)

B.    Defense counsel's trial statement that Heather Carson told Attorney Duffin that she did not see Miguel Rivera with a knife while inside the apartment. (Exhibit C; also pro se petition p. 3)

6.    Additional matters alleged in Petitioner's pro se petition support   the absence of any intent to secretly confine.

A.    That Heather Carson was with him with his sister Maria Rivera later the same day and told Maria and her husband Brian that she and Miguel were going to Florida with the children. (Pro se petition p. 7)

B.    That the police reports in the case contained statements attributed to Heather Carson stating she was not kidnaped and stating that she and Miguel Rivera shared expenses while living together in Florida. (Pro se petition p. 5 and related exhibits.)

C.    That Heather spoke with an FBI agent the day after the events and assured him she had not been kidnaped.  (Pro

se petition pp. 6 and 7)

7.    Counsel requests production and inspection of the State's file to determine whether the police reports do contain Heather Carson's exculpatory statements.  Production is relevant to Petitioner's ineffective assistance of counsel claim and his *Brady* claim, which assert that both the State and Defense counsel knew of this exculpatory information but did not present it to his jury or his sentencing judge.

WHEREFORE, counsel respectfully requests that this Court direct the State to produce its trial file for inspection.

Respectfully submitted,

EDWIN A. BURNETTE
COOK COUNTY PUBLIC DEFENDER
Cook County Attorney No.  30295

BY:    Andrea Monsees,
       Assistant   Public Defender

EDWIN A. BURNETTE, COOK COUNTY PUBLIC DEFENDER
ANDREA MONSEES, ASSISTANT PUBLIC DEFENDER

LAW OFFICES OF THE COOK COUNTY PUBLIC DEFENDER
69 West Washington - - 15ᵗʰ Floor
CHICAGO, IL 60602
312-603-0600

By or order 4/5/06
3/21 PI&I NE  STA
+ MOTION FILED
TODAY

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK    )

CR-706
MAR 21 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br>**Plaintiff-Respondent,** | ) <br>) <br>) | No. ~~99 CR 20131~~ **01-2646** |
| **vs.** | ) <br>) | |
| **MIGUEL RIVERA,**<br>**Defendant-Petitioner.** | ) <br>) <br>) | Hon. Marjorie Laws,<br>Judge Presiding. |

## MOTION TO PRODUCE THE STATE'S TRIAL FILE FOR REVIEW BY PETITIONER'S COUNSEL

Now comes Edwin A. Burnette, Cook County Public Defender, Counsel for the above-named Defendant, by and through Andrea Monsees, and, pursuant to the discretion that *People ex rel. Daley v. Fitzgerald*, 123 Ill. 2d 175, 180, 526 N.E.2d 1313 (1988) recognizes as inhering in this Court, respectfully presents this motion requesting that Petitioner Miguel Rivera be released from incarceration or, in the alternative, that the Court set reasonable bond, in support of which counsel represents:

1.    This case is before this Court on Petitioner's request for collateral (post-conviction) relief pursuant to 725 ILCS 5/122 et seq. *People v. Miguel Rivera*, 01 CR 2646 Filed Nov. 24, 2003;

2.    This case was tried to a jury empaneled before the Hon.

Edward Fiala;

3.    The jury convicted Mr. Rivera of one count aggravated

battery for which he was sentenced to 5 years imprisonment and of

3 counts of aggravated kidnaping on each of which he was

sentenced to an extended term of 40 years imprisonment, those

sentences to be served concurrently.

4.    Each of those aggravated kidnaping guilty verdicts was

predicated on an intent to secretly confine Heather Carson, Nicholas

Carson and Isaiah Ostrowski against his/her will.  (Exhibit B -

Instructions)

5.    To prove aggravated kidnaping under 720 ILCS 10-2

(a)(5) the State must prove that defendant knowingly and secretly

confined the victim, and requires a showing either of the secrecy of

the confinement or the place of the confinement. *People v. Pasch*,

152 Ill.2d 133, 187, 604 N.E.2d 294 (1992).  "'Secret' has been

defined as concealed, hidden, or not made public." *Id., citing People

v. Mulcahey*, 72 Ill. 2d 282, 285, 381 N.E.2d 254 (1978).  In *Pasch*

the Court reversed defendant's aggravated kidnaping conviction

because defendant, though he held his victim hostage in an

apartment for 36 hours, made no attempt to keep her presence a

secret.  152 Ill.2d 187-188.

6.    The material before this Court speaks against Miguel

Rivera ever having intended secret confinement, most notably - -

    A.    Heather Carson testified that on the way from the Ostrowski apartment, at Miguel Rivera's behest she called the police to say she had not been kidnaped. (Exhibit C)

    B.    Defense counsel's trial statement that Heather Carson told Attorney Duffin that she did not see Miguel Rivera with a knife while inside the apartment. (Exhibit D; also pro se petition p. 3)

6.    Additional matters alleged in Petitioner's pro se petition support the absence of any intent to secretly confine.

    A.    That Heather Carson was with him with his sister Maria Rivera later the same day and told Maria and her husband Brian that she and Miguel were going to Florida with the children. (Pro se petition p. 7)

    B.    That the police reports in the case contained statements attributed to Heather Carson stating she was not kidnaped and stating that she and Miguel Rivera shared expenses while living together in Florida. (Pro se petition p. 5 and related exhibits.)

    C.    That Heather spoke with an FBI agent the day after the events and assured him she had not been kidnaped. (Pro se petition pp. 6 and 7)

7.    Counsel requests production and inspection of the State's file to determine whether the police reports do contain Heather Carson's exculpatory statements.  Production is relevant to Petitioner's ineffective assistance of counsel claim and his *Brady* claim, which assert that both the State and Defense counsel knew of this exculpatory information but did not present it to his jury or his sentencing judge.

Respectfully submitted,

**EDWIN A. BURNETTE**
**COOK COUNTY PUBLIC DEFENDER**
**Cook County Attorney No.  30295**

BY:    **Andrea Monsees,**
       **Assistant   Public Defender**

EDWIN A. BURNETTE, COOK COUNTY PUBLIC DEFENDER
ANDREA MONSEES, ASSISTANT PUBLIC DEFENDER

LAW OFFICES OF THE COOK COUNTY PUBLIC DEFENDER
69 West Washington - - 15th Floor
CHICAGO, IL 60602
312-603-0600

EXHIBIT-L # 12,
#6.PG's

**U.S. Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

400 West Monroe Street
Suite 400
Springfield, Illinois   62704
January 14, 2005

Miguel Rivera, N-23881
Menard Correctional Center
P.O. Box 711
Menard, Illinois   62259

Dear Mr. Rivera:

        Your letter of December 6, 2004 was forwarded to us
by the Chicago Division of the FBI because Menard Correctional
Center is in the Springfield Division. The letter does not
provide specific information in order for the FBI to determine
whether an investigation will be initiated.

        If the specific information you have relates to
matters in the Chicago, Illinois area, that information should
be provided to the FBI in Chicago, Attention: Civil Rights
Squad or Public Corruption Squad, depending on the type of
information you have. The address is 219 North Dearborn
Street, Chicago, Illinois   60604.

                              Sincerely,

                              James A. Cochran
                              Supervisory Special Agent



*United States Attorney*
*Northern District of Illinois*

---

*Everett McKinley Dirksen Building*    *(312) 353-5300*
*219 S. Dearborn St., 5th Floor*
*Chicago, IL  60604*

January 3, 2005

Miguel Rivera
#N-23881
PO Box 711
Menard, IL 62259

Dear Mr. Rivera:

This letter is to acknowledge receipt of your correspondence received by this office on December 6, 2004.  The address you are inquiring about for the Chicago Police Department, area #3 on Belmont and Western is as follows:

> Chicago Police Department
> 2452 W. Belmont Avenue
> Chicago, IL 60618

Very truly yours,

PATRICK J. FITZGERALD
United States Attorney

BY:    SCREENING COMMITTEE

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

FILED
CR-706
JUN 2 9 2006
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,     )     No. 01 Cr 02646
          Plaintiff-Respondent,      )
                                     )     Hon. Marjorie Laws
               vs.                   )     Judge Presiding
                                     )     Post Conviction
                                     )
MIGUEL RIVERA,                       )     Hon. Edward Fiala
          Defendant-Petitioner.      )     Judge Presiding
                                     )     Trial.

---

**A F F I D A V I T S**
**(by MIGUEL RIVERA)**

1.    **Notarized April 11, 2006**
          **(2pp.)**

2.    **Pro se - notarized May 30, 2006**
          **(2pp.)**

3    **Pro se - notarized April 11, 2006**
          **(2pp.)**

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK  )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,    )
              Plaintiff-Respondent,    )        *01-2646*
                                       )    No.  ~~93 CR 25151~~
              vs.                      )
                                       )    Hon. Marjorie Laws,
MIGUEL RIVERA,                         )    Judge Presiding.
              Defendant-Petitioner.    )

---

## A F F I D A V I T

Now comes MIGUEL RIVERA, N-23881, being duly sworn upon his

oath, and deposes and says:

1.    He is the Petitioner in this post-conviction proceeding;

2.    He believes that the facts contained in his *pro se* petition are

      true;

3.    His disability payments from the Social Security Administration

      were awarded because of his mental and emotional disability,

      which extend back to childhood;

4.    He believes that if the phone records for Michael Ostrowski's

      residence and Miguel Rivera's cell phone and/or beeper were

      subpoenaed they would show that:

A.    In the month of August 2000 approximately 10-12

calls were placed from the Ostrowski residence to

Miguel Rivera's cell phone/ beeper; and

B.    On the day of the events for which Miguel Rivera

stands charged a call was placed from the

Ostrowski residence to Miguel Rivera's cell

phone/beeper before Miguel Rivera went to the

Ostrowski residence. *Some calls are Back To Back In one day*

FURTHER DEPONENT SAYETH NOT.

SIGNED *Miguel Rivera*

REG. NO.  N 23881 *– 64650* *New I.D.*

DATE: *4-11-06*

SUBSCRIBED and SWORN TO
before me this *11* day of *April*, *2006*

*Vince Wiggins*
Notary Public



OFFICIAL SEAL
Vince Wiggins
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: *February 11, 2010*

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF COOK  )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT-CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br>Plaintiff-Respondent, | )<br>)<br>) | No. ~~93 CR 25151~~   *01- 2646* |
| vs. | )<br>) | |
| MIGUEL RIVERA,<br>Defendant-Petitioner. | )<br>)<br>) | Hon. Marjorie Laws,<br>Judge Presiding. |

*Attention Please To The Hon: Judge Ms. Laws,*

## A F F I D A V I T

Now comes MIGUEL RIVERA, being duly sworn upon his oath, and

deposes and says:

As I was awiting for trial in 2001 of The
Month of May or APRIL. Heather Carson, did
contact A friend of M. Rivera, Heather-
Carson call Mr. Noel Rivera, To inform him
That Miguel Rivera. was IN Jail at The cook
County Jail, To help Miguel Rivera out of
Jail meaning To bound Him out of Jail.
Mr. Noel Rivera. will come IN To court and
Tell The Judge what Heather Carson did

and Ms. Edith Gurman, will Allso come IN To
court To Tell her side. To The Judge. of
what she. do knows. About The Attorney —
Mr. Frank Edwards, on The Phone. Calls to
him on A (Three way call) Attorney state's Their
is No kidnapping and that he. offer Mr. Rivera
A *5-years sentence for The. Agg-battery,



Miguel Rivera. Hopes And pray ThAT The Hon; Judge. Ms. Mc Laws, Well Call Mr. Noel Rivera, and Ms. Egith Guzmen. IN To Court To hear Their sede, And for A New Trial? because Mr. RiveRAs Trial Attorney-FRank Edwards did in Fact hidden inforemation from The Jury and Court. of witnesss, AND FBI agent Jeff as well Mr. F. Edwards Refuse To Tell and call iN These witnesss foR Trial. and Too Call The Florida-state-Attorney office. Too fine out why they didnot Charge MR. Rivera foR Kidnaping when the state Attorney's went To talk with Mr. M. Rivera, at the County Jail. IN florida. The state Attorney lady stated Too MR. Rivera. "you did not do no kidnapping". A Jury Have. A Legal Right to Hear These witnesss and Judge as well To, AND see. The Police Reports of Dete. Ms. kaReN skepper. and Call her IN To court.

SIGNED *Miguel Rivera*

REG. NO.      64650

DATE:         5/30/2006

SUBSCRIBED and SWORN TO
before me this 30 day of MAY , 2000

*Sonya Linnell*
Notary Public

Affidavit Form              Page 2 of 2

STATE OF ILLINOIS )
                ) SS
COUNTY OF COOK )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT-CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, )<br>Plaintiff-Respondent, )<br>)<br>vs. )<br>)<br>MIGUEL RIVERA, )<br>Defendant-Petitioner. ) | No. 93 CR 25151<br><br>Hon. Marjorie Laws,<br>Judge Presiding. |

---

### AFFIDAVIT

Now comes MIGUEL RIVERA, N-23881, being duly sworn upon his

oath, and deposes and says:

1. He is the Petitioner in this post-conviction proceeding;

2. He believes that the facts contained in his *pro se* petition are

true;

3. His disability payments from the Social Security Administration

were awarded because of his mental and emotional disability,

which extend back to childhood;

4. He believes that if the phone records for Michael Ostrowski's

residence and Miguel Rivera's cell phone and/or beeper were

subpoenaed they would show that:

A.    In the month of August 2000 approximately 10-12

calls were placed from the Ostrowski residence to

Miguel Rivera's ~~cell phone~~/ beeper; and

B.    On the day of the events for which Miguel Rivera

stands charged a call was placed from the

Ostrowski residence to Miguel Rivera's ~~cell~~

~~phone~~/beeper before Miguel Rivera went to the

Ostrowski residence.

FURTHER DEPONENT SAYETH NOT.

SIGNED *Miguel Rivera*

REG. NO.  N 23881 – *New I.D.N. 64650,*

DATE:    *5 / 1 / 2006*

SUBSCRIBED and SWORN TO
before me this ____ day of _____, _____

_____
Notary Public

EXHIBIT - M - #13,

FILED

MAR 23 2005

DOROTHY BROWN
CLERK OF CIRCUIT COURT

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,      )
    Plaintiff-Respondent,              )
                                      )      No.   01 CR 2646
                                      )            ~~93 CR 25151~~
    vs.                                )
                                      )      Hon. Marjorie Laws,
MIGUEL RIVERA,                        )      Judge Presiding.
    Defendant-Petitioner.              )

---

## MOTION REQUESTING RELEASE OF SUBPOENAED MATERIALS

Now comes Edwin A. Burnette, Cook County Public Defender, Counsel for

the above-named Defendant, by and through Andrea Monsees, and respectfully

presents this motion requesting release of subpoenaed materials, in support of

which counsel represents:

      1.    This case is before this Court on Petitioner's request for

collateral (post-conviction) relief pursuant to 725 ILCS 5/122 et seq. People

v. Miguel Rivera, 01 CR 2646 Filed Nov. 24, 2003;

      2.    This case was tried to a jury empaneled before the Hon. Edward

Fiala;

3.    At sentencing it was brought out that the Pre-sentence investigation showed that Mr. Rivera suffers from depression, with an onset in 1983, for which he was prescribed Haldol, which he stopped taking when he was released from IDOC in 1997. ( *People v. Miguel Rivera* 1-02-0699, R. p. D-22; Trial Counsel Mr. Edwards speaking in mitigation.) The Pre-sentence investigation itself states:

> "In 1983, the Defendant reported that he was found eligible for Social Security Disability because of Depression. He stated that he did not begin to take medication for his Depression until 1994, when he was in IDOC. The Defendant indicated that he was prescribed with Haldon [Haldol], which he stopped taking when he was released from IDOC in 1997. He stated that he stopped taking the medication because it made him gain excessive weight." ( *People v. Miguel Rivera* 1-02-0699 CLR p. 112, page 6 of the Presentence investigation.)

4.    Accordingly, it appears that Miguel Rivera was tried and sentenced while disabled by the untreated mental illness of depression.

5.    The Circuit Court Clerk's memorandum of orders in this case does not reflect that Miguel Rivera was ever examined for fitness to stand trial or be sentenced.

6.    On January 25, 2005, at moving counsel's request the Clerk's office  issued a subpoena to the Cook County State's Department of Corrections and Cermak Hospital for Miguel Rivera's medical records. [Exhibit I]

7.    In response counsel received  from the Cook County Department of Corrections 10 pages of forms, without any substantive information.

7.    Counsel is tendering that report and subpoena to this Court, along with this motion that they be released to counsel.

8.    That subpoena requested materials that can  reasonably be expected to shed light on Mr. Rivera's mental disability.

Wherefore, counsel respectfully requests that this Court release to his counsel the materials subpoenaed on January 25, 2005.

Respectfully submitted,

EDWIN A. BURNETTE
COOK COUNTY PUBLIC DEFENDER
Cook County Attorney No.  30295


BY:    Andrea Monsees,
         Assistant   Public Defender

EDWIN A. BURNETTE, COOK COUNTY PUBLIC DEFENDER
ANDREA MONSEES, ASSISTANT PUBLIC DEFENDER

LAW OFFICES OF THE COOK COUNTY PUBLIC DEFENDER
69 West Washington - - 15th Floor
CHICAGO, IL 60602
312-603-0600

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS )
                                     )
              -vs-                   )       NO. 01 CR 2646
                                     )
MIGUEL RIVERA                        )

### SUBPOENA DUCES TECUM

TO: COOK COUNTY DEPARTMENT OF CORRECTIONS, 2700 South California Ave.,
Chicago, Il. 60608  (ATTENTION: RECORDS)
        **YOU ARE COMMANDED** to appear to testify before the Honorable Judge Marjorie
Laws, Presiding in Room 301, 2650 South California, Chicago, Illinois, 60608 on March 3,
2005, at 9:30 a.m.
**YOU ARE COMMANDED ALSO TO BRING THE FOLLOWING:** the records of Miguel
Rivera, DOB October 28, 1964, IR # 637055, CB # 14675448, SSI 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 including all
records from the Cook County Jail ~~and from medical services and from Cermak Hospital.~~
        **NOTE:**          **COPIES WILL SUFFICE IN LIEU OF COURT APPEARANCE.**

                        WITNESS this 25 day of Jan , 2005

                        _____
                        **DOROTHY BROWN**
                        **Clerk of the Cook County Circuit Court**

**DIRECT INQUIRIES TO:**
Andrea Monsees, Assistant Public Defender
69 West Washington, 15th Floor
Chicago, Illinois 60603
312-603-0600

*********************************************************************************
I served this subpoena by handing a copy to_____ on ___1/28/05___

**SERVED BY:**

        **DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

Ex1

ExHiBiT-N #14,

STATE OF ILLINOIS )
                   ) SS
COUNTY OF COOK )



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS, )
            Plaintiff-Respondent, )
                     )
               vs. )
                     )
MIGUEL RIVERA, )
          Defendant-Petitioner. )

No. 01-2646 ~~90-CR-26101~~

Hon. Marjorie Laws,
Judge Presiding.

---

### Certificate of Post-conviction Counsel

Pursuant to Illinois Supreme Court Rule 651( c), Cook County Public Defender Edwin A. Burnette, Counsel for Defendant-Petitioner, acting through his assistant Andrea Monsees, hereby certifies that the following action has been completed on this case:

     1.     Assigned counsel has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights;

     2.     Assigned counsel has examine the record of the proceedings at the trial;

     3.     Assigned counsel has filed two supplements to the pro se petition which she believes, when taken with Petitioner's pro se petition, adequately present his legal contentions; however, as she understands matters, Petitioner does not agree with her assessment and believes that he needs to address this

Court in person to make his contentions clear and known;

4.   There are two matters outstanding that assigned counsel believes
     she will complete on or before the next court date:

     A.   Obtaining and filing Mr. Rivera's affidavit in support of
          his pro se petition;

     B.   Obtaining and filing Mr. Rivera's affidavit asserting his
          belief that subpoenas of the Ostrowski phone records
          and his own cell phone records will show a call to his
          cell phone on August 28, 2000.

                        **Edwin A. Burnette**
                        **Cook County Public Defender**
                        **Counsel for Defendant-Petitioner**

                        By: _Andrea Monsees_
                           **Andrea Monsees**
                           **Assistant Public Defender**

                        Date:  **March 20, 2006**

**Edwin A. Burnette**
**Cook County Public Defender**
**(Andrea Monsees, APD)**
**69 West Washington - - 15th Floor**
**Chicago, Illinois 60601**
**312-603-0600**

ExHiBiT-O #15,
#5. Pgs

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,     )
          Plaintiff-Respondent,      )
                                     )     No.  93 CR 25151
          vs.                        )
                                     )     Hon. Marjorie Laws,
MIGUEL RIVERA,                       )     Judge Presiding.
          Defendant-Petitioner.      )

---

## MOTION TO ISSUE SUBPOENAS

Now comes Edwin A. Burnette, Cook County Public Defender,

Counsel for the above-named Defendant, by and through Andrea

Monsees, and respectfully presents this motion requesting leave to

subpoena materials, in support of which counsel represents:

1.    This case is before this Court on Petitioner's request for

collateral (post-conviction) relief pursuant to 725 ILCS 5/122 et seq.

*People v. Miguel Rivera*, 01 CR 2646 Filed Nov. 24, 2003;

2.    This case was tried to a jury empaneled before the Hon.

Edward Fiala;

3.    The jury convicted Mr. Rivera of one count aggravated

battery for which he was sentenced to 5 years imprisonment and of 3 counts of aggravated kidnaping on each of which he was sentenced to an extended term of 40 years imprisonment, those sentences to be served concurrently.

4.    Each of those aggravated kidnaping guilty verdicts was predicated on an intent to secretly confine Heather Carson, Nicholas Carson and Isaiah Ostrowski against his/her will. (Exhibit B - Instructions)

5.    To prove aggravated kidnaping under 720 ILCS 10-2 (a)(5) the State must prove that defendant knowingly and secretly confined the victim, and requires a showing either of the secrecy of the confinement or the place of the confinement. *People v. Pasch*, 152 Ill.2d 133, 187, 604 N.E.2d 294 (1992). "'Secret' has been defined as concealed, hidden, or not made public." *Id., citing People v. Mulcahey*, 72 Ill. 2d 282, 285, 381 N.E.2d 254 (1978). In *Pasch* the Court reversed defendant's aggravated kidnaping conviction because defendant, though he held his victim hostage in an apartment for 36 hours, made no attempt to keep her presence a secret. 152 Ill.2d 187-188.

6.    The material before this Court speaks against Miguel

Rivera ever having intended secret confinement, most notably - -

    A.     Heather Carson testified that on the way from the Ostrowski apartment, at Miguel Rivera's behest she called the police to say she had not been kidnaped. (Exhibit C)

    B.     Defense counsel's trial statement that Heather Carson told Attorney Duffin that she did not see Miguel Rivera with a knife while inside the apartment. (Exhibit D; also pro se petition p. 3)

    6.     Additional matters alleged in Petitioner's pro se petition support   the absence of any intent to secretly confine.

    A.     That Heather Carson was with him with his sister Maria Rivera later the same day and told Maria and her husband Brian that she and Miguel were going to Florida with the children. (Pro se petition p. 7)

    B.     That the police reports in the case contained statements attributed to Heather Carson stating she was not kidnaped and stating that she and Miguel Rivera shared expenses while living together in Florida. (Pro se petition p. 5 and related exhibits.)

    C.     That Heather spoke with an FBI agent the day after

the events and assured him she had not been kidnaped. (Pro
se petition pp. 6 and 7)

7.   This case is now in a posture awaiting the State to
respond to the petitions.

8.   The requested materials will inform Petitioner's
answer to any response the State may make in this matter.

Wherefore, counsel respectfully requests that this Court authorize
Defendant's counsel to subpoena the following:

a.   Any and all reports and documents generated by personnel in
the Chicago Police Department concerning this case;

b.   The trial file of trial counsel;

c.   The telephone records of Miguel Rivera's ~~cell phone~~ and of *beeper*
Michael Ostrowski's home phone for the date of August 28,
2000;

d.   [For deposition] Petitioner's sister Maria Rivera and her
husband Brian.

Respectfully submitted,

EDWIN A. BURNETTE
COOK COUNTY PUBLIC DEFENDER
Cook County Attorney No.  30295

BY:     Andrea Monsees,
Assistant  Public Defender

Page 4 of 5

EDWIN A. BURNETTE, COOK COUNTY PUBLIC DEFENDER
ANDREA MONSEES, ASSISTANT PUBLIC DEFENDER
----------------

LAW OFFICES OF THE COOK COUNTY PUBLIC DEFENDER
69 West Washington - - 15th Floor
CHICAGO, IL 60602
312-603-0600

EXHIBIT-P-16.

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK  )

**FILED**

MAR 2 3 2005

**DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,     )
         Plaintiff-Respondent,        )
                             )
            vs.                    )
                             )
MIGUEL RIVERA,                  )
         Defendant-Petitioner.       )

No. ~~93 CR 25151~~ 01 CR 2646

**Hon. Marjorie Laws,**
**Judge Presiding.**

---

### MOTION TO ISSUE SUBPOENAS

Now comes Edwin A. Burnette, Cook County Public Defender, Counsel for the above-named Defendant, by and through Andrea Monsees, and respectfully presents this motion requesting release of subpoenaed materials, in support of which counsel represents:

      1.    This case is before this Court on Petitioner's request for collateral (post-conviction) relief pursuant to 725 ILCS 5/122 et seq. People v. Miguel Rivera, 01 CR 2646 Filed Nov. 24, 2003;

      2.     This case was tried to a jury empaneled before the Hon. Edward Fiala;

3.    At sentencing it was brought out that the Pre-sentence investigation showed that Mr. Rivera suffers from depression, with an onset in 1983, for which he was prescribed Haldol, which he stopped taking when he was released from IDOC in 1997. ( *People v. Miguel Rivera* 1-02-0699, R. p. D-22; Trial Counsel Mr. Edwards speaking in mitigation.)  The Pre-sentence investigation itself states:

> "In 1983, the Defendant reported that he was found eligible for Social Security Disability because of Depression.  He stated that he did not begin to take medication for his Depression until 1994, when he was in IDOC.  The Defendant indicated that he was prescribed with Haldon [Haldol], which he stopped taking when he was released from IDOC in 1997.  He stated that he stopped taking the medication because it made him gain excessive weight." ( *People v. Miguel Rivera* 1-02-0699 CLR p. 112, page 6 of the Presentence investigation.)

4.    Miguel Rivera's affidavit of some of his medical treatment for mental illness accompanies this motion; [Exhibit I]

5.    Accordingly, it appears that Miguel Rivera was tried and sentenced while disabled by the untreated mental illness of depression.

6.    The Circuit Court Clerk's memorandum of orders in this case

does not reflect that Miguel Rivera was ever examined for fitness to stand

trial or be sentenced.

Wherefore, counsel respectfully requests that this Court authorize Defendant's

counsel to subpoena any and all health records concerning Miguel Rivera

maintained by the Illinois Department of Corrections, the Cook County

Department of Corrections, the United States Social Security Administration, and

any healthcare provider in Illinois.

**Respectfully submitted,**

**EDWIN A. BURNETTE**
**COOK COUNTY PUBLIC DEFENDER**
**Cook County Attorney No.  30295**

_____

**BY:    Andrea Monsees,**
**         Assistant   Public Defender**

**EDWIN A. BURNETTE, COOK COUNTY PUBLIC DEFENDER**
**ANDREA MONSEES, ASSISTANT PUBLIC DEFENDER**
----------
**LAW OFFICES OF THE COOK COUNTY PUBLIC DEFENDER**
**69 West Washington - - 15ᵗʰ Floor**
**CHICAGO, IL 60602**
**312-603-0600**

EхНiBiT-Q #.17,

09/06/2007
06:27:31

# Student Performance by Test Item

12345 - NMCD / 02 - CNMCF

Test Dates between 09/06/2007 and 06/30/2008

Page: 4
PC4

| | | |
|---|---|---|
| Agency: | 12345 - NMCD | |
| Site: | 02 - CNMCF | |
| Class: | 03 - Pederson | |
| Course: | | |
| Form: | 018M - Employability Math Level D | |
| Student: | 64650        - | |

| | |
|---|---|
| Program: | OTHER |
| Test Date: | 09/06/2007 |
| Raw Score: | 4 |
| Scale Score: | ♦ |

| Item | Correct? | Comp No. | Task | Competency Description |
|---|---|---|---|---|
| 1 | No | 4.4.8 | 3 | Interpret job-related technical information |
| 2 | Yes | 4.4.8 | 3 | Interpret job-related technical information |
| 3 | No | 6.3.2 | 0 | Subtract common or mixed fractions |
| 4 | No | 6.3.3 | 0 | Multiply common or mixed fractions |
| 5 | No | 6.8.2 | 3 | Interpret statements of probability |
| 6 | No | 1.1.5 | 3 | Interpret temperatures |
| 7 | No | 2.3.1 | 3 | Interpret clock time |
| 8 | No | 4.4.6 | 2 | Interpret work specifications and quality standards |
| 9 | Yes | 4.4.6 | 2 | Interpret work specifications and quality standards |
| 10 | No | 4.4.6 | 2 | Interpret work specifications and quality standards |
| 11 | No | 4.7.2 | 2 | Identify or demons. effective mgmt. of material resources |
| 12 | No | 4.7.2 | 2 | Identify or demons. effective mgmt. of material resources |
| 13 | Yes | 4.7.2 | 2 | Identify or demons. effective mgmt. of material resources |
| 14 | No | 4.7.3 | 2 | Identify or demonstrate effective mgmt. of human resources |
| 15 | No | 4.7.3 | 2 | Identify or demonstrate effective mgmt. of human resources |
| 16 | No | 4.7.3 | 2 | Identify or demonstrate effective mgmt. of human resources |
| 17 | Yes | 4.7.3 | 3 | Identify or demonstrate effective mgmt. of human resources |
| 18 | No | 6.6.3 | 5 | Measure area and volume of geometric shapes |
| 19 | No | 6.6.3 | 5 | Measure area and volume of geometric shapes |
| 20 | No | 6.6.5 | 5 | Interpret diagrams, illustrations, and scale drawings |
| 21 | No | 6.6.5 | 5 | Interpret diagrams, illustrations, and scale drawings |
| 22 | No | 6.6.5 | 5 | Interpret diagrams, illustrations, and scale drawings |
| 23 | No | 6.5.2 | 5 | Recognize and apply simple geometric formulas |
| 24 | No | 6.5.3 | 3 | Recognize and apply simple algebraic formulas |
| 25 | No | 6.6.1 | 3 | Convert units of U.S. standard measurement, metric system |
| 26 | No | 6.6.1 | 3 | Convert units of U.S. standard measurement, metric system |
| 27 | No | 4.2.1 | 2 | Interpret wages, deductions, benefits, timekeeping forms |
| 28 | No | 6.6.3 | 3 | Measure area and volume of geometric shapes |
| 29 | No | 6.6.3 | 3 | Measure area and volume of geometric shapes |
| 30 | No | 6.6.6 | 3 | Calculate with units of time |
| 31 | No | 6.6.6 | 3 | Calculate with units of time |
| 32 | No | 6.5.3 | 3 | Recognize and apply simple algebraic formulas |

\* Score outside of accuracy range
♦ Score is a conservative estimate; retesting is recommended.

09/06/2007
06:27:31

## Student Performance by Test Item

12345 - NMCD / 02 - CNMCF

Test Dates between 09/06/2007 and 06/30/2008

Page: 5
PC4

| | | | | | | |
|---|---|---|---|---|---|---|
| **Agency:** | 12345 - NMCD | | | **Program:** | OTHER | |
| **Site:** | 02 - CNMCF | | | **Test Date:** | 09/06/2007 | |
| **Class:** | 03 - Pederson | | | **Raw Score:** | 6 | |
| **Course:** | | | | **Scale Score:** | 221 | |
| **Form:** | 018R - Employability Reading Level D | | | | | |
| **Student:** | 64650 | | | | | |

| Item | Correct? | Comp No. | Task | Competency Description |
|---|---|---|---|---|
| 1 | No | 4.4.3 | 3 | Interpret job-related signs, charts, diagrams, forms, etc. |
| 2 | Yes | 4.6.4 | 3 | Report progress, status of assigned tasks, and problems |
| 3 | No | 4.6.4 | 3 | Report progress, status of assigned tasks, and problems |
| 4 | No | 4.6.4 | 3 | Report progress, status of assigned tasks, and problems |
| 5 | No | 4.2.1 | 3 | Interpret wages, deductions, benefits, timekeeping forms |
| 6 | No | 4.2.1 | 3 | Interpret wages, deductions, benefits, timekeeping forms |
| 7 | Yes | 4.2.1 | 3 | Interpret wages, deductions, benefits, timekeeping forms |
| 8 | Yes | 4.3.2 | 2 | Interpret work safety manuals and related publications |
| 9 | No | 4.3.2 | 2 | Interpret work safety manuals and related publications |
| 10 | Yes | 4.3.2 | 2 | Interpret work safety manuals and related publications |
| 11 | Yes | 4.6.4 | 3 | Report progress, status of assigned tasks, and problems |
| 12 | No | 4.6.4 | 3 | Report progress, status of assigned tasks, and problems |
| 13 | No | 4.6.4 | 3 | Report progress, status of assigned tasks, and problems |
| 14 | Yes | 4.5.7 | 2 | Demonstrate ability to resolve problems with machines |
| 15 | No | 4.5.7 | 2 | Demonstrate ability to resolve problems with machines |
| 16 | No | 4.5.7 | 2 | Demonstrate ability to resolve problems with machines |
| 17 | No | 4.5.6 | 3 | Demonstrate ability to select, set up, use tools, machines |
| 18 | No | 4.5.6 | 3 | Demonstrate ability to select, set up, use tools, machines |
| 19 | No | 4.5.6 | 3 | Demonstrate ability to select, set up, use tools, machines |
| 20 | No | 4.5.6 | 3 | Demonstrate ability to select, set up, use tools, machines |
| 21 | No | 4.4.3 | 3 | Interpret job-related signs, charts, diagrams, forms, etc. |
| 22 | No | 4.4.3 | 3 | Interpret job-related signs, charts, diagrams, forms, etc. |
| 23 | No | 4.4.3 | 3 | Interpret job-related signs, charts, diagrams, forms, etc. |
| 24 | No | 4.4.3 | 3 | Interpret job-related signs, charts, diagrams, forms, etc. |
| 25 | No | 4.6.2 | 3 | Interpret work-related correspondence, e.g. memos and e-mail |
| 26 | No | 4.6.2 | 3 | Interpret work-related correspondence, e.g. memos and e-mail |
| 27 | No | 4.6.2 | 3 | Interpret work-related correspondence, e.g. memos and e-mail |
| 28 | No | 4.3.2 | 2 | Interpret work safety manuals and related publications |
| 29 | No | 2.5.9 | 2 | Identify child care services in the community |
| 30 | No | 2.5.9 | 2 | Identify child care services in the community |

\* *Score outside of accuracy range*
♦ *Score is a conservative estimate; retesting is recommended.*

## Competency Task Number Legend
Task 1 - Forms
Task 2 - Charts, maps, consumer billings, matrices, graphs, tables
Task 3 - Articles, paragraphs, sentences, directions, manuals
Task 4 - Signs, price tags, advertisements, product labels
Task 5 - Measurement scales, diagrams
Task 6 - Oral cue

—————————————— Criteria ——————————————

Agency(s): 12345 - NMCD
Site(s): 02 - CNMCF

ExHiBiT - R - #18;



**Richard M. Daley**
Mayor

**Department of Police • City of Chicago**
3510 S. Michigan Avenue • Chicago, Illinois 60653

**Philip J. Cline**
Superintendent of Police

June 10, 2005

Miguel Rivera #N-23881
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

**Re:    NOTICE OF DENIAL OF PUBLIC RECORDS**
**REQUEST DATE:    May 17, 2005**
**FOIA FILE NO.:    05-0575**

Dear Mr. Rivera:

The Chicago Police Department is in receipt of your letter dated May 13, 2005. You claim that there was a misunderstanding with a Freedom of Information Act (FOIA) request that you submitted in January 2005, and is filed under FOIA File No. 05-0042.

At that time, you requested the "arresting police reports" from your arrest on January 9, 2001. In response, you were offered a copy of the January 9, 2001 Arrest Report, as well as a copy of the General Offense Case Report filed under RD No. F-529122, which is the police report of the incident in reference to your arrest. Based on your original request, our response was appropriate.

Now, you state that you were actually requesting the following records: the general progress report (about 4-6 pages), the general summary reports, statement reports (also about 4 or 5 pages), and a copy of the arresting report from Fort Meyers, Florida dated December 23, 2000, and the arrest warrant. As you are now seeking records not previously requested, your second letter dated May 13, 2005 shall be treated as a new FOIA request and will be assigned FOIA File No. 05-0575.

Your request has been reviewed by the undersigned. Based upon the information provided, it was determined that your request must be denied.

In regard to the general progress report, general summary reports, and statement reports, I have concluded that you are seeking Case Supplementary Reports that were prepared by the Detective Division for the criminal investigation filed under RD No. F-529122. Furthermore, it has been determined that these records pertain to an ongoing criminal court matter being tried in the courtroom of Judge Marjorie Laws, and of which you are a named defendant (Docket No.

---

01-CR-0264601). Consequently, said reports must be sought in the context of the pending trial. Therefore, our denial is based upon the following Illinois Freedom of Information Act exemptions:

> 5 ILCS 140/7(1)(a) Information specifically prohibited from disclosure by federal or State law or rules and regulation adopted under federal or State law:
>
>> Specifically, Illinois Supreme Court Rules, Article IV: Rules on Criminal Proceedings in the Trial Court;
>
> 5 ILCS 140/7 (1)(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to:
>
>> (v)    information revealing the identity of persons who file complaints with or provide information to administrative, investigative, law enforcement or penal agencies;
>
> 5 ILCS 140/7 (1)(c)Records compiled by any public body for administrative enforcement proceedings and any law enforcement or correctional agency for law enforcement purposes or for internal matters of a public body, but only to the extent that disclosure would:
>
>> (iii)    deprive a person of a fair and impartial hearing;
>>
>> (vi)    constitute an invasion of personal privacy under subsection (b) of this Section;
>>
>> (vii)    endanger the life or physical safety of law enforcement personnel or any other person;
>
> 5 ILCS 140/7 (1)(n) Communication between a public body and an attorney or auditor representing the public body that would not be subject to discovery in litigation, and materials prepared or compiled by or for a public body in anticipation of a criminal, civil or administrative proceeding upon the request of an attorney advising the public body, and materials prepared or compiled with respect to internal audits of public bodies.

For your information, the Freedom of Information Act was not intended to be used in lieu of the subpoena process. It is recommended that you contact your attorney to submit a subpoena for records (that has been properly filed with the Clerk of the Circuit Court) with the Chicago Police Department's Subpoena Unit, at the following address:

Chicago Police Department
Attn: Subpoena Unit
Records Inquiry & Customer Service Section, Unit 163
3510 S. Michigan Avenue
Chicago, IL 60653

In addition, the reports you are seeking may already be part of the court file, which is maintained by the Clerk of the Circuit Court at the following address:

> Clerk of the Circuit Court
> Criminal Division
> 2650 S. California Avenue, Room 526
> Chicago, IL 60608

In regard to your request for a copy of the arrest report from Fort Meyers, Florida, as well as the arrest warrant, our denial is based upon Section 140/1 of the Illinois Freedom of Information Act, which reads as follows:

> "This Act is not intended to create an obligation on the part of any public body to maintain or prepare any public record which was not maintained or prepared by such public body at the time when this Act becomes effective, except as otherwise required by applicable local, State or Federal Law."

The Chicago Police Department is not the official custodian of records for outside agencies. The correct repository for the arrest report pertaining to your arrest in Florida on December 23, 2000 would be the arresting law enforcement agency in Florida. You must contact that agency directly.

In addition, the arrest warrant is a court record that was issued by the Circuit Court of Cook County. The correct repository for court records is the Clerk of the Circuit Court. You may contact the Criminal Division at the address listed above.

You may file a written appeal of this denial with the Superintendent of Police at the following address:

> Superintendent of Police
> Chicago Police Department
> 3510 S. Michigan Avenue
> Chicago, IL 60653

We are in receipt of your payment for the records requested under FOIA File No. 05-0042. Please find the documents and your receipt of payment enclosed with this correspondence.

Sincerely,

Olivia Medina

Olivia Medina
Public Information Officer
Department of Police
Records Services Division

*No kidnapping - Reports nor - statements See Police Reports*

*General Progress*
*Reports*
*and*
*Summery Reports*
*Statements*

**Richard M. Daley**
Mayor

**Department of Police • City of Chicago**
3510 S. Michigan Avenue • Chicago, Illinois 60653

**Philip J. Cline**
Superintendent of Police

January 26, 2005

Re:    **NOTICE OF DENIAL OF PUBLIC RECORDS**
       **REQUEST DATE: January 13, 2005**
       **FOIA FILE NO.: 05-0042**

Dear Sir/Madam,

The Chicago Police Department is in receipt of your Freedom of Information Act request concerning copies of your police reports and preliminary hearing reports in reference to your arrest on January 9, 2001.

Your request was reviewed by the undersigned and it was determined that this request must be partially denied. A search of our documents revealed a police report and an arrest report responsive to your request. Copies of the reports may only be provided with certain information deleted. The deleted material is specifically exempt from disclosure under the following Illinois Freedom of Information Act exemptions:

> 5 ILCS 140/7 (1)(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, <u>unless the disclosure is consented to in writing by the individual subjects of the information</u>. Information exempted under this subsection (b) shall include but is not limited to:
>
> > (v) information that reveals the identity of persons who file complaints with or provide information to administrative, investigative, law enforcement or penal agencies.
>
> 5 ILCS 140/7 (1)(c)Records compiled by any public body for administrative enforcement proceedings and any law enforcement or correctional agency for law enforcement purposes or for internal matters of a public body, but only to the extent that disclosure would:
>
> > (vi) constitute an invasion of personal privacy under subsection (b)
>
> > (vii) endanger the life or physical safety of law enforcement personnel or any other person.

However, your request for preliminary reports was reviewed by the undersigned and it was determined that this request must be denied. The Chicago Police Department does not maintain court documents. Therefore, this denial is based on the legislative intent of the Illinois Freedom of Information Act found in Section 140/1, which reads as follows:

*Myers*

*Warrent*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT - CRIMINAL DIVISION

PEOPLE OF THE STATE )
OF ILLINOIS )
VS. )
MIGUEL RIVERA, PROSE: )

NO. 01 CR 2646

**FILED**

DEC 10 2003

PROOF / CERTIFICATE OF SERVICE

D: CLERK OF THE COURT
2650 S. California
Chicago, Illinois. 60608

TO: STATE'S ATTORNEY
305 DALEY CENTER
Chicago, Illinois. 60601

PLEASE TAKE NOTICE THAT ON 11-17-2003, I HAVE PLACED THESE DOCUMENTS listed below IN THE INSTITUTIONAL MAIL AT MENARD CORR. CTR., PROPERLY addressed TO THE PARTIES listed above FOR MAILING THREW THE UNITED STATES POSTAL SERVICE:

PURSUANT TO 28 USC 1746, 18 USC OR 735 ILCS 5/1-109, I declare under PENALTY OF PERJURY THAT I am a named PARTY IN THE above documents and that THE INFORMATION Contained THEREIN is TRUE and CORRECT TO THE best OF MY KNOWLEDGE.

/S/ Miguel Rivera #N-23881
PRO SE

Subscribed and SWORN TO bEFORE
ME THIS 17th day OF November, 2003.

Regina Summers

"OFFICIAL SEAL"
Regina Summers
Notary Public, State of Illinois
My Commission Exp. 07/21/2005

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

THE PEOPLE OF THE          )
STATE OF ILLINOIS          )    NO. 01CR2646
        VS.                )
MIGUEL RIVERA, PRO SE:     )

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

NOW COMES THE DEFENDANT PRO SE BEFORE THIS COURT AND
RESPECTFULLY REQUEST THAT DEFENDANT BE GRANTED LEAVE TO FILE
IN FORMA PAUPERIS THE ATTACHED PETITION FOR POST-CONVICTION
RELIEF FILED PURSUANT TO 725 ILCS 5/122 ET SEQ WEST 1992.
IN SUPPORT OF THIS REQUEST, DEFENDANT RIVERA STATES THE
FOLLOWING:

        1.) DEFENDANT IS PRESENTLY INCARCERATED AT MENARD CORR.
CTR., AND HAS BEEN SINCE 2001.

        2.) DEFENDANT HAS BEEN SENTENCED TO THREE CONCURRENT EXTENDED
TERMS OF FORTY (40) YEARS AND A CONCURRENT FIVE YEAR SENTENCE.

        3.) DEFENDANT IS PRESENTLY WITHOUT NO ASSETS OR ANY SOURCE
OF INCOME IN WHICH TO PAY FOR THE COST OF THESE PROCEEDINGS.

## Conclusion

WHEREFORE THE DEFENDANT PRO SE PRAYS THAT THE LEAVE BE GRANTED
TO LEAVE TO FILE IN FORMA PAUPERIS AND THE ATTACHED PETITION FOR POST
CONVICTION RELIEF.

M.R.
?C: FILE

RESPECTFULLY SUBMITTED,

Miguel Rivera #N-23881
MIGUEL RIVERA - # N23881
PRO SE
P.O. BOX 711
MENARD, IL 62259

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

PEOPLE OF THE STATE           )
   OF ILLINOIS                )       NO. 01CR2646
      VS.                     )
                              )
MIGUEL RIVERA, PROSE:         )

### MOTION TO CONDUCT AN INVESTIGATION, PERMISSION TO ENTER INTERROGATIVE QUESTIONING AND SUBPEONA EACH OF THE FOLLOWING WITNESS INTO EXAMINATION FOR CAUSE.

NOW COMES THE DEFENDANT IN THE ABOVE CAUSE AND RESPECTFULLY REQUEST THIS MOST HONORABLE COURT TO GRANT HIM RELIEF ON THE ABOVE MOTION.

1.) MARIA RIVERA
2.) BRYANT RIVERA
3.) RICK DUFFIN
4.) FRANK EDWARDS
5.) EDITH GUZMAN

6.) ROBERT CLEMENS
7.) KAREN SKEPPER
8.) TOM FILKOVIC
9.) HEATHER CARSON
10.) DONALD CARSON

11.) DONNA BILLMEIR
12.) SHARON LUNN
13.) JENNIFER SCHUMAL
14.) ARIELE PACHERO
15.) ROGEL ROGELIO

16.) NOEL RIVERA
17.) MONICA JOHNSON

WHEREFORE THE DEFENDANT PRAYS THAT THIS MOTION IN PARTICULAR TO CONDUCT AN INVESTIGATION, PERMISSION TO ENTER INTERROGATIVE QUESTIONING AND TO SUBPOENA EACH OF THE ABOVE WITNESS INTO EXAMINATION FOR CAUSE BE HEREBY GRANTED.

/S/ *Miguel Rivera* #N23881
PROSE

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

PEOPLE OF THE )
STATE OF ILLINOIS )      NO. 01 CR 2646
        VS. )
MIGUEL RIVERA, PRO SE )

### AFFIDAVIT IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

I, MIGUEL RIVERA, BEING FIRST duly SWORN DEPOSE AND SAY THAT I AM THE DEFENDANT IN THE ABOVE ENTITLED CAUSE: IN SUPPORT OF MY MOTION TO PROCEED WITHOUT BEING REQUIRED TO PRE-PAY FEES, COSTS OR GIVE SECURITY.

1) ARE YOU PRESENTLY EMPLOYED? No

2) Do you own ANY CASH OR HAVE ANY MONEY IN A CHECKING OR SAVINGS ACCOUNT? No

3) I DONT HAVE ANY MEANS OF FINANCIAL SUPPORT OR MONEY COMING INTO MY ACCOUNT.

WHEREFORE DEFENDANT PRAYS THAT THE COURT GRANTS HIM TO LEAVE TO PROCEED IN FORMA PAUPERIS.

RESPECTFULLY SUBMITTED,

Miguel Rivera #N-23881
PRO SE

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS 17th DAY OF November, 2003.

Regina Summers

NOTARY PUBLIC

"OFFICIAL SEAL"
Regina Summers
Notary Public, State of Illinois
My Commission Exp. 07/21/2005

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

PEOPLE OF THE STATE )
OF ILLINOIS )
VS. )          NO. 01 CR 2646
)
MIGUEL RIVERA, PRO SE: )

## MOTION FOR DISCOVERY FAVORABLE EVIDENCE TO DEFENDANT

NOW COMES THE DEFENDANT HEREIN AND MOVES THE COURT TO ENTER AN
ORDER IN THIS CAUSE REQUIRING THE PROSECUTION TO DISCLOSE AND RELATIVE
TO ANY TANGIBLE OBJECTS, TO PRODUCE FOR INSPECTION AND COPYING BY DEFENDANT,
ALL EVIDENCE IN THE POSSESION AND CONTROL OF THE PROSECUTION, OR OTHERS, WHEN
THE EVIDENCE MAY BE FAVORABLE TO DEFENDANT AND MATERIAL TO HIS INNOCENSE,
OR COULD REASONABLY WEAKEN OR AFFECT ANY EVIDENCE PROPOSED TO BE INTRODUCED
AGAINST DEFENDANT, OR IS RELAVANT TO THIS CASE, OR IN ANY MANNER MAY AID DEFENDANT
IN THE ASCERTAINMENT OF THE TRUTH; THE DISCLOSURE AND PRODUCTION TO BE MADE
WITHOUT REGARD TO WHETHER THE EVIDENCE TO BE DISCLOSE AND PRODUCED IS DEEMED
ADMISSIBLE AT THE TRIAL HEREIN; SAID DISCLOSURE AND PRODUCTION TO INCLUDE BUT
NOT BE LIMITED TO THE FOLLOWING EVIDENCE;

1.) STATEMENTS OF ALL INDIVIDUALS WHO HAVE BEEN INTERVIEWED BY THE PROSECUTION
OR ITS AGENTS IN CONJUCTION WITH THIS CASE AND WHOM THE PROSECUTION DOES
NOT INTEND TO CALL AT TRIAL.

2.) Any and all Memoranda or Summaries of any oral statements made to the Prosecution or its Agents by any individual in conjuction with this case, whether or not statements if the statements were in writing, have been signed and or approved by the witness, or the statements relate to the proposed subject matter of the direct testimony of the witness at trial.

3.) Any and all stenographic recording or transcription of any oral statement made by any individual to the Prosecution or its agent in conjuction with this case, whether or not the recording or transcription is a substantially verbatim recital of the statement, or the statement relates to the proposed subject matter of the direct testimony of the witness at trial.

4.) The statements of individuals or memoranda or recording of any oral statement of any individual, whether or not made to the Prosecution or its agents.

5.) The transcripts of the testimony provided before the Grand Jury during its investigation and consideration of the subject matter herein by any individuals whether or not the state prosecution intends to call them to testify at trial.

6.) Any and all memoranda, documents or statements used by the Prosecution during its investigation of the case.

7.) The names of all persons who may have some knowledge of the facts of the case.

8.) A copy of the criminal records of all persons the prosecutor intends to call at trial.

9.) All REPORTS and MEMORANDA PREPARED ON behalf OF THE STATE PROSECUTION OR OTHERWISE IN CONNECTION WITH THE INVESTIGATION OF THE CASE.

10.) WRITTEN OR RECORDED STATEMENTS OR A SUMMARY OF ANY STATEMENT Made by DEFENDANT OR COPIES OF Such STATEMENTS.

11.) THE RESULTS OF REPORTS OF ANY SCIENTIFIC TEST OR EXPERIMENTS OR STUDIES Made IN CONNECTION WITH THE CASE, OR COPIES OF Such REPORTS.

WHEREFORE THE DEFENDANT RESPECTFULLY REQUESTS THAT THE RELIEF Sought IN THIS MOTION BE IN ALL RESPECTS GRANTED.

/S/ Miguel Rivera
PRO SE

Subscribed and SWORN TO BEFORE ME THIS 17th day OF November, 2003.

Regina Summers
NOTARY PUBLIC

"OFFICIAL SEAL"
Regina Summers
Notary Public, State of Illinois
My Commission Exp. 07/21/2005

- 3 -

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

PEOPLE OF THE STATE )
OF ILLINOIS )
    VS. )      No. 01CR2646
  )
MIGUEL RIVERA, PROSE: )

PETITION FOR WRIT OF HABEAS CORPUS Ad TESTIFICANDUM

NOW COMES THE DEFENDANT, MIGUEL RIVERA, AND RESPECTFULLY REQUEST
THIS COURT TO ISSUE a WRIT OF HABEAS CORPUS Ad TESTIFICANDUM TO
THE WARDEN OF MENARD CORRECTIONAL CENTER, AT MENARD, ILLINOIS.
IN SUPPORT THEREOF THE FOLLOWING HEREIN IS STATED:

1.) THAT THE DEFENDANT IS CURRENTLY INCARCERATED IN THE ILLINOIS
    DEPARTMENT OF CORRECTIONS AT MENARD CORRECTIONAL CENTER.

2.) THAT DEFENDANTS PRESENCE IS NECESSARY TO PROPERLY PRESENT
    THIS CAUSE OF ACTION.

3.) THAT THE WARDEN OF MENARD CORRECTIONAL CENTER IS:
        JONATHAN R. WALLS (WARDEN)
        MENARD CORRECTIONAL CENTER
        P.O. BOX 711
        MENARD, ILLINOIS. 62259

WHEREFORE DEFENDANT PRAYS FOR a WRIT OF HABEAS CORPUS Ad
TESTIFICANDUM.

/s/ Miguel Rivera
PRO SE

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

PEOPLE OF THE STATE )
OF ILLINOIS )        NO. 01 CR 2646
)
VS. )
)
MIGUEL RIVERA, PRO SE: )

MOTION FOR APPOINTMENT OF COUNSEL OTHER THAN PUBLIC DEFENDER

NOW COMES DEFENDANT AND RESPECTFULLY MOVES THIS MOST HONORABLE COURT FOR AN
ORDER OF APPOINTMENT OF COUNSEL OTHER THAN PUBLIC DEFENDER. IN SUPPORT OF THIS
MOTION DEFENDANT STATES AS FOLLOWS;

1) THAT DEFENDANT IS PRESENTLY HELD IN CUSTODY AT THE MENARD CORRECTIONAL
CENTER AT MENARD, ILLINOIS. 62259

2.) DEFENDANT IS WITHOUT SUFFICIENT FUNDS, INCOME OR ASSETS WITH WHICH TO
PAY FOR THE COSTS OF THESE PROCEEDINGS OR TO EMPLOY AN ATTORNEY TO REPRESENT
HIM IN THIS MATTER.

3.) DEFENDANT STATES THAT HE HAS MERITORIOUS ISSUES WHICH IS NEITHER FRIVOLOUS
OR MELICIOUS.

4.) DEFENDANT IS WITHOUT SERVICES OF COUNSEL AND WISHES THAT THIS MOST HONORABLE
COURT GRANT AND APPOINT COUNSEL OTHER THAN PUBLIC DEFENDER, TO REPRESENT HIM
IN THIS MATTER.

WHEREFORE DEFENDANT PRAYS THAT THIS MOST HONORABLE COURT
GRANT THIS MOTION FOR APPOINTMENT OF COUNSEL OTHER THAN THE OFFICE OF
THE PUBLIC DEFENDER.

/S/ Miguel Rivera
PRO SE

STATE OF ILLINOIS )
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

THE PEOPLE OF THE )   Criminal
STATE OF ILLINOIS )   No. 01 CR 2646
            VS.    )   Charge: AGG, Kidnapping, ETC.
MIGUEL RIVERA      )

## PETITION FOR POST-CONVICTION RELIEF

NOW COMES THE DEFENDANT PRO SE PURSUANT TO THE ILLINOIS POST-
CONVICTION PETITION ACT OF THE ILLINOIS REVISED STATUES OF CHAPTER 38.
725 ILCS. 5/122-1, ET SEQ AND MOVES THIS honorable COURT TO VACATE
THE JUDGEMENT ENTERED ON January 17, 2002 IN THE CIRCUIT COURT OF COOK
COUNTY. IN CONNECTION OF THE CHARGES OF THREE COUNTS OF AGGRAVATED
KIDNAPPING TO THREE CONCURRENT EXTENDED TERMS OF 40 YEARS AND A 5 YEAR
CONCURRENT TERM FOR AGGRAVATED BATTERY WITH THE TRUTH IN SENTENCING.
1.) DEFENDANT MIGUEL RIVERA IS PRESENTLY INCARCERATED AT MENARD CORR. CTR
AT P.O. BOX 711, MENARD, ILLINOIS. 62259
2.) DEFENDANT STATES THAT his STATE AND UNITED STATES AMEND., CONSTITUTIONAL
RIGHTS have been Violated.
3.) THEREFORE, DEFENDANT should be ENTITLED TO THE RELIEF OF A POST-CONVICTION
PETITION ACT.

## STATEMENT

Petitioner Miguel Rivera was convicted of three counts of aggravated kidnapping to three concurrent extended terms of 40 years and a 5 year concurrent term for aggravated battery after a Jury Trial in the Circuit Court of Cook County, Illinois, in a bench Sentencing Proceeding.

His Conviction and sentence were affirmed on direct appeal by the Illinois Supreme Court and the Supreme Court denied the Defendant the Petition for leave to appeal. See; People v. Rivera, No. 96374 (2003).

Rivera filed a Petition For leave To appeal and his Petition Was denied and dismissed On October 7, 2003, Without an evidentiary hearing or written order. An appeal Was Taken before the Illinois supreme court, Which affirmed The dismissal Of the Petition on direct appeal on "10-7-03".

On appeal To This Court, defendant raises Numerous Contentions in Opposition To The trial Court's decision To dismiss his motion Petition For a new Trial and The Illinois supreme Court denying his appeal Without an evidentiary hearing. Defendant's Principal arguments are based Primarily on the alleged ineffective assistance of trial Counsel. although defendant Focuses On the Performance of his Trial Counsel, he also claims That his attorney on direct appeal Was ineffective For Failing To Raise Certain claims. We observe That The same standards Govern the evaluation of the Performance of both trial and appellate Counsel. People v. Whitehead, 169 Ill. 2d 355, 381 (1996). Because these Two issues overlap, We Will Focus On Trial Counsel's Performance. See Tenner, 175 Ill. 2d at 378; Guest, 166 Ill. 2d at 390. obviously.

- 2 -

## ISSUES

In this Post-Conviction Relief, defendant Raises numerous issues that essentially claim that his Trial Counsel was ineffective because he failed to: (1) Request a Batson hearing; (2) Present Testimony of an alibi witness; (3) Request a new trial hearing; (4) argue that defendant lacked the capacity to form the requisite intent to commit aggravated kidnapping and aggravated battery; (5) investigate and present available mitigating evidence; Defendant also claims that his extended term sentence is (6) unconstitutional because he was sentenced without the benefit of mitigating evidence his counsel failed to discover. Finally, defendant claims (7) the Illinois extended term penalty statute is unconstitutional.

## EFFECTIVENESS OF COUNSEL DURING Guilt Phase

Defendant Raises a series of contentions which focus on his counsel's performance before and during trial. These claims are based on a Defendant's Constitutional Guarantee to the assistance of counsel (U.S. Const., amends. VI, XIV), which encompasses the right to the effective assistance of counsel (CUVLER V. SULLIVAN, 446 U.S. 335, 343-44, 64 L. Ed. 2d 333, 343-44, 100 S. Ct. 1708, 1715-16 (1980)). To be successful on his claims, defendant must satisfy the two-prong Strickland Test. See STRICKLAND V. WASHINGTON, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Under Strickland, a defendant must show that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance resulted in prejudice to defendant.

- 3 -

In the Circuit Court of Cook County, Illinois
County Department - Criminal Division

PEOPLE OF THE STATE )
  OF ILLINOIS )
      VS. )        NO. 01CR2646
MIGUEL RIVERA, PRO SE: )

## LEAVE TO FILE POST-CONVICTION PETITION

Now comes defendant, Pro se Miguel Rivera, in order to give notice to the court for leave to file Post-Conviction Petition directed to the above named Plaintiff's.

In support thereof, defendant states as follows;

1.) Leave to file Motion for Post Conviction Petition as an original action before this most honorable court.

2.) Defendant Presents for review issues of violations of his United States Constitution Amendments and Laws Pertaining to him during trial.

3.) Defendant is currently incarcerated at the Menard corr. ctr., at Menard, Illinois. 62259

4.) Defendant Contends that the issues to be Presented are true and correct to the best of defendants belief and or knowledge.

Please Take Notice, that on the date shown hereafter defendant has caused to be filed in this most honorable court for prompt hearing by this court.

/S/ Miguel Rivera
PRO SE

legal issues that the Jury had to resolve before returning a verdict.

Prior to Sentencing, Miguel filed a Pro Se Motion for New trial alleging ineffective assistance of Counsel. According to Miguel, there was an attorney, Rick Duffin, who conducted an investigation of this case prior to trial & was willing to testify under oath that Heather told him she never saw Miguel with a knife in the apartment & that she was never kidnapped (C III, R. D4-6)

Mr. Duffin related his availability both on the first day of the trial & again just before the motion for New trial. Miguel's attorney, Frank Edwards, stated that he did not call Mr. Duffin as a witness because his testimony "would not have mitigated the charges against Rivera." Both defense counsel & the State's Attorney characterized the prospective evidence as consistent with Heather Carson's alleged trial testimony that she never saw the knife until they were outside of the apartment building (III, R. D5-7) Neither defense counsel nor the State's Attorney offered any response to the prospective testimony that Heather told Mr. Duffin that she was never Kidnapped. The Court denied the defendant's motion. (III, R. D3-14)

When a defendant presents a pro se post-trial claim of ineffective assistance of counsel, the trial court must examine the factual basis for his claims to determin whether the allegations, if true, "show possible neglect of the case." People v. Haynes, 331 ILL. App. 3d 482, 484, 771 N.E.2d 643 (2002) quoting people v. Bull, 185 ILL. 2d 179, 210, 705 N.E.2d 824 (1998)

If allegations show possible neglect, it is encumbent upon the Court to appoint New Counsel "to independently evaluate the defendant's claim" ½ avoid the conflict of interest that trial counsel would experience if he had to justify his actions contrary to the client's position." Haynes, 331 ILL. pp. 3d at 484; Bull, 185 ILL. 2d at 210 quoting . . .

2

.. People. V. Johnson, 159 ILL. 2d 97, 125, 636 N.E. 2d 484 (1994). In accord: People v. Nitz, 143 ILL. 2d 82, 134, 572 N.E. 2d 895 (1991) ("If the allegations show possible neglect of the case, New Counsel should be appointed.") "The operative concern for the reviewing court is whether trial court conducted an adequate inquiry into the pro se defendant's allegations of ineffective assistance of counsel." Johnson, 159 ILL 2d at 125. The trial attorney's behavior was manifestly erroneous. People. V. Woodson, 220 ILL. App. 3d 865, 581 N.E. 2d 320 (1991).

Here, the trial court first failed to adequately investigate the actual allegations. Contrary to the characterizations of both defense counsel & the State's Attorney, Heather Carson testified at trial that while she was in the apartment she saw Miguel's knife (H, R. 854-56, 881) Attorney Rick Duffin would have testified under oath that Heather said she never saw Miguel with a knife inside the apartment. As a result, Duffin's testimony would have clearly impeached Heather on a critical, contested legal element of the aggravated battery & aggravated kidnapping charges: the presence of a "deadly" or "dangerous" weapon. (See Jury Instructions, C.L. 103-104, 99-101)

Furthermore, neither defense counsel nor the State's Attorney stressed defendant's factual allegations that Duffin would have also testified that Ms. Carson told him that she was never kidnapped. Obviously, such testimony would have impeached Heather on a critical contested issue of whether or not she was taken to Florida, "against her will." (See Jury Instructions, C.L. 96-97 100-102) This legal element impacts every count of aggravated kidnapping against the petitioner Miguel Rivera. The trial court's manifestly erroneous failure to adequately investigate the record facts as they related to the defendant...

3

.. post-trial assertions of ineffective assistance of Counsel also forced defense Counsel into a clear conflict of interest at the hearing. In an attempt to defend himself against Miguel's allegations of ineffective assistance of Counsel, Mr. Edwards ended up misstating the facts of the case in a manner directly contrary the client's position, best interests. This is precisely the reason the Ill. Supreme Court has held that New Counsel should be appointed to independently investigate the defendant's post-trial claims of ineffective assistance of Counsel if there is a possibility of Neglect. Haynes, 331 Ill. App. 3d at 484; Bull, 185 Ill. 2d at 210; Johnson, 159 Ill. 2d at 25 Strickland v. Washington (1984), 466 U.S. 668, 104 [168 Ill. 2d 147] S. Ct. 2052, 80 L. Ed. 2d 674, & People v. Albanese (1984) 104 Ill. 2d 504, 525-26, 5 Ill. Dec. 441, 473 N.E. 2d 1246. Attorney Edwards performance fell below the objective standard of reasonableness, as measured by reference to prevailing professional norms, did prejudice petitioners case absent the errors the outcome would have been different; Strickland 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

Assuming the truth of Mr. Miguel's post-conviction allegations, there would have been no strategic reason for Counsel's failure to Call a Neutral Witness who would have directly undermined the State's case before the Jury on each & every charge alleged against the defendant. As a result, petitioner's claims of ineffective assistance of Counsel at a Minimum establishes "Possible Neglect of [the] Case". Haynes, 331 Ill. App. 3d at 484; This case is favorably Comparable to Haynes. There, the court reversed for further proceedings on defendant's post-trial motion alleging his attorney's ineffectiveness for failure to Call a Witness who would have testified that the victim had a gun. ..

4

... at the time he was shot by the defendant in that case. Here, such testimony would have corroborated defendant's claim of self-defense. *Haynes*, 331 Ill. App 2d at 485.

Based on *Haynes*, as well as the law established by the Illinois Supreme Courts in *Bull & Johnson*, this Honorable Court should remand this case for the appointment of new counsel to investigate petitioner's claims of ineffective assistance of trial counsel. In the alternative, this Court should remand this "cause for an" adequate inquiry into the pro se defendant's allegations of ineffective assistance of trial counsel." *Haynes*, 331 Ill. App 3d. at 484 & it's progeny.

Furthermore, attorney Frank Edwards was ineffective & incompetent in that he (after being fired) confiscated vital evidence in the case at bar, by confiscating the police reports, which showed clearly statments by Heather Carson "I was Not Kidnaped" She said, Edwards was woefully incompetent petitioner Should be granted a New Trial with competent counsel. U.S.C.A. Const. Amend. 6. Heather also stated; that she shared expenses with the defendant Miguel during their stay in Florida. The Court should grant an investigation/Evidentury hearing in this matter, For the prosecution withheld Evidence of that from the Court in Violation of *Brady v. Maryland*, 373 U.S. 83, 3 S. Ct. 1194, 10 LEd 2d 215. Evidence was favorable to the accused.

Furthermore; Heather Carson did file for Public Aid with Lee County Florida- Aid office, defense counsel refused to retrieve the records; Heather & her kids weren't Kidnapped, counsel was grossly ineffective. There was records which show that defendant & Heather even purchased furniture together; 4645 S.E. 15 Ave. Cape Coral Florida 33904

5

.. phone (239) 945-1929 while defendant & Heather lived together at 602 S.E. 13th St. Cape Coral Florida 33990. Attorney Edwards did help the State & asserted that; Heather didn't live with defendant; but instead Ms. Bruberry for four months. Petitioner contends that if that was a fact well then he certainly wasn't holding her captive— Edwards was ineffective.

Further there is evidence of a Ms. Bonnie Nolan, a customer service rep. phone (239) 574-7722 that Heather Carson signed the lease to actually rent the apartment. Defense counsel failed to investigate & State prosecutor's withheld this evidence from the court. <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed 2d 215. Evidence was favorable to accused <u>People v. Heynes</u>, 331 ILL App. 3d 482, 771 N.E. 2d 643 (2002) People v. Bull, 85 ILL. 2d 179, 705 N.E. 2d 824 (1998). <u>People v. Nitz</u>, 143 ILL. 2d -82, 572 N.E. 2d 895 (1991). <u>People v. Woodson</u>, 220 ILL. App. 3d 865, 581 N.E. 2d 20 (1991). <u>People v. Orange</u>, 659 N.E. 2d 935, 168 ILL. 2d 138 (ILL 1995)

Attorney Frank Edwards neglected this case at bar. Heather wrote love letters, months before trial to Miguel, but, when put in the hands of Edwards, he misplaced the letters. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694, 80 L. Ed. 674, 693, 698, 104 S. Ct. 2052, 2064, 2068 (1984). Heather Carson perjured herself on the stand, when trial attorney asked her were you & Miguel, going to see a <u>Doctor</u>— She said "NO". McNeal — Hospital do have the <u>records</u> that they were going to see a Doctor. Doctor — Should have been called to testify; Trial attorney neglected to call him too.

F.B.I Agent Mr. Jeff, did investigate in this case at bar, went to Miguel's apartment & talked with the next door neighbor & gave his office phone number for Rivera to call him; 8/29/00 Miguel called him (The F.B.I. Agent) that night at approximately 9 to 10 p.m. He & Heather spoke with Jeff. No kidnapping was committed; it's in the Police Reports.

6

ON August.28.00 day of the incident; Maria Rivera would have testified to, a Conversation She & Heather had, when Heather & Miguel Stopped by She Brian place on the way to Florida, Cicero place. Heather told Maria, Brian, Miguel's brother-N-law that: "We are going to Florida" & was Happy about it. Defense Counsel Frank Edwards Should have also Called Maria & Brian as witnesses., Furthermore, Frank Edwards <u>Failed to Object</u> to Judge <u>Fiala</u>, Striking Heather's testimony - that she Was Not Kidnapped by Miguel; Constitutes possible Neglect of Rivera's Case. (B-87, 22, 23, 24) When this transpired 2-Female Juror's Excused themselves From the Jury: DONNA Billmeier (A-149 #) & Sharon Lunn (A-146 #).... they Wanted Nothing els to do With the injustice; & a third Juror Stood on the pannel Shaking Ver head Negatively, Ms. Jennifer Schumal (A-141) as if to Say "NO" we didn't Convict you of that Kidnapping.

Futhermore; the Following witnesses Were Not Called Should ave been, because, in their reports, according to them: (there Was No Kidnapping & the investigation was over): Detective Bob Clemons, Set. Karen Skepper, officer Valenvea, officer Rubino, a Donald- Whiteside & Louise Fitspatrick.

Mr. Dufins testimony Was "Critically important" to this Case for It Went to Miguels innocents of the alleged Kidnapping. <u>Haynes</u>, 331 Il. App. 3d at 485, 771 N.E. 2d at 646. Heather Said She Wasn't Kidnapped. Def. Br.9) <u>Strickland V. Washington</u>, 466 U.S. 668,687,694, 80 L. Ed. 2d 674, 693, 698,109 S. Ct. 2052,2064, 2068 (1984), It could not have been Were trial Strategy Not to present an "affirmative defense" (Def.Br.8) Trial Counsel's behavior Was therefore <u>Manifestly Erroneous</u>. <u>People V. Haynes</u>, 331 Ill. App. 3rd 482,485, 771 N.E. 2d 643,645 (3rd Dist 2002).

7

... Petitioner did preserve the issue of ineffective assistance of Counsel (CL 138-140) Heather told Mr. Duffin, that she was not kidnapped, trial Counsel should have impeached her by calling Mr. Duffin to testify (R-D5); Counsel should have introduced the "Water Bill" into Evidence (R. D10) as defendant stated it would further prove Heather was not kidnapped Nor the children. Defendant should be granted a New trial with New Counsel one who would not prejudice the mind of the Jury. Furthermore, Heather Called Chicago Social Security office approximately — Sept. 10.00 to transfer her money to Florida Sharing expenses with Miguel the defendant. Request Evidentary Hearing & New Trial, this Case should be remanded.

Miguel the petitioner here was originally Charged with One Count of attempt first degree Murder, two Counts of home Invasion, ten Counts of aggrevated Kidnapping, & two Counts of aggrevated battery (CLR C10-22) dft. was tried before a Jury & was found guilty of three Counts of aggrevated Kidnapping & one Count of aggrevated battery (CLR 141) He was sentenced to the ILL. Dept. of Corr. For three terms of forty years for the aggrevated Kidnapping charges Concurrently & Five years for the aggrevated battery to run Concurrently (R D31) Also the time on the aggrevated Battery is over out date was 7/3/03 He is Now doing time on a Wrongful Conviction of Kidnapping.

The grand Jury Foreman More than likely brought back a "true bill" For (5) alleged offenses; Heather, her 2 Children, & Michael & One home Invasion. The Prosecuting attorney's acted in bad faith, added 7-aggrevating Kidnapping Charges

8

... or is otherwise armed with a ... Category II ... Weapon.
720 ILCS 5/33A-1 (2002)

## CONCLUSION

The defense contends that there was no intent to secretly conf-
ive any one, that Heather was willing & she brought the children along
(C-24, 25); & lived with Miguel for 4-long months in Florida; even left
lone while Miguel was at work. There was NO Kidnapping (D-10)
Miguel wasn't armed (B-90, 11, 12, 13); at all ... The defendant-under-
stands that Apprendi is not retroactive, but for a discussion here
please see: Apprendi V. New Jersey, 120 S. Ct. 2348 (2000) any fact
that increases a Sentence beyond Statutory Maximum for offense
must be Submitted to a Jury & proved beyond a reasonable doubt.

IF the Category II Weapon being a Knife was thrown into the
cemetary long before Miguel, Heather & the children went to Florida;
o how could it have been the aggrevating Factor; Miguel Should-
not have therefore been Sentenced under the extended term-
statute! This was a domestic Situation; or at worst the Knife was
dropped in the apartment— She went to Florida with him She loved him

This Cause should be remanded for a new Sentencing & or New Trial
Under proper Statute—not extended term Statute. Request also
in Investigation in the case at bar.

Miguel Rivera Pro Se;
# N-23881
P.O. Box 711
Menard IL, 62259

10

## INDEX TO EXHIBIT

A... letters To Show I Done All I can do to
obtain Discovery & common Law Records &
Police Reports;

B... A letter From Mr. Richard A. Duffin;

C... Transcript — A-4, Where Trial Counsel Mr.
Edwards, Never put up any "Affirmative Defense";

D... Transcript — B-5 Where trial Attorney Edwards
Never Introduced the letters, that Heather
Carson wrote to the Petitioner;

E... Transcript — B-90 Heather Carson didn't See
Defendant throw Some Knife over a Wall;

F... Transcript — B-91 Heather Carson testified she
didn't See what happened between Michael
& Miguel;

G... Transcript — C-24 where trial attorney Edwards
Stated to the Jury Miguel & Heather lived together
for Four months; et cetera.;

INDEX TO EXHIBIT

H. . . Transcript - D-5 at Sentencing, Trial attorney
Mr. Edwards, as to mr Duffins testimony, in
Favor of.

I. . . At Sentencing the defendant was lied on
from the pre-Sentence investigation, that dft
has a G.E.D. & his Childhood was Normal
In Transcript - D-18. He has (NO) G.E.D.

J. . . Transcript - D-10 Edwards Now Stating Heather
Carson lived with ms. Bruberry - Incompetence
& Neglect of the Case at bar.

ExHIBIT ... A.

Letters .



### State of Illinois
### Circuit Court of Cook County
### Official Court Reporters

Timothy C. Evans
Chief Judge

Marilyn A. Filishio
Administrator

69 W. Washington Street
Suite 900
Chicago, Illinois 60602
(312) 603-8509
Fax: (312) 603-9820
TDD: (312) 603-8539

October 29, 2003

Miguel Rivera
N23881
Pontiac Correctional Center
P.O. Box 99
Pontiac, Il. 61764

Mr. Rivera,

       In response to your letter of March 8, 2003 & July 14, 2002 ,your information has been directed to the wrong agency, the court reporter's office TRANSCRIBE the report of proceedings heard in the courtroom.. This office does not have discovery, nor do we have the common law record.

       Please contact THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY, 2650 S. California, Rm. 526, Chicago, Illinois, 60608., for the common law records and as for discovery, you are going to have to get that from your trial attorney. For a copy of the preliminary hearing, please contact James Lawless, Official Court Reporter, Richard J. Daley Center, Rm. 1303, Chicago, Il. 60602.

       Your original papers are enclosed.

Pamela C. Taylor
Assistant Administrator/Criminal
Official Court Reporter's Office

* Attention Please *

3-8-03

To whom it May concern,

My name is Miguel Rivera #N-23881,
I'M at the pontiac. corr. ctr.

I was told By Ms. Dorothy -
Brown, clurk of the court. to
write to you because I am in
need of My discovery, Badly.
Case No. 01-CR-02646.
I did have it befor But My
trial Attorney, took the -
discovery away from Me,

I am A poor prioson I don't
have a Job in here. and I
only get $10.00 A Month for
Stat pay, is there a way
that you can take My State
pay every month, cause This
is the only way I can pay
for the discovery, and My
Appellate Attorney won't help
me with the discovery,

please understand that l have
been waiting to hear from
you for a long time, because
of what Ms. Dorothy Brown
said to Me on 7-19-02, and
no one got back with Me. this
is the 4th letter l have sent
becaue please l'am begging for your
help in this Matter,

l also need A copy of the pre-
liminary transcrpis.

to My trial Judge Mr. fiala in
Room 600 -at #26-St. his understanding
he told trial attorney...at -
sentenceing to give Me all
common law Records, But trial
attorney took the discovery A
way from Me, l only have My
trial Transcripe at this time
May l please have your help.
it is needed pleay have Mracy,

I need for you to get back with me as soon as ~~puble~~ posble please,

I do thank you, for, your help, and time,

Miguel Rivera #N-23881
pontiac. Corr. ctr.
p. o. Box. 99.
pontiac, IL, 61764.

to the Clerk of the circuit court of
Cook Count of IL,

RECEIVED
JUL 19 2002
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

Ms. Dorothy Brown,

7-14-02,

my name is Miguel Rivera #N-23881. I'M
at the menard corr. ctr.

I'm writing to you to let you know
that I have Received the trial -
transcripts, But I didn't Receive the
common law Records the discovery
and my evidnece that my Attorney
never put in motoins with for my
case, Attorney frank D. Edwards
773-624-0771, it is Really needed the
discovery and all common law
Records please, I thank you for your
time & help please.

ID-N-23881 - Miguel Rivera
P.O. Box 711
menard, IL, 62259,

# THE CIRCUIT COURT CLERK OF COOK COUNTY, ILLINOIS



**Criminal Division**
2650 S. California- Room 526
Chicago, Illinois 60602
(773) 869-6967

DATE: _7-31-02_

Clerk of the Court

TO: _____

_____

_____

PLEASE BE ADVISED THAT THE CLERK'S OFFICE IS IN RECEIPT OF YOUR INQUIRY
DATED: _7-19-02_.

ADDITIONAL INFORMATION IS REQUIRED IN ORDER TO PROCESS YOUR REQUEST,
WE ARE RETURNING YOUR CORRESPONDENCE FOR THE REASON(S) LISTED BELOW.

( )   CASE NUMBER MUST BE INCLUDED.

( )   CASE NUMBER GIVEN AND NAME DO NOT MATCH.

( )   THE REFERENCE NUMBER THAT WAS PROVIDED IS INCORRECT
      PLEASE PROVIDE US WITH THE CORRECT CASE NUMBER.

( )   IF CASE NUMBER IS NOT AVAILABLE, YOU NEED TO SEND US YOUR
      FINGERPRINT NUMBER (IR#), DATE OF BIRTH, NAME WITH CORRECT
      SPELLING (PRINT) USED WHEN ARRESTED, ALONG WITH THE DATE OF
      ARREST IN ORDER FOR US TO DO A NAME SEARCH TO FIND THE CASE
      NUMBER.

( )   PLEASE EXPLAIN YOUR PURPOSE FOR THE REQUEST.

(X)   YOUR REQUEST HAS BEEN FORWARDED TO: ████████████

STATE'S ATTORNEY OFFICE                CRIMINAL DIVISION (FELONY)
RICHARD J. DALEY CENTER                2650 SOUTH CALIFORNIA - ROOM 526A
ROOM 500 - 5TH FLOOR                   CHICAGO, IL 60608
CHICAGO, IL 60602

PUBLIC DEFENDERS OFFICE                STATE'S ATTORNEY OFFICE
69 W. WASHINGTON                       2650 SOUTH CALIFORNIA- 11D 54
CHICAGO IL 60602                       CHICAGO, IL 60608

████████████████████

( )   YOUR PETITION HAS BEEN FILED: _____

OTHER/COMMENTS: _____

PLEASE RETURN YOUR REQUEST WITH THE ABOVE CORRECT INFORMATION
AND WE WILL THEN BE ABLE TO FURNISH ANY RECORDS THAT ARE
AVAILABLE.

RESPECTFULLY,

CLERK OF THE COURT



# SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

August 18, 2003

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 NO. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-1333

Mr. Miguel Rivera
Reg. No. N-23881
P. O. Box 112
Joliet, IL 60434

Re:  No. 96374 - People State of Illinois, respondent, v. Miguel Rivera, petitioner.

Dear Mr. Rivera:

This will acknowledge receipt of your letter on July 11, 2003.

The change of address for the correctional center has been noted.

Per your inquiry as to whom you should contact in order to obtain your discovery police reports and common law records, it is suggested you direct your inquiries to:

Clerk of the Circuit Court of Cook County
1001 Richard J. Daley Center
50 West Washington
Chicago, IL 60602

Very truly yours,

*Juleann Hornyak*

Clerk of the Supreme Court

JH:ssl

File Date: _____7- 7- 2008_____

Case No: _____08cv 3848_____

ATTACHMENT # _Exhibits part 3_

EXHIBIT _____

TAB (DESCRIPTION)

_____



office of the
# COOK COUNTY PUBLIC DEFENDER

69 WEST WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312) 603-0600

Rita A. Fry • Public Defender

March 10, 2003

Miguel Rivera
Reg. No. N-23881
Box 99
Pontiac IL 61764

Re:    Appeal No. 02-0699,
       Indictment No. 01-CR-02646

Dear Mr. Miguel Rivera,

Here is a copy of the state's brief in your case. As I told you before, we do not have a copy of your discovery. The person you should contact is your trial attorney.

Yours very truly,

Robert Guch
Supervisor, Appeals

3-7-03 and July 18, 2003,

I send two letters to trial Attorney
Mr. Edwards No answer Back
they wouldn't help me, why this
Attorney wouldn't ask Ms Rita H. fry
for a copy of the discovery, My trial
Attorney wont give me a copy, This is
the fact I heard from them, and They
all know the discovery will prove I'm
innocent and I was only arrested for my—

Printed on Recycled Paper

1   kidnapping of Heather Carson, you are sentenced to

2   the Illinois Penitentiary for a concurrent term of

3   40 years.

4              Count nine, aggravated kidnapping of

5   Isaiah Ostrowski, concurrent term of 40 years.

6   All these sentences shall be served 85 percent

7   which translates into 34 years you will be

8   required to serve.  You will be required to serve

9   mandatory supervised release upon your discharge

10  from custody three years each of those cases.

11             For the offense of aggravated

12  battery of Michael Ostrowski, sentence five years

13  concurrent.  Judgment is entered upon the

14  sentence.

15             I find this defendant, in fact, is

16  indigent and I shall appoint the State Appellate

17  Defender and free transcripts and common law

18  record shall be afforded to the defendant.

19             Mr. Edwards, I am going to ask that

20  you notify the Appellate Defender of their

21  appointment.

22             MR. EDWARDS:  Yes, sir.

23             THE COURT:  I am going to also ask you

24  compute the credit this gentleman has coming as

To the reader; this letter is inspected from the standpoint of security only. Inspection is not a verification of the residents statement. In sending money, send only money orders, postal or bank checks payable to the resident. SEND NO PERSONAL CHECKS OR CASH. You may send books or magazines. Outside the package should clearly state that contents are books or magazines. In addressing mail to the Resident, address to:

RESIDENT'S NAME, INSTITUTION NUMBER, BOX 515, JOLIET, ILLINOIS 60432

NAME _Frank D Edwards_

STREET _4637 S. Lake Park_

CITY _Chicago,_

STATE _IL,_

ZIP CODE _60653_

_Attorney_
RELATIONSHIP OF ADDRESSE

REGISTER NUMBER _N-23881_

_Miguel Rivera_
NAME OF SENDER (written)

JOLIET, ILLINOIS 00432

DATE: _1-26-02_

**FOR PROMPT DELIVERY – ADDRESS REPLY SAME AS HEADING AT RIGHT**

Dear, Edwards;

this is miguel Rivera writting to you in Request for all of the evidence I have giveing you, and for a copys of the trial transcripts, I have sent a letter to the Judge as well about this matter, I need all this paper work as soon as possible this week please,

evidence's the letter's and the water Bill, and common law Records and discovery, please Reports do prove I'am innocent on this wrongful Conviction of Kidnapping,

Thank you

Miguel Rivera
N-23881
Joliet, IL,
60432,



To the reader: this letter is inspected from the
standpoint of security only. Inspection is not a
verification of the residents statement. In send-
ing money, send only money orders, postal or
bank checks payable to the resident. SEND
NO PERSONAL CHECKS OR CASH. You
may send books or magazines. Outside the
package should clearly state that contents are
books or magazines. In addressing mail to the
Resident, address to:

RESIDENT'S NAME, INSTITUTION NUMBER,
BOX 515, JOLIET, ILLINOIS 60432

1-30-02

NAME _frank D Edwards_
STREET _4637 S. lake Park_
CITY _Chicago,_
STATE _IL,_
ZIP CODE _60653,_
_Attorney_
RELATIONSHIP OF ADDRESSE

**FOR PROMPT DELIVERY – ADDRESS REL**

Dear, Edwards;

this is miguel River
in Request for all
I have bigging
copys of the fire
transcript's I h
to the Judge as
matter, I need
work as soon as
week please,

evidence's
the letter's
and the water
Bill, common law
Records police Reports
discovery, prove I am
innocent on this wrongful
Conviction of Kidnapping,

To: Mr. frank D. Edwards
4637 S. lake Park
Chicago, IL 60653

Jolett, IL,
60432,

ILL STATE PENITENTIARY
BOX 711
MENARD, IL 62259

THIS CORRESPONDENCE IS FROM
AN INMATE OF THE ILLINOIS
DEPARTMENT OF CORRECTIONS.

JAN 30 02
U.S. POSTAGE
0.34

ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive
Chicago 60601-6219
(312) 565-2600 (800) 826-8625
Fax (312) 565-2320

Hilton Offices
700 East Adams Street
Springfield 62701-1625
(217) 522-6838 (800) 252-8048
Fax (217) 522-2417

Miguel Rivera
N23881
P. O. Box 711
Menard, IL 62259

Chicago
June 5, 2002

Re:     Frank Davion Edwards
        in relation to
        Miguel Rivera
        No.     02 CI 265

Dear Mr. Rivera:

We have received your recent request for an investigation of Frank D. Edwards.

Initially, as you may know, the duties of this Commission relate solely to investigating and prosecuting allegations of professional misconduct against lawyers. When we have enough evidence of wrongful conduct by an attorney, we may try to cause the lawyer to be disbarred or suspended from the practice of law. We cannot provide you with any legal advice or assistance and cannot intervene in your legal matters in any way. No action we could take would change the result of your case or enable you to pursue any court action not already available to you.

Your complaints regarding Mr. Edwards relate to his competence and effectiveness as your defense counsel. Allegations of ineffective assistance of counsel are appropriately addressed and resolved in court through motions, appeals or petitions for post-conviction relief. Therefore, as a general policy, this Commission will not consider such allegations unless a court has first found that the attorney was ineffective.

If you have not already done so, you may wish to raise your concerns about Mr. Edwards' representation in court. If, in the future, any court finds that the attorney failed to represent you effectively, please send us a copy of the court's decision. At that time, we will

# ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
### of the
## SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive
Chicago 60601-6219
(312) 565-2600 (800) 826-8625
Fax (312) 565-2320

Hilton Offices
700 East Adams Street
Springfield 62701-1625
(217) 522-6838 (800) 252-8048
Fax (217) 522-2417

Miguel Rivera
June 5, 2002
Page 2

determine whether further action by this office may be warranted. Until such time, we will take no further action in the matter.

Very truly yours,

Althea K. Welsh
Senior Counsel

AKW:cd
::ODMA\PCDOCS\MAINLIB\99530\1

ExHIBIT...B

A Letter Mr. Duffin,



# Sachnoff & Weaver, Ltd.

Attorneys at Law

30 South Wacker Drive · 29th Floor · Chicago, Illinois 60606-7484

Telephone (312) 207-1000

*please call*

*My witness*

Richard A. Duffin
(312) 207-6474
rduffin@sachnoff.com

Facsimile (312) 207-6400

www.sachnoff.com

June 9, 2003

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Miguel Rivera
Inmate No. N-23881
Pontiac Correctional Center
P.O. Box 99
Pontiac, IL 61764

Dear Mr. Rivera:

I am in receipt of your correspondence dated May 30, 2003. As you are aware, I am not your attorney. As you also know, I did speak to your ex-wife in connection with my decision of whether to accept your case. Prior to your trial in the Cook County Circuit Court, I informed you that while I could not act as your attorney, I would be happy to speak to whomever you eventually decided to hire as your attorney. I did eventually speak with your trial attorney prior to the beginning of your trial.

I cannot act as your attorney in connection with your appeal or in connection with any post-conviction proceeding that you are involved in now or will be involved in at a later date. With that said, if you eventually do hire an attorney in connection with your case, I would be happy to speak with that person and provide whatever information that I can.

I sincerely hope that everything works out for you as well as possible under the circumstances. Best regards.

Very truly yours,

Richard A. Duffin

RAD/scp

Document No. 583915

*Donna, this is my witness he will tell you I am innocence on this wrongful conviction, could you please give him a call please he knows alot about my case, and could you please mail me this letter back.*

EXHIBIT ... C.

Transcript - A4, MR. Edwards,
puT No affirmative defense for
The defendanT.

1    o'clock sharp.

2        Identify yourselves for the record and

3    indicate who you represent.

4        MR. EDWARDS:  Frank G. Edwards.  I represent the

5    defendant Miguel Rivera.

6        MR. BUNTINAS:  Arunas Buntinas, assistant state's

7    attorney.

8        MR. TIERNAN:  Dan Tiernan, Assistant State's

9    Attorney.

10       THE COURT:  Counsel, do you want me to make any

11   inquiry as to Zehyr?

12       MR. EDWARDS:  No, Judge.

13       THE COURT:  He does not have to offer any evidence

14   on his behalf and he's presumed innocent.

15       MR. EDWARDS:  I assumed that was going to be part

16   of your voir dire questioning.

17       THE COURT:  But also you don't want this Court to

18   mention if the defendant chooses not to testify they

19   would not hold that against him.

20       MR. EDWARDS:  I believe my defendant's planning on

21   testifying.

22       THE COURT:  Are you going to be indicating any

23   affirmative defense?

24       MR. EDWARDS:  No.

A4

EXHIBIT...D

Trial Attorney MR. Edwards, Never introduce
Evideence - letters from Heather Carson, Worte
To The defendant INTo Trial,

1    I simply need the letters to maintain she's made

2    contact with Mr. Rivera since this arrest.

3           THE COURT:  I mean, you certainly have a right

4    to say that she contacted him or he contacts her.

5           MR. EDWARDS: I'm not planning to introduce the

6    substance of the letters.

7           THE COURT:  Not the substance.

8           MR. EDWARDS: No, just she wrote them.

9           THE COURT:  The letters are dated May 3rd and

10   April 21st.  Today's date is the 12th of December.  So

11   someone has been sitting on these letters a long long

12   time.  The letters will not go into evidence but I

13   will let you go into their relationship that she's

14   friendly with him and contacted him and she even

15   visits him if that's the case.  You certainly have a

16   right to do that.

17          MR. EWARDS: The only thing I plan to do.

18          THE COURT:  The substance of the letters shall

19   not be.

20          MR. EWARDS: I was not planning to admit them

21   for the purpose.

22          MR. BUNTINAS: What is the purpose of that with

23   regard to this?  There is no explanation as to why

24   these letters appeared today, Judge.  Why they were

EXHIBIT...E

TranscipT - B-90. where Heather carson, testified
aT Trial an stating she Never seen Miguel Threw
a knife over a cemetey wall?

1          Q   But you weren't?

2          A   No, I was not.

3          Q   Where did you and Miguel stay for that 2

4   weeks before you went to Florida?

5          A   Miguel had hotels.

6          Q   And where were those hotels?

7          A   I can't remember. I think in Cicero.

8          Q   Now you said at a certain point you

9   believed he threw some knife over a cemetery wall?

10         A   I don't believe I saw this.

11         Q   And so then he wasn't armed after that, is

12  that right?

13         A   No, but look at him and look at me.

14         Q   Did you ever see him during this occurrence

15  in the possession of a gun?

16         A   No, sir, I never saw a gun.

17         Q   Now when you said Miguel was crying and

18  sad, were you also emotionally upset and crying as

19  well?

20         A   Of course I was.

21         Q   Were the children crying as well?

22         A   They're calming down.

23         Q   Had they been crying before when the

24  occurrence happened at the apartment?

ExHIBIT .. F .

Heather Carson, testified At Trial she did not
see what happen between Miguel & Michael,
Transcipt -B-91.

1          A   Yes.

2          Q   And during that tumultuous occurrence at

3   the apartment, basically you were sleeping and you

4   didn't see what happened between Miguel --?

5          A   No, I didn't, no.

6          Q   As a matter of fact when Michael Ostrowski

7   first entered the room and you woke up, you weren't

8   even aware he was injured or stabbed or anything else,

9   were you?

10         A   Not at that point. Not there, not then.

11         Q   How many letters did you write Miguel?

12         MR. BUNTINAS: Objection, Judge.

13         THE COURT:  Basis?  I'll permit the inquiry.

14  You may answer.

15         A   Answer it?   I can answer?

16         MR. EDWARDS: Yes.

17         A   I wrote him a lot of letters because he was

18  my baby's father and I was confused and I thought

19  Alonzo should know about his dad.

20         Q   When did you stop writing letters?

21         A   I think about May or June.

22         Q   May or June of this year?

23         A   Yes.

24         MR. EDWARDS: Okay. I have no further

EXHIBIT... G.

Transcript - C24. Trial Attorney MR. Edwards,
Tells Jury kidnapping didn't happen.

1    gas, light bills.  They're living as a normal family.

2       MR. BUNTINAS:  Objection, Judge.  There's no

3    evidence of that.

4       THE COURT:  Very well.  Ladies and gentlemen,

5    you've heard all of the evidence.  They're going to

6    rely on their collective recollections in arriving at

7    a verdict.

8       MR. EDWARDS:  Thank you, Judge.  You heard them

9    live -- they lived together for four months.  So

10   either Miguel Rivera was sitting there holding this

11   alleged knife to her throat which he had thrown over

12   the fence, according to her he was not armed, for four

13   months 24 hours a day, or Heather wanted to be there.

14   She never called the police.  She never ran outside

15   when she had her children and Miguel is at work and

16   claims she was kidnapped and being held prisoner.  It

17   didn't happen.  They lived together for four months in

18   Florida as man and wife.  If that's kidnapping, that's

19   the strangest kidnapping I've ever heard.

20           Now, what we need in this case for each and

21   every charge is proof beyond a reasonable doubt.  They

22   have to prove that Miguel Rivera intended to kill

23   Michael Ostrowski.  There is no such evidence, none.

24   There's evidence there was some kind of altercation,

EXHIBIT...H.

Transcript - D.S. Mr. Edwards, At sentecning
stating He spoke To Mr. Duffin,

1   him.  He is willing to come to court.

2            ✳ MR. EDWARDS:  I spoke to Mr. Duffin

3   previously.  I spoke with him today.  He indicated

4   if he was called to testify, he would testify that

5   Miss Carson in the apartment did not see a knife,

6   which is consistent with her testimony on the

7   stand when she says she saw the knife when

8   Mr. Rivera threw it over the wall and he was

9   leaving out of the apartment. ✳

10                   So, therefore, I believe his

11  testimony would have not mitigated the charges

12  against Mr. Rivera; so therefore, I didn't call

13  him.

14            THE COURT:  Is that the reason you would

15  be calling the lawyer, sir?

16            THE DEFENDANT:  Pardon me?

17            THE COURT:  Is that the reason --

18            MR. EDWARDS:  He wants Mr. Duffin to

19  represent him.

20            THE DEFENDANT:  No, no, no.  I didn't say

21  that.  I said I want you to get my witness in.  He

22  has a right to be heard at trial.  That's what I

23  stipulated to you.

24                   He told me the same day of trial,

EXHIBIT...I.

Transcript - D-18. defendant Was Lied on By
pre-sentenceing iNvestigation. I don't Have
(NO) GEd.

1          Then he called the victim and said,
2     "If you don't return to me, I will harm the
3     child." Eerily similar to exactly happened in
4     this case, judge. Luckily the Chicago Police
5     Department was able to intervene before he took
6     any of those people to Florida for a consensual
7     four months.
8          He also has, judge, a residential
9     burglary in 1990, which he received four years
10    Illinois Department of Corrections and 1982
11    robbery and aggravated battery. A history of
12    violence.
13          And if you look at the
14    investigation, judge, the pre-sentence
15    investigation, there is absolutely nothing in
16    those pages which mitigate what this defendant
17    did. Nothing. He says his childhood was normal
18    and happy. He had no abuse or neglect. He
19    received his GED in 1981. He is a high school
20    graduate for 20 years before he committed any of
21    these acts. But he repeatedly turned to a life of
22    violence and life of crime. He has no drug
23    addictions; he has no mental problems. He has no
24    physical problems.

# ILLINOIS DEPARTMENT OF CORRECTIONS

*Menard C.C.C.*

# MEMORANDUM

DATE: _____ 2-20-02 _____

TO: _____ Rivera, Miguel _____ I.D.O.C.# N23681 CELL LOCATION: N3-8

FROM: Donald Ornellas, Educational Facility Administrator

SUBJECT: RESULTS OF TABE TEST

The results of your TABE test are as follows: Reading 2.3 Math 4.4 Overall 3.4

☑ Due to your entrance test score of below 6.0, your name is being added to the mandatory wait list. Failure to attend classes will result in disciplinary action including loss of institutional good time credits, loss of state pay, and you will be unable to obtain a job assignment. This placement is a MANDATORY ASSIGNMENT. *4¾ - grade Ed.*

____ Your score is above 6.0 and you have indicated on the testing score sheet that you would like to attend school. Your name is being placed on the GED wait list and you will be called as soon as there is an opening.

____ Your score is above 6.0 and you have indicated on the testing score sheet that you would like to attend a vocational class. Your name is being placed on the wait list and you will be called as soon as there is an opening.

____ Your score is 6.0 or above and you do not have to attend school and you are not pay-restricted if you take a job.

If you have decided not to attend class and would like your name removed from the wait list indicated above, please mail this memo back to the education department.

***YOU DO NOT NEED TO SEND ADDITIONAL REQUESTS FOR SCHOOL PLACEMENT***

EXHIBIT...K.

Transcript -D-10, where Trial Attorney Mr. Edwards,
now stating Heather Carson, lived with Ms. -
Bruberry,

1    court.  He never gave it to me.

2            THE COURT:  State.

3            MR. EDWARDS:  As you recall, Heather

4    Carson testified on the stand she lived with

5    Ms. Bruberry [phonetic] in Florida for up to four

6    months.  That he was not holding her at any time

7    during that time.

8            The water bill and gas bill, which I

9    have, I used in cross-examination.  I did not

10   introduce it into evidence.  It would have been

11   cumulative.  He testified on the stand he was on

12   her own free will with Mr. Rivera in Florida.

13           MR. TIERNAN:  I guess I would disagree

14   with that.

15           I would also say that whether or not

16   she lived with the defendant in Florida is

17   irrelevant to the charge of aggravated kidnapping.

18   The testimony was very clear that the defendant

19   forced Miss Carson out of that apartment at knife

20   point into the car.  At that point, he forced her

21   at knife point from one place to another and the

22   elements of aggravated kidnapping are met.

23   Whatever happens after that point is really

24   irrelevant, judge.

# CITY OF CAPE CORAL



**FINANCIAL SERVICES
DEPARTMENT
CUSTOMER SERVICE
DIVISION**

July 25, 2002

Miguel Rivera
N-23881
P O Box 711
Menard, IL  62259

Dear Miguel,

Enclosed please find copies of records confirming you had  water service in your name at 602 SE 13th Street from 9/05/00 through 1/03/01.

The address for Cape Caring Center is: 4645 SE 15½ Avenue
Cape Coral, FL  33904
Phone: (239) 945-1927
Fax: (239) 945-6353

*they have evidence as well*

I hope this helps.

Sincerely,

*Bonnie Nolan*

Bonnie Nolan
Customer Service Representative

Enc

CITY OF CAPE CORAL
9/05/00, 13:05:14      CUSTOMER SERVICE APPLICATION        USER ID WASMITH

NAME    RIVERA MIGUEL C & HEATHER
ADDRESS 602 SE 13TH ST                  CUSTOMER ID    415183
        CAPE CORAL           FL 33990   Wang SWU Acct Number

EXEMPT TAX NO   PENALTY NO
CASH ONLY   NO
CUSTOMER TYPE   TENANT-BUILDER


SERVICE ADDRESS       CYCLE/ROUTE 01 18      LOCATION ID    179612
602 SE 13TH ST

INITIATION DATE    9/05/00
JURISDICTION  CAPE CORAL
INSIDE          UNITS    1.00         CLASS   DUPLEX
                                      SECTION  CITY OF CAPE CORAL

SEWER                    NONMETERED METER RELATED               WT RELATED
                              JUR CC             UNITS   1.00

WATER
METER NUMBER 045777298      METERED    METERED RATE
                              JUR CC              UNITS   1.00

SERVICE ORDERS

        319659 TO TURN ON/INITIAL READ        WT  REQUEST DATE  9/05/00

MISC. INFORMATION
Drive Lic
SSN/Tax ID                   IL ID#16054064307R
Employer                     331 84 6765
                             UNEMPLOYED

I AGREE TO TAKE WATER AND/OR SEWER SERVICE FROM THE CITY OF CAPE
CORAL UTILITIES DIVISION IN ACCORDANCE WITH THE APPROPRIATE CITY
ORDINANCES, REGULATIONS AND RATE SCHEDULES NOW IN EFFECT OR ANY
SUPERSEDING ORDINANCES, REGULATIONS AND RATES.

SIGNATURE OF APPLICANT:
*****************************************************************

Customer Master File Maintenance

7/16/0
15:54:3

Customer ID . . . . . . . . . . . :        415183

**Type information, press Enter.**

Name . . . . . . . . . . .         RIVERA MIGUEL C & HEATHER
Mailing address . . . . . . . .    602 SE 13TH ST

Zip code (F4) . . . . . . .        33990        CAPE CORAL                    FL
Delivery point . . . . . . . .
Phone . . . . . . . .              941 - 2422579
Drivers license number . . . .     IL ID#16054064307R
Social security number . . . .
Attention/doing business as . . .
Wang SWU Acct Number . . . . . .

Customer name type . . . . . . .   C
Group number (F4) . . . . . . .                                    P=Person, C=Compan
Enter bank draft information . . . N
Enter additional information . . . N                               Y=Yes, N=No
                                                                   Y=Yes, N=No

F3=Exit    F4=Prompt        F5=Zip code maintenance    F7=Maintain misc cust info
F8=Alt address              F9=Change history          F12=Cancel    F24=More keys

Customer ID:     415183    Name: RIVERA MIGUEL C & HEATHER
Location ID:     179618    Addr: 602 SE 13TH ST
Cycle/Route: 01 18
Initiation date :  9/05/00                              Amount due:        $.00
Termination date:  1/03/01                              Pending  :         $.00
Type options, press Enter.     Customer status: A    Customer/Location status:
   1=Select    5=View detail    6=Display comment codes
   Service  Reading        Actual        Actual                  Meter      Est Cmnt
Opt Code Type   Date     Consumption     Demand     Days        Number      CD   CD
 _   WT  FIN  1/03/01                                  12  045777298
 _   WT  REG 12/22/00        .10          .00         25  045777298
 _   WT  REG 11/27/00       6.50          .00         33  045777298        39
 _   WT  REG 10/25/00      12.60          .00         29  045777298        39
 _   WT  REG  9/26/00       8.80          .00         21  045777298        39
 _   WT  INT  9/05/00       5.20          .00             045777298        39
                            .00          .00

F3=Exit    F5=Print history    F6=Meter inventory    F7=Meter svc info
F8=Pending/history trans     F9=Budget trans     F24=More keys

SEAN
BAKER.

STATEMENT of FACTS
" HOME INVASION "

1) ON ~~~~ ABOUT 8/27/00 Between 10:30 to 11:00 pm I, MIGUEL ~~~~
A ~~PHONE CALL~~ PAGER CALL FROM My GIRLFRIEND HEATHER, SAYING ~~she~~ WANTED to
TALK CONCERNING OUR RELATIONSHIP Problems. At that time HER
FRIEND Michael, who she WAS STAYING with ~~~~ Heather gave the
phone to Michael) ~~~~ AND STATED He WANTED to DISCUSS SOME matter.
with me ALSO. MICHAEL ASKED ME if I WAS WORKING
AND WANTED to KNOW IF ~~I~~ could help out "by Giving
them rides to work.

2) ON ~~~~ About 8/28/00 'Between' the hrs of 5:30 to 6:10 Am
I, MIGUEL WAS ON GRANVILLE Rd WAITING beside ~~~~ My ~~~~ CAR.
We GREETED each other and I ASKED if it WAS Alright
if I talked with HEATHER. He stated yes AND we
Proceeded to his Apt. While we were Approaching the
Apt. He, Michael ASKed what I ~~~~ WANTED to Discuss with
HEATHER, I STATED that's between Her & I.

3) We had to WALK through the Security Lobby to ENTER
MICHAEL'S Apt House, AND At ~~no~~ time did MICHAEL Show
ANY CONCERNS of it being ANY trouble by ME being there.
As we Approached his Apt, MICHAEL Keyed the door And
we ENTERED. He NOTIONED THAT HEATHER was in
the Bedroom.

4) WHEN I SEEN HEATHER she pleaded with me About
DISCUSSING our problems elsewhere AND she wanted

to LEAVE. At that time Michael ENTERED the Bedroom and shooted, "I'm tired Heather of you calling Miguel everytime we ~~three~~ a problem and ~~these~~ SAME thing with Him. You'll call ~~me~~ everytime ~~these~~ two of you ~~have~~ Problems.

5) ~~Heather~~ & I ~~started~~ Gathering up the kids and belongings and while I was headed towards the STAIR Michael CAME RUNNING out the ~~Head~~ ROOM AREA with his hand High Above his ~~HEAD~~. I ~~Really~~ couldn't see what he had, but we started ~~fighting~~ to fighting, At that moment we stumbled ~~down~~ to the STAIRS AND when WE GOT up, I could ~~see~~ Michael HAD blood coming from the front of his shirt

6) Heather CAME DOWNSTAIRS with the kids and we left,

ON 8/28/00          ~~STATEMENT~~ of FACTS
                         "KIDNAPPING."

1) From Michael's house WE stopped AND GOT Gas for the car. From there, we stopped at a ~~re~~ house the N to motel AND slept overnight. "At No time Did Heather ever feel ~~that~~ she was being ~~forced~~ to be with me whatso ~~ever~~

2) She "Heather" had Ample opportunities to go to or call Authorities if she felt that I was holding her

AGAINST her will. We we're even At the Greyhound
Bus teaminal where I paid for 3 tickets to
FLORIDA, AND At NO particular time Did Heather
attempt to call ANYONE concerning Any trouble. All
She kept stating was how much she loved me
AND How Much we should get on with our lives
together for our Kids SAKE.
We bought the tickets From the Greyhound teaminal
ON ~~a~~ About 9/1/00 between the hrs 11:00Am to 12 no

3) Now Concerning this, IE; Kidnapping, while All the time
I was going to AND From work throughout Florida
why didn't Heather ever Go to Any Authorities,
to Say she was being held AgAiNst her will?
in ~~6~~ months of Living in Florida
4) This is the best of my recollection to what
Happen on those days & Nights ~~pertaining to~~
~~that~~ those incidents.
                                    Pertaining

to the police station that was only too
blocks away from are house; or why she
never said anything to her ~~pro~~ PRE-NAt
care Doctor in florida

0. On 8/28/00 ... 9:50 AM
Heather was to ● call her father, ●ut she called her
other boyfrined <u>Michael</u>, father, and lied to him

1; on 8/28/00, between the hrs of 5:30 To 6:10 AM
   I, Miguel helped Heather gathering up the kids
and belongings. And we lift from the apt of
Michael, we went for gas for the car. and
we stopped at are house, from there, we
stopped at a motel and slept over night, when
I miguel went to the store to By food and
milk and things, At no time Did Heather.
ever feel that she was being forced to
be with me what so ever.

2, "Heather" had ample opportounities to Run
or call the Authorities. if she felt that
I was holding her Against her will,
and in the chicago police Reports Heather
Statement she saids that she helped me pay
Rent for are apt, and in trial she States
that miguel took care of her Kids Real
good. all of this is in the chicago police
general progress Reports from the Detective,

3, in fl. Heather States to miguel that this
problem is only with me and Michael
Because its only a agg battery.

4) why at any time when Miguel was Byeing the tickets to go to florida, at the grayhound Bus terminal Heather never Attempt to call anyone concenning any trouble, or to no parsiular,

5, now concerning this, I.E; Kidnapping, while I was going to and from work throughout florida why didn't Heather ever go to the authorities, she had never Attempt to because she is in this case, and also when I was takeing Heather to the hospita to see her Doctor for pre-Halatal care, in florida to have are Body Heather never said anything to her Doctor about being Kidnapping or being held Against her will,

a defendant Must Show not only that a Constitutio
nal Right had been violated, unpartial, my Attorn
never put in motoins for the defendants
evidence, and never called his witness into
trail, 1. a defendant has constitutional Right to
confront the witnesses against him and to
cross-examine them to expose any falsehoods
and to Reveal the truth during cross —
examination, But defense counsel did not do
it Right Because counsel did not call up on
the defense witness to Bring out the
Right truth,   (I AGREE) AND CROSS EXAM.

2. the defendot defendant's failure to testify
is Beause of the defendants counsel brain
washed the defendant by not testifeying

5-14-0



My Name is Miguel Rivera #N-23881 I'M Writting To you for help with My Appeal ~~I do Need A good Fighting ATTorNey~~, I AM seving Time for A Agg-Battery and 3-CouNTs of kidNapping ~~I did Not do~~, I was CoNviction.oN The Judge gave Me Too SeNteNceing 5-years for Agg-BaTTery and 40-years for 3-CouNTs of kidNapping, The Judge Name is Mr. FiAlA· Please uNder staNd My old ATTorNey MR. FRANK D. EdwARds-773-624-0771-24 Hrs 4637 S. Lakepark Chicago, IL 60653, I do ~~fill~~ feel he was very INeffecTive Ness iN My case he failed To puT IN EvideNces # AND To call My witNessess, he also failed To give Me My EvideNces Back To Me I have seNT LetTers To hiM My Letters come Back To me if I call him he doNT take My calls, EvideNces water Bill aNd ~~LetTers #~~ that do prove that there isNT No kidNapping, he also doNT waNT To give Me A Copy of The TRIAL TRANSCRIPTs and CoMMoN ~~LAW~~ Law RecoRds, I Miguel Rivera did PuT IN MoTioN for TRIAl TRANSCRIPTs AND CoMMoN Law RecoRds case No:01CR-2646 BuT I'M having hard tim. Receiveing them from The Too sides,

May I send you a copy of The discovery so you could
Look over because The State Attorneys and My old
Attorney did not use all of the discovery, cause
it do prove that there isn't No kidnapping By The
GENERAL PROGRESS REPORTS DeTective Division
Chicago PoLice, I do think My old ATTorney was
Working with The state Attorneys and The
Witness for the state, said IN TRIAL said <u>No</u>
We lived with him that is IN the TRIAL TRANSCRIP,
IN this case a deposition do have To be did,
Could you please help me pro bono please and
Could you get Back To Me as soon as pasble
or we could talk By phone If you call The,
WARdeN Mr. RogeR D. Cowan at the Menard
corr-ctr. at 618-826-5071 the call have To be
Set up By The WARdeN, I do thAnk you very
Much for your help and time.
I'M noT Safe at the manard
C.C.P.C.

Miguel Rivera
N-23881,
manard corr.ctr.
P.O.Box 711
manard, IL, 62259.

my attorney never called for one
Expert in Vision — Black + White vs
Color Vision in the dark

941-242-2579
orlando C. River
602 SE 13th St.
Cape Coral FL.
33990,

Sincerly.

Tim; 941-940-6205

my work in fl.
Hayward Construction
Company.

the State Attorney witness.

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
Darnies Cornelius
9912 S. Wallace
Chicago, Il, 60628.
773-238-7496
wrk 773-274-2500


630-759-1983
Rosemary Careson
828 poplar lane
Boiling Brook, IL, 60440
630-759-2897

wk-nalco chem co. naperville

on the Back please

on Back to-

Cook County Recorder (?) Kenneth E. Carson
#364.
Chicago, IL, 60660
use this Address
to

~~yet~~ ~~she~~ lied about this so she
wouldnt go to Jail for the Battery case.

and ~~the~~ if the defendant had a
dangerous weapon. took it
and threw it over the wall,

we stayed in ~~2~~ motels and
then we at the greyhound
Bus, and then we go to
florida get a motel Room
for 3 days, and we get are
apt for months she helps
pay Rent, and lot's of people
helps us for Thanks ~~giv~~ giveing
and for Christmas, she never
says or tell any one she
was being hold against her
will, and miguel go to work
6 days a week, there ~~was~~ isn't
no kidnapping. (I AGREE)

(WHERE micheal ostrusko?)

(SHOULD OF ~~BEEN~~ SUPENVED?)

and to the doorman. testified
to no man could do ( have 2 kids
~~dragging one,~~ by ~~his leg~~ and
one ~~on my arm~~ and have a
~~gun and a knife in my hands~~
~~and have heather by the arm,~~
this document lied
                    pop's on Back →

OWNER OF
LAND-LORD!

and all the ~~things~~ things
the police Reports say
that I did 12 yrs. for a mudder.
and got out in 5 yrs,

and that the ~~s~~ State use
my pyss. in this case
and ~~ss~~ its not the same
I did my time for my
pyss,.

I never did kill any one

this girl cause all this to
happen Runing to me and
Runing to the other guy, (WHO?)

and the Dets. wouldn't lock
up this girl cause he
wanted me. because me and
one of the Dets. had problmes
in 1990, (ATTORNEY SHOULD OF CHECKED)
~~and~~ ~~this~~ ~~car~~
~~within~~ ~~writing~~ ~~to~~ ~~the~~
~~get out in the~~ ~~ript,~~
~~at~~ ~~their~~ ~~to~~ ~~get~~ ~~the~~ ~~all~~
~~there~~ ~~not~~ ~~it~~ ~~may~~ ~~ing,~~

a pop's, could you please. Rewrite these papers the alot Better the Right way with in the law way, please.

and please Remember what l said to you about the discovery where she saids she helped me pay Rent for are apt for 4 or 5 mouth's,

and Remember what l told you, pop's about the letters she wrote to me that she saids, she saids l told the Detective that you didn't force her to go to florida,



we need to get in the law libaray together,

ON Back →

I need to tell them we need the phone Records. from the home of the ostrowski family, from may of 2000 to Aug 28-2000

and the Mr. Don carson carson family home from may 2000 to January-3-2001 it will prove that they the State and the witness lied on me in trial. . the Attorney lied. and about my Attorney taking my Evidence -3- mouths befor trial.

I have to get the sweeting dets. in court.

and why heather lied about being in "she talk to the police" and to "the father of michael ostrowski" when she called his father on 8-28-00 at or between 8:30AM To 9:00AM. from my SISter house, it is on the ostrowski family phone Records, because she do knows that there isnt no kidnapping to no one. and she took the kids with us on her own free

## Motion for a New Trial

Now comes the defendant, Miguel Rivera, after a finding of guilty and before sentence and respectfully moves this Honorable Circuit Court to set aside the verdict of guilty in the above-entitled cause and grant him a new trial, it being expressly understood that defense counsel has not yet been furnished with an offical transcript of the trial and makes this Motion on behalf of his client, without prejudice to or waiving the later discovery of error in the record.

In Support where of, Defendant states:

1. The state failed to prove the defendant guilty of the charge(s) beyond reasonable doubt.

2. The verdict is against the weight of the evidences.

3. The defendant was denied due process of Law.

4. The defendant was denied equal protection of the Law.

5. The State failed to prove every material allegation of the Indictment beyond a reasonable doubt.

6. The court erred in giving instructions on behalf of the State over the defendant's objection.

7. Ineffectiveness of Counsel, Defense Counsel failed to properly investigate the case.

8. Ineffectiveness of Counsel, Defense Counsel failed to called Witnessess on behalf of defendant

9. Ineffectiveness of counsel, Defense Counsel failed to presented evidences on behalf of the defendant.

10. Ineffectiness of Counsel, Defense Counsel failed represented the defendant properly.

11. Ineffectiveness of Counsel, Defense Counsel, Also failed to put forth effort of behalf of the defendant defense.

( INEFFECTIVE COUNSEL )

MOTION FOR RETRAIL.

1. The Six Amendment right to counsel is the right to assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that trial cannot be relied on as having a just result.

2. The facts of this case make it clear that counsel's conduct at and before respondent's sentencing proceedings were found unreasonable under the above standards.

3. This case requires to consider the proper standards for judging a criminal defendant's contention that the Constitution requires a conviction sentence to be set aside because counsel's assistance a trail was ineffective.

4. Respondent asserted that counsel was ineffective because he failed to investigate and present character witnesses, to seek a presentence investigation report to present meaningful argument to sentencing judge.

5. The Sixth Amendment imposes on counsel a duty to investigate, because reasonably effective assistance must be based on professional decisions and informed legal choices can be made only after investigation of options.

6. Thus, a fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding.

7. The right to counsel plays a crucial role in the adversarial system embodied in the Six Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution" to which they are entitled.

8. Representation of a criminal defendant entails certain basic duties.

9. Counsel's function is to assist the defendant, and hence counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest.

10. Also, if counsel had fairly assessed the potential strength of the mitigating evidence available to him, counsel's failure to make any significant effort to find out what evidence might be garnered from respondent's relatives and acquaintances surely cannot be described as "reasonable."

11. Also, if counsel had investigated the availability of mitigating evidence, there is significant chance that respondent would have have a fair and reasonable trail.



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive
Chicago 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

Hilton Offices
700 East Adams Street
Springfield 62701-1625
(217) 522-6838  (800) 252-8048
Fax (217) 522-2417

Miguel Rivera
N23881
P. O. Box 711
Menard, IL  62259

Chicago
June 5, 2002

Re:     Frank Davion Edwards
        in relation to
        Miguel Rivera
        No.     02 CI 265

Dear Mr. Rivera:

We have received your recent request for an investigation of Frank D. Edwards.

Initially, as you may know, the duties of this Commission relate solely to investigating and prosecuting allegations of professional misconduct against lawyers. When we have enough evidence of wrongful conduct by an attorney, we may try to cause the lawyer to be disbarred or suspended from the practice of law. We cannot provide you with any legal advice or assistance and cannot intervene in your legal matters in any way. No action we could take would change the result of your case or enable you to pursue any court action not already available to you.

Your complaints regarding Mr. Edwards relate to his competence and effectiveness as your defense counsel. Allegations of ineffective assistance of counsel are appropriately addressed and resolved in court through motions, appeals or petitions for post-conviction relief. Therefore, as a general policy, this Commission will not consider such allegations unless a court has first found that the attorney was ineffective.

If you have not already done so, you may wish to raise your concerns about Mr. Edwards' representation in court. If, in the future, any court finds that the attorney failed to represent you effectively, please send us a copy of the court's decision. At that time, we will

ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One.Prudential Plaza
130 East Randolph Drive
Chicago 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

Hilton Offices
700 East Adams Street
Springfield 62701-1625
(217) 522-6838  (800) 252-8048
Fax (217) 522-2417

Miguel Rivera
June 5, 2002
Page 2

determine whether further action by this office may be warranted.  Until such time, we will take no further action in the matter.

Very truly yours,

Althea K. Welsh
Senior Counsel

AKW:cd
::ODMA\PCDOCS\MAINLIB\99530\1

To the reader: this letter is inspected from the standpoint of security only. Inspection is not a verification of the residents statement. In sending money, send only money orders, postal or bank checks payable to the resident. SEND NO PERSONAL CHECKS OR CASH. You may send books or magazines. Outside the package should clearly state that contents are books or magazines. In addressing mail to the Resident, address to:

RESIDENT'S NAME, INSTITUTION NUMBER, BOX 515, JOLIET, ILLINOIS 60432

NAME *Frank D. Edwards*

STREET *4637 S. Lake Park*

CITY *Chicago,*

STATE *IL,*

ZIP CODE *60653,*

*Attorney*
RELATIONSHIP OF ADDRESSE

REGISTER NUMBER *N-23881*

*Miguel Rivera*
NAME OF SENDER (written)

JOLIET, ILLINOIS 60432

DATE: *1-26-02*

**FOR PROMPT DELIVERY – ADDRESS REPLY SAME AS HEADING AT RIGHT**

Dear, Edwards;

this is miguel Rivera writting to you in Request for all of the evidence I have giving you and for a copy of the trial testmony thanscript. I have sent a letter to the Judge as well about this matter. I need all this paper work as soon as possible this week please,

evidence's
the letter's
and the water
Bill,

Thank you

Miguel Rivera
N-23881
Joliet, IL,
60432,

To the reader: this letter is inspected from the standpoint of security only. Inspection is not a verification of the residents statement. In sending money, send only money orders, postal or bank checks payable to the resident. SEND NO PERSONAL CHECKS OR CASH. You may send books or magazines. Outside the package should clearly state that contents are books or magazines. In addressing mail to the Resident, address to:

RESIDENT'S NAME, INSTITUTION NUMBER, BOX 515, JOLIET, ILLINOIS 60432

NAME *Frank D. Edwards*

STREET *4637 S. Lake Park*

CITY *Chicago,*

STATE *IL*

ZIP CODE *60653*

*Attorney*
RELATIONSHIP OF ADDRESSE

### FOR PROMPT DELIVERY – ADDRESS REI

*Dear, Edwards;*

*this is miguel River
in Request for all
I have giving
copys of the
transcript; I ha
to the Judge as
matter, I need
work as soon as
week please,*

*evidence's
the letters
and the water
Bill,*

ILL STATE PENITENTIARY
BOX 711
MENARD, ILL. 62259

THIS CORRESPONDENCE IS FROM
AN INMATE OF THE ILLINOIS
DEPARTMENT OF CORRECTIONS.

*legal mail*

*To: Mr. Frank Edwards
4637 S. Lake Park
Chicago, IL 60653*

*Joliet, IL,
60432,*

ADDRESSEE UNKNOWN
JAN 30 02
U.S. POSTAGE
0 34

9-1-01

Dear, Mr, frank Edwards;

this is miguel Rivera #2001003412 Division-11-AH-pc

I'm writting to you about why you haven't
come to see me it is Real important, please
understand that because I need you to be here
this week please, and I have talk with mr.
trouka hwo Runs Div-11 about the trouble
Iam haveing with the gangs, mr. trouka will
not help me at all this "hit is very Serious"
mr. Edwards, I need you to call to Div 5- and
talk with the Assistant Director Mr. John
maul I have sent this man too letters
about this matter, this trouble is making
me have ~~he love is~~ a nervous ~~on Iack~~ I now
Iam under alot of diseased please Mr, Edwards
help me, and I can't even wirok on this case
right because of this gang trouble Iam haveing
Sir I do know this trouble is going to cause
me to go into the hospitel, I ~~use~~ want to
go to trial on 9-17-01 please the phone
records of michael ostrouski it is in his
mother name or father name "from Aug 28-2000
Back one week," my pager number will be on
here my pager is 708-266-6781

Mr. edwards, please be here this week I have to see you sir, this hit is going to happen I am going to need you to help me suit a lawsuit,

I'll be looking for you this week I hope and pray by thursday 9-6-01 thank you very much Mr. edwards.

Miguel Rivera
200/0003412 Div-11-AH-PC.

if Mr. John maul don't help me I have to tell the Judge.

law firm wildman Harrold Allen & Dixon
225 W. Wacker Drive     Mis lisa S. Simmons
Suite 2800              chair
Chicago, IL, 60606. please call 312-201-2000

this law firm have my
discovery and my evidence
letters that the So call
State witness wrote to me,
saying that she said the
truth to the Dets.

I need all 3 phone Records
                    from

Rosemary carson family 630-
phone bills from may 2000      759-2897
to January 3 of 2001

and the phone Records from
the mr & miss ostrowski may 2000
to Aug 28-2000, 6166 n. Sneridan Rd,
and the phone Records from  Chicago
orlando C. Rivera 941-242-2579
602 SE 13th St. cape coral fl.
33990, from the Sprint
phone co. I use this name to get
the phone truned on
        on Back →

here is one of the witness
for the State mr. dowies
Cornelius, S.S.N. 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
773-238-7496 work 773-274-2500

heres my old attorney
mr. frank D. Edwards
phone 773-624-0776

and heres my witness name
mr. Rick Duffin. he is a attorney
at law from the law firm
Jenner & Block - 312-222-9350
please call him;

EXHIBIT-V-~~~~19

Letter from

P. D.



Law Office of the
**COOK COUNTY PUBLIC DEFENDER**

69 West Washington Street • 15ᵗʰ Floor • Chicago, IL 60602 • (312) 603-0600
**EDWIN A. BURNETTE • PUBLIC DEFENDER**

November 30, 2004

Mr. Miguel Rivera
N-23881
711 Kaskaskia St.
Menard, Il. 62259

                    Re:    People v. Miguel Rivera
                           01-CR-2646
                           Post-conviction

Dear Mr. Rivera:

        This is to acknowledge receipt of your letter dated November 16, 2004.

    1.    It is against office policy to make personal phone calls for clients.   Accordingly, I
          will not be making personal calls for you.

    2.    The only way to get me to have an investigator talk to jurors about something is to
          tell me what you think the jurors will say, so I can evaluate whether it has legal
          importance.  You did not do this.    *She Refuse To do!*

    3.  · You mistakenly say that I said I would look into the discovery "and all the police
          reports and the preliminary reports through the  information."  I only plan to review
          what is in the record.

        Now - - try again.  Write a letter about <u>one thing only.</u>   Write to tell me about what you think
the two jurors will say and why that is important.  Do not write about anything else.  I will not
read or respond to anything in your letter that is not about those two jurors.

Sincerely,

Andrea Monsees
Assistant Public Defender

*She wont give me the*
*discovery or all the police Reports*
*that prove my innocents*

Chicago
Sun Times
350 N. Orleans
Chicago, IL,
60650.



Law Office of the
## COOK COUNTY PUBLIC DEFENDER
69 West Washington Street • 15TH Floor • Chicago, IL 60602 • (312) 603-0600

**Edwin A. Burnette • Public Defender**

July 22, 2004

Mr. Miguel Rivera
N-23881
711 Kaskaskia Street
P. O. Box 711
Menard, Il 62259

Re: Post-conviction proceedings
01 CR 2646
Judge Marjorie Laws Presiding

Dear Mr. Rivera:

This is to acknowledge receipt of your six-page letter dated 7-18-04, and of its enclosed copy of Mr. Richard A. Duffin's letter saying that he will be happy to speak with the person representing you on post-conviction.

Your letter requests a copy of your trial transcripts. The transcript copies in your file were returned to you last week. You should have received them by now. And, you should have received my letter of July 19, 2004, explaining how discovery materials are handled.

As for the other matters you raise in your letter, I address them below.

1. **Request to talk with jurors:** Sharon Lunn, Jennifer Schumal, Donna Billmeier, Ariele Pachero, Rogelio Rogel.

> Purpose:    They heard Heather Carson say she and her children were not kidnaped . (P. 1 your letter.)

> Response:    This will depend on what the case-review develops. But it is very likely that I will not try to speak with them.

> Reason: Juries generally are not permitted to impeach their verdicts.

2. **Request to talk with Ms. Edith Guzman** (no phone number provided) and **Mr. Noel Rivera** (708-222-9600; Realty Adva[n]tage, 6019 West Cermak Rd., Cicero, Il. 60804.)

> Purpose:    Ms. Guzman will talk about conversations with trial counsel who said he was not worried about the kidnaping because there was no

kidnaping;  Mr. Rivera - no purpose stated. (Pp. 1-2 your letter)

Response:  This will depend on what the case-review develops.

3. **Request to speak with Mr. Rick Duffin** 312-207-1000.  (Pp. 2 and 3 of your letter)

Response:  To be done after case review.

4. **Request to speak with Maria Rivera** (no number provided.  Per file old address 2324 or 2423 S. 58th Ave., Cicero, Il 60804)

Purpose:  She will say that Heather took her to the store and to Miguel's house (presumably in Florida). (pp. 1-2 of your letter.)

Response:   1     you say Maria's social security number is in the file, but I do not see it there;

2. I did get her old address from the file;.

3. Whether I contact her will depend on what the case-review develops.

5. **Request to contact Noel Rivera**.  No number given.     *see page #1.*

Purpose:    A girl who may have been Heather called him to tell him Miguel was in jail. (P. 2 of your letter.)

Response:  This will depend on what the case-review develops.

6. **Request to contact McNeal Hospital about the doctor Miguel and Heather saw.**

Purpose:    To get information about Heather running back and forth between Miguel and the other man and to learn what Heather said her father did. (P. 3 of your letter.)

Response:  For different reasons I expect to attempt this in September or October if there are indeed records of Miguel being treated there.

Reason:  If there are records at McNeal that Miguel was treated there we will probably try to obtain them in order to explore Miguel's mental health history.

7. **Request to call the Cape Caring Center, Cape Coral, Fl. (239) 945-1927.**

Purpose:    They saw Heather 2 or 3 times, she signed some forms, and they helped them with food and clothing.

Response:  This will depend on what the case-review develops.

**8. Request to review defendant's statement in the police reports.**

Purpose:  Detective. Karen Skepper knew he did not kidnap.  But Det. Robert Candle set Miguel Rivera up because of their past. (P. 4 of your letter.)

Response:  This will depend on what the case-review develops.  The statement may be in the record.

**9. Request to review reports at the Cook County Jail on or about 12-10-91 or 12-17-91.**

Purpose:  To prove Det. Candle set him up.

Response:  This will depend on what the case-review develops.

**10. Mention of FBI agent Mr. Jeff.  No purpose stated.  (P. 5 of your letter.)**

Response:  Follow-up will depend on what the case-review develops.

**11. Review Heather Carson's statment and police summary reports and general progress reports.** (P. 6 of your letter)

Response:  This will depend on what the case-review develops.

In addition to the above questions about your case, you letter contains some other matters.  I will address them here.

A.  You say you have been paying other inmates money to help you on your case. (P.2 your letter.)

This is your decision, but I recommend that you not do this.  They may be more interested in getting your money than in helping you.

B.  You say you want all police reports.  (Pp. 4 and 6 back of your letter)

My letter of July 19, 2004 answers this.

C.  You ask that I not help the State on your case. (Pp. 4 and 6 back of your letter)

Mr. Rivera, I work for your attorney (the Cook County Public Defender) not for the State's Attorney.  Our office has a duty to provide you with reasonable representation.  And, within the bounds of our ethical obligations to the court and to opposing counsel, you will receive the

undivided loyalty you have a right to.

D.  You are angry that your trial attorney did not (try to) get you out of jail to visit your
    mother in the hospital.      (P. 4 of your letter)

    I sympathize.  But that is not what is at stake here.

✱ E.  You believe your trial attorney set you up and was purposely ineffective because you got
    angry with him about not trying to get you to visit your mother in the hospital and
    because you threatened to sue him if he lost.(Pp.5 and 6 front of your letter.)

    Attorneys are used to hearing jailed clients blow off steam.

F.  You were convicted of aggravated battery, not kidnaping. (P. 5 of your letter)

    ~~You were also convicted of aggravated kidnaping.~~

G.  You believe there is a gang hit out on you and want to be transferred to witness
    protection at Illinois River. (P.6 front of your letter)

    1. You should speak with your counselor about receiving proper
       protection.

✱   2. I hope what follows will reassure you some.  According to the file I
       was given you first complained about this to your trial attorney
       while you were awaiting trial.  And, thank heaven, you are still
       here - - alive and kicking. So maybe there is some reason to be
       optimistic.

H.  You want me to set up a collect call with you. (P.6 back)

    I will do this later, after completing some groundwork in your case.

I.  You are sending the judge a copy of your letter. (P. 6 back)

    You should not do that.  You have now pretty much locked yourself in
    on the things you said in the letter.

✱ J.  Can I help you find out where your mother is buried. (P. 6 back)

    ✱   If I come across this information I will get it to you.  And I will keep
        alert to it.  But I will not divert office resources to try to find the
        information.

Our office is moving in August.  Once we settle in I will begin reviewing your case.  It will

Page 4 of 5

probably take some time to decide what materials I need.

Because of the move we can expect some disruption. To make things as easy as possible, **please do not write to me until after August 15, 2004. And, when you do write again, please send mail to the following address:**

> **Andrea Monsees**
> **Assistant Public Defender**
> **Cook County Public Defender's Office, 15th Floor**
> **69 West Washington Street**
> **Chicago, Illinois 60602**

Sincerely,

Andrea Monsees
Assistant Public Defender

pc.  VFRogers, Resources Chief



Law Office of the
## COOK COUNTY PUBLIC DEFENDER
69 W. WASHINGTON • 16TH FLOOR • CHICAGO, IL 60602 • (312) 603-0600

**Edwin A. Burnette • Public Defender**

May 17, 2005

Mr. Miguel Rivera
P.O. Box 112
Joliet, IL 60434

> Re: *People v. Miguel Rivera*
> 01 CR 2646
> Collateral Review
> Hon. Marjorie Laws, Judge Presiding

Dear Mr. Rivera:

Thank you for your letter dated May 10, 2005. The next date in your case is May 31, 2005. We have subpoenas out to the Social Security Administration and to the Illinois Department of Corrections that we hope to have returned on that date.

I am glad you are seeing a doctor and getting therapy to help you. I will write to you again after the next court date.

Sincerely,

Andrea Monsees
Assistant Public Defender

pc H.Winston, LRD Supervisor

*ShE Refuse To get Heather*
*S.S.I. Records*
*FederaL.G,*

# EXHIBiT-X-20

Letters from Attorneys
Law offices Refuse ing
To Take My case, without
CourT ordered them,
PlainTiff seeking Attorneys
To help, due to P.D.O. Acting
under color.



LAW OFFICES OF
### Allan A. Ackerman, P.C.

*MR.* ALLAN A. ACKERMAN

2000 North Clifton Avenue
Chicago, Illinois 60614

Telephone: (312) 332-2891
FAX: (773) 871-3304

June 23, 2003

Miguel Rivera
N 23881
P.O. Box 99
Pontiac, IL   61764

*Tom. will you call for me tell him can he send me a letter at menard .C.C . P.O.Box 711. menard, IL, 62259, or call here!*

Dear Mr. Rivera:

Thank you for your recent letter asking that I become involved in your probable post-conviction petition(s).

According to your letter, you did not commit the kidnapping offenses involved in your trial and conviction. Your letter indicates that you have legal papers and trial transcripts along with other materials which will support your actual innocence and the fact that your trial lawyer was "ineffective."

At this time I cannot become further involved in any "pro bono" cases, however if you find that your family or friends are in a position to afford my services, I would certainly be interested in attempting to secure your freedom through the Illinois post-conviction process.

I am returning the letter from Mr. Duffin because I assume you have no copy.

Very best of luck to you.

Very truly yours,

Allan A. Ackerman   *← Tell him !*

AAA/jl
Enclosure

*Please send this letter Buck to me. When you talk to him.*

*to see how much he is asking me for to take my case. please tell him I don't have no family and I dont have $10.000 or $8.000 Dollers, all I need is a new trial, and the police Reports he will see I am innocence! Please Tom get Back with me on this letter, ok!*



THE
ROGER
BALDWIN
FOUNDATION
OF ACLU,
INC.

Suite 2300
180 North Michigan Avenue
Chicago, Illinois 60601-7287
(312) 201-9740
Fax (312) 201-9760
www.aclu-il.org

2/2/2004

Mr. Miguel Rivera
Menard C.C.
PO Box 711 #N-23881
Menard, IL 62259

Dear Mr. Rivera,

Thank you for your recent inquiry. We have carefully reviewed the information that you have sent.

Unfortunately, the ACLU is unable to assist you. Each month our office receives hundreds of letters from prisoners seeking aid. We can only accept a small percentage of these requests due to our severely limited resources.

If you wish assistance in filing your own complaint or lawsuit, you can contact the prisoners Correspondence Office at the address below. Their office provides NO LEGAL ADVICE; they provide information on the proper format for filing.

Prisoners Correspondence Office
Clerks Office
219 South Dearborn St.
Chicago, IL 60604

Also, the Chicago Bar Association has a lawyer referral service. Their number is 312-554-2001. (Outside of Chicago, the Illinois Bar Association's number is 217-525-5297).

Please accept our regrets that we cannot help.

Sincerely,

Intake Office
ACLU of Illinois

**Medill School of Journalism**
**Northwestern University**

# Medill

August 22, 2002

Mr. Miguel Rivera
N-23881
P.O. Box 711
Menard, IL 62259

Dear Mr. Rivera,

Thanks for responding to my students' request for information regarding your case. I only get involved in cases of homicide, so I will not be able to investigate your situation. I suggest that you try writing to the Center on Wrongful Convictions, which is through the Northwestern University Law School. The address is:

> Center on Wrongful Convictions
> Northwestern University School of Law
> 357 East Chicago Ave.
> Chicago, IL 60611

I wish you the best of luck in your quest for justice.

David Protess

Program Director, Medill Innocence Project

# PRAIRIE STATE LEGAL SERVICES, INC.

| | | | | |
|---|---|---|---|---|
| Linda A. Rothnagel<br>*Managing Attorney* | Lake County<br>(847) 662-6925 | 325 W. Washington Street<br>Suite 100<br>Waukegan, Illinois 60085 | McHenry County<br>(800) 942-3940 | Lawrence E. McShane<br>*Paralegal* |

Lawrence W. Smith
Marcia Sasaki Pierce
Harold L. Goldman
Aaron E. Baker
Mary Jo Powrozek
Joyce A. McGee
John M. Quintanilla
*Attorneys*

Fax
(847) 662-6986

TDD
(847) 662-4441

November 4, 2002

Miguel Rivera #N-23881
Pontiac Correctional Center
P.O. Box 99
Pontiac, IL 61764

Dear Mr. Rivera:

I received your letter dated October 30, 2002. Our office receives funding from the federal government. The federal government puts conditions on what work we are permitted to do. One of the restrictions placed by the federal government is that we cannot represent persons who are incarcerated in any prison or jail.

For this reason, I am returning your letter to you. I have not kept a copy and have not read all of it. When you are released from jail, you are welcome to apply for our services by calling our telephone intake and advice service at (847) 662-6925 or 1-800-942-3940. When you hear the recording, press "1" to speak to an attorney. The telephone counseling service hours are 9:05 - 11:45 a.m. and 1:05 - 4:00 p.m., Monday through Friday.

Sincerely,

LINDA A. ROTHNAGEL
Attorney at Law

LAR:tmb

Enclosure


A United Way Agency


LSC

EXHiBiT #~~23~~

A Letter From
The Public defenders offices
After #17-To 18-Months Later
ANd P.D. Ms.A.Monsees,
ANd P.D. Harold J. Wintson,
ALL ~~knew~~ knew Where I was
Transfered To...
I, MiGueL Rivera, HAVE NoT
Received a copy of Her MontioN,
ANd This is The oNLy Letter FroM
Said P.D. Attonrey: Ms.Lynn, F. WilsoN.
and oN May 16,Th. 2008. MR.M.Rivera did
Received P.D's MsLynn, F. Wilson, Motion
To ~~will~~ Withdraw,



Law Office of the
COOK COUNTY PUBLIC DEFENDER
69 W. WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312)603-0600

Edwin A. Burnette • Public Defender

June 11, 2008

Miguel Rivera
No. 64650
Central New Mexico Correctional Facility
Los Lunas, NM 87031

Re: Appeal No. 06-2788

Dear Mr. Rivera:

This letter is regarding the status of your request to be transferred to Illinois due to your health. As I told you in my letter of June 9, 2008, that I again called Ms. Funk of the Office of Transfer Coordinator, Illinois Department of Corrections to find out the status of your request to be transferred. Ms. Funk left me a message stating that she put in another call to New Mexico to find out what your medical complaints are but have yet to receive a response. She has also put in a call to the medical director. She stated that she will contact me when she receives a response. When I hear from her I will contact you and let you know the status.

As always, I am available for phone calls between the hours of 9:30 a.m. and 12:30 p.m. Please feel free to call.

Very Truly Yours,

Erin Flanagan Wilson,
Assistant Public Defender

cc: H. Winston



Law Office of the
COOK COUNTY PUBLIC DEFENDER
69 W. WASHINGTON • 16TH FLOOR • CHICAGO, IL 60602 • (312)603-0600

Edwin A. Burnette • Public Defender

May 8, 2008

Miguel Rivera
No. 64650
Central New Mexico Correctional Facility
Los Lunas, NM 87031

Re: Appeal No. 06-2788

Dear Mr. Rivera:

After a through analysis of the transcripts in your case, it is my determination that there are no meritorious issues to be raised on appeal. As a result, I will be filing a motion to withdraw as counsel. If it is your opinion that there are issues to be raised, you may file your own response.

I have also received a phone message from you requesting that I call you. However, you failed to leave a number. Also, all the mail I sent to you was returned because I was not aware that you changed facilities. Please keep me informed as to your location.

I have also learned, from Mr. Winston, of your medical problems. I tried calling Mr. Chavez, as you stated in your letter, but was not able to get in contact with him. I also tried calling Dr. Campbell and was unable to get in contact with him. On May 6, 2008, I fax a letter to Warden Garcia requesting that you be allowed to call and have had no response.

Additionally, in the future please do not send any more of your blood via the mail. In case you did not know that is **not sanitary**.

As always, if you have any questions please feel free to write or call me between the hours of 9:30 a.m. and 12:30p.m.

Very Truly Yours,

Lynn Flanagan Wilson
Assistant Public Defender

No. 06-2788

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) Appeal from the Circuit |
| | ) Court of Cook County, |
| Respondent-Appellee, | ) Criminal Division. |
| | )  01 Cr 2646 |
| -vs- | ) |
| | ) |
| **MIGUEL RIVERA,** | ) Honorable |
| | ) Majorie Laws, |
| Petitioner-Appellant. | ) Judge Presiding. |

## MOTION TO WITHDRAW AS APPOINTED COUNSEL PURSUANT TO PENNSYLVANIA V. FINLEY

Now comes the Petitioner's counsel, **Edwin A. Burnette**, Public Defender of Cook County, Illinois, through his assistant, **LYNN FLANAGAN WILSON**, Assistant Public Defender, and respectfully moves this Honorable Court for leave to withdraw as counsel on appeal in this case.

In support of this motion, movant states as follows:

1.      Petitioner have appealed from the order of Judge Laws denying his  pro-se petition for post-conviction relief.  The Office of the Cook County Public Defender was appointed as counsel on appeal.

2.      A thorough analysis of the record has resulted in the determination by counsel that there are no meritorious issues to be raised on review.

3.      Pursuant to the requirements of Pennsylvania v. Finley, 95 L.Ed.2d 539, 107 S.Ct. 1990 (1987) and in accordance with the presently accepted practices and procedures of the First

District Appellate Court and the Office of the Cook County Public Defender, a brief is being submitted in support of the motion to withdraw as counsel.

4.     A copy of this motion and supporting brief will be sent to the petitioner at his current address.

WHEREFORE, counsel respectfully requests this Honorable Court, for the reasons expressed herein and in the attached brief, grant the motion allowing the Office of the Cook County Public Defender to withdraw as appointed counsel on appeal in this case.

Respectfully submitted,

EDWIN A. BURNETTE
Public Defender of Cook County

By
LYNN FLANAGAN WILSON
Assistant Public Defender

STATE OF ILLINOIS    )
                         ) SS
COUNTY OF COOK    )

## A F F I D A V I T

**LYNN FLANAGAN WILSON**, being first duly sworn on oath, deposes and states:

1.     I am an attorney in the Legal Resource Division of the Cook County Public Defender's Office;

2.     I was assigned to represent Miguel Rivera in the instant appeal No.06-2788. In that capacity, I have prepared the motion to withdraw as appointed counsel for petitioner. I have read the record filed in this case and have determined there is no merit to any issue in this appeal. In support of the motion and that conclusion, I have prepared the brief accompanying this filing.

3.     I have assured that petitioner is sent a copy of this motion and the supporting brief on which the request to withdraw is based.

4.     I offer this affidavit in further support of the motion to withdraw as appointed counsel on appeal.


                                  **LYNN FLANAGAN WILSON**
                                  Assistant Public Defender

SUBSCRIBED and SWORN TO

Before me this 11 day

of _May_ , A.D., 2008.

_Ann T. Rowston_

NOTARY PUBLIC

OFFICIAL SEAL
ANN T. ROWSTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-9-2008

No. 06-2788

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit |
| | ) | Court of Cook County, |
| Respondent-Appellee, | ) | Criminal Division. |
| | ) | 01CR2646 |
| -vs- | ) | |
| | ) | |
| **MIGUEL RIVERA,** | ) | Honorable |
| | ) | Marjorie Laws, |
| Petitioner-Appellant. | ) | Judge Presiding. |

## NOTICE OF MOTION

TO:　Richard Devine　　　　　　　　　　Miguel Rivera
　　　State's Attorney　　　　　　　　　　No. 64650
　　　309 Daley Center　　　　　　　　　Central New Mexico Correctional Facility
　　　Chicago, IL 60602　　　　　　　　Los Lunas, NM 87031

　　　PLEASE TAKE NOTICE THAT on MAY 14, 2008, I shall cause to be filed in the Office of the Clerk of the Appellate Court of Illinois, First District, the attached Motion and Affidavit.

　　　　　　　　　　　　　　　　　　**EDWIN A. BURNETTE**
　　　　　　　　　　　　　　　　　　Public Defender of Cook County

　　　　　　　　　　　　　　　　　　By: _Lynn Flanagan Wilson_
　　　　　　　　　　　　　　　　　　　　LYNN FLANAGAN WILSON
　　　　　　　　　　　　　　　　　　　　Assistant Public Defender

STATE OF ILLINOIS )
　　　　　　　　　　　　) SS
COUNTY OF COOK　)

　　　Lamont W. James, being duly sworn on oath, says that he served the above and foregoing Notice and Motion and Affidavit by delivering same to the above-mentioned attorney, and mailing same to defendant on MAY 14, 2008.

　　　　　　　　　　　　　　　　　　_Lamont W. James II_

SUBSCRIBED and SWORN TO
Before me this 14 day　　　　　　　　　　　　　　Received by:
of May, A.D., 2008.　　　　　　　　　　　　　　Date:
_Ann T. Rowston_
NOTARY PUBLIC

```
OFFICIAL SEAL
ANN T. ROWSTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-9-2008
```

No. 06-2788

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) Appeal from the Circuit |
| | ) Court of Cook County, |
| Respondent-Appellee, | ) Criminal Division. |
| | ) 01 Cr 2646 |
| -vs- | ) |
| | ) |
| **MIGUEL RIVERA,** | ) Honorable |
| | ) Marjorie Laws, |
| Petitioner-Appellant. | ) Judge Presiding. |

## BRIEF IN SUPPORT OF MOTION TO WITHDRAW

In support of the motion to withdraw as appointed counsel, EDWIN A. BURNETTE, Public Defender of Cook County, through LYNN FLANAGAN WILSON, Assistant Public Defender, submits the following brief revealing the lack of appellate issues present in this cause.

## STATEMENT OF FACTS

Following a jury trial, the petitioner, Miguel Rivera, was found guilty of three counts of aggravated kidnaping and one count of aggravated battery. ( R. N-3) He was sentenced to concurrent 40 year terms for the aggravated kidnaping and a concurrent term of five years for aggravated battery. ( R. N-4) On appeal, the appellate court affirmed the trial court's order (1-02-0699). ( R. N-4)

Subsequently, Rivera filed a pro-se Post-Conviction petition. ( R. N-4) In the petition, Rivera alleged ineffective assistance of counsel, that his extended term sentence was unconstitutional, and that the extended term statute was unconstitutional. ( R. N-5) Counsel was appointed and filed two supplemental petitions. On July 27, 2005, Rivera's post-conviction attorney filed the first supplemental petition. ( C. L. 127) In the supplemental petition, counsel alleged that because Rivera's jury was not instructed on the lesser included offense of unlawful restraint, he did not receive a fair trial and that his trial counsel and appellate counsel was ineffective. (C. L. 127-130) On March 9, 2006, counsel filed the second supplemental petition.

(C. L. 40-73)  In the petition, counsel maintained constitutional errors arising from the failure to inquire into Rivera's fitness for trial and sentencing, the failure to use his mental disability as grounds to challenge the mens rea of the offenses, and/or as grounds for an insanity defense, and the failure of trial and appellate counsel to challenge imposition of an extended term sentence. (C. L. 40-73) On June 29, 2006, the State filed a Motion to Dismiss the Petition.

Following a hearing on the motion, the trial court dismissed the petition. Rivera  now appeals the dismissal of his petition.

## ARGUMENT

### NO ERROR OCCURRED IN THE JUDGE'S DECISION
### DISMISSING THE POST- CONVICTION PETITION

In his petitions for post-conviction relief, Rivera alleged that his extended term sentence and the extended term statute was unconstitutional, the jury was not instructed on the lesser included offense of unlawful restraint therefore he did not receive a fair trial, trial counsel was ineffective due to his failure to inquire into his fitness for trial and sentencing, and failure to use his mental disability as grounds to challenge the mens rea of the offenses, and/or as grounds for an insanity defense, and the failure of trial and appellate counsel to challenge the imposition of an extended term sentence.

The Post-Conviction Hearing Act provides a remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred in their trial. (*People v. Eddmonds* 143 Ill. 2d 501, 578 N. E. 2d 952 (1991)) The purpose of the post-conviction proceeding is to permit inquiry into the constitutional issues involved in the original conviction that have not been and could not have been adjudicated on direct appeal. (*People v. Eddmonds* 143 Ill. 2d 501, 578 N. E. 2d 952 (1991)) A defendant is not entitled to an evidentiary hearing on his post-conviction petition as a matter of right. An evidentiary hearing is warranted only where the allegations of the post-conviction petition, supported where appropriate by the trial record or accompanying affidavits, make a substantial showing that a defendant's constitutional rights have been violated.(*People v. Haynes* 192 Ill. 2d 437 737 N. E. 2d 169 (2000)) In determining whether

to grant an evidentiary hearing, all well pleaded facts in the petition and accompanying affidavits are taken as true. (*People v. Haynes* 192 Ill. 2d 437 737 N. E. 2d 169 (2000)) This court review a trial court's determination regarding the sufficiency of the allegations contained in a post-conviction petition de novo.

At the hearing on the State's Motion to Dismiss, it was conceded that the Apprendi issue raised in Rivera's pro-se petition did not apply. ( Supp. R. N-18) However, post-conviction counsel did maintain and argue that Rivera's trial counsel was ineffective for failing to address Rivera's mental health issues. Supposedly, there was bona fide doubt as to whether Rivera was fit for trial. In support of this contention, attached to the petition was an Illinois Department of Corrections educational evaluation that equates his educational achievement with that of a 4th grader, Social Security Administration Records indicating that he receive benefits between the period of 1999-2001, the pre-sentence investigation which indicated that he informed the Court's probation officer of his disability arising from depression, and Illinois Department of Corrections records demonstrating that he needed psycho tropic medications and had repeatedly been diagnosed as mentally ill.

To succeed on a sixth amendment claim of ineffective assistance of counsel, you must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*People v. Strickland* 466 U.S. 668, 104 S. Ct. 2052 (1984)) A reasonable probability means a probability sufficient to undermine confidence in the trial's outcome. (*People v. Strickland* 466 U.S. 668, 104 S. Ct. 2052 (1984))You must satisfy both prongs of the test. Failure to satisfy both prongs precludes an ineffective assistance finding. To establish that his trial counsel's alleged incompetency prejudiced him within the meaning of Strickland, defendant must show that facts existed at the time of trial that would have raised a bona fide doubt of his ability to understand the nature and purpose of the proceedings and to assist in his defense. (*People v. Easley* 192 Ill. 2d 307, 736 N. E. 2d 975 (2000)) The defendant is entitled to post-conviction relief on his post-conviction claim only if he shows that the trial court would have found a bona fide doubt of his fitness and ordered a fitness hearing if it had been

appraised of the evidence now offered. Since Rivera's post-conviction petition was dismissed without an evidentiary hearing, the critical inquiry is whether the facts presented in his post-conviction petition raised a bona fide doubt of his fitness to stand trial. *People v. Easley* (192 Ill. 2d 307, 736 N. E. 2d 975 (2000))

In the instant case, none of Rivera's supporting documentation raise a bona fide doubt as to his fitness to stand trial. The mere fact that Rivera suffers from mental disturbances or requires psychiatric treatment does not necessarily raise a bona fide doubt of his ability. (*People v. Easley* 192 Ill. 2d 293, 736 N.E. 2d 975 (2000)) Nor does an Illinois Department of Corrections educational evaluation that equates his educational achievement with that of a 4th grader or Social Security Administration Records indicating that he receive benefits between the period of 1999-2001. Relevant factors which a trial court may consider in assessing whether a bona fide doubt of fitness exists include a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial. (*People v. Easley* (192 Ill. 2d 307, 736 N. E. 2d 975 (2000)) Also, the representations of defendant's counsel concerning the competence of his client, while not conclusive, are another important factor to consider. The issue is whether defendant could understand the proceedings and cooperate with counsel. Here, there was no documentation as to whether Rivera could understand the proceedings and cooperate with his counsel.

Given the above, Rivera's post-conviction petition failed to raise a bona fide doubt of his fitness to stand trial. The petition also failed to establish that his counsel was ineffective.

In his petition, Rivera also maintain that he did not receive a fair trial because the jury was not instructed on the lesser included offense of unlawful restraint.

A defendant is entitled to a lesser-included offense instruction only if the evidence at trial is such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater. (*People v. Medina* (221 Ill. 2d 394, 851 N.E. 2d 1220 (2006)) That evidentiary requisite must be met before a right to have the jury instructed on a lesser-included offense arise. *People v. Medina* (221 Ill. 2d 394, 851 N.E. 2d 1220 (2006)

In support of his petition, Rivera cite *People v. Brocksmith* (162 Ill. 2d 224, 642 N.E. 2d 1230 (1994)). In *Brocksmith*, the Illinois Supreme Court held that a defendant had the exclusive right to decide whether to submit an instruction on a lesser-included offense at the conclusion of the evidence.

Although, unlawful restraint is a lesser included offense of aggravated kidnaping, in this case, Rivera would not have been entitled to a lesser-included offense instruction. According to the "Motion Requesting Leave To File...First Supplemental Post-Conviction Petition" the defense theory was that the victim voluntarily took her children and accompanied Rivera to first a local motel and then Florida where they lived as a family. (C.L. 128) The defense theory was this was a case of "love gone wrong". ( C.L. 127) The petition states that Rivera and the victim had a "tempestuous and tumultuous relationship" which cause the victim to leave for a couple of days. ( C.L. 127) The victim and her children went to stay with Michael Ostrowski. (C.L. 127) Supposedly, the victim later requested that Rivera pick her and the children up. When Rivera complied, a fight ensued between he and Ostrowski. ( C.L. 128) Based upon the defense theory, the victim consented to her and her children accompanying Rivera. If the defense theory had been believed Rivera could not have been found guilty of unlawful restraint. He would have simply been found not guilty.  Therefore, he was not entitled to a lesser included offense instruction,

For the foregoing reasons, the judge's decision was an appropriate exercise of his discretion, it cannot be contended on appeal that the ruling was in error.  Therefore, there is no argument which now may be made for the petitioner in this appeal.

## CONCLUSION

WHEREFORE, Edwin A. Burnette, Public Defender of Cook County, through Lynn

Flanagan Wilson, Assistant Public Defender, respectfully requests this Honorable Court, for the

reasons expressed herein, grant the motion to withdraw as counsel for petitioner on appeal.


Respectfully submitted,


**EDWIN A. BURNETTE**
Public Defender of Cook County
69 W. Washington, 15th Floor
Chicago, IL. 60602
(312) 603-0600

**Counsel for Appellant**.


**LYNN FLANAGAN WILSON**
Assistant Public Defender

**Of Counsel**.

ORDER
06-2788

IN THE APPELLATE COURT, STATE OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) Appeal from the Circuit |
| | ) Court of Cook County, |
| Respondent-Appellee, | ) Criminal Division. |
| | ) 01 Cr 2646 |
| -vs- | ) |
| | ) |
| **MIGUEL RIVERA,** | ) Honorable |
| | ) Thomas Tucker, |
| Petitioner-Appellant. | ) Judge Presiding. |

## O R D E R

This cause coming to be heard on motion of petitioner-appellant, Miguel Rivera , and

the Court being fully advised in the premises, IT IS HEREBY ORDERED counsel's motion

to withdraw as appointed counsel in the above-entitled cause pursuant to <u>Pennsylvania v.</u>

<u>Finley</u> is taken under advisement.

**LYNN FLANAGAN WILSON**
 Assistant Public Defender

**EDWIN A. BURNETTE**
 Public Defender of Cook County

Attorney for Petitioner-Appellant

Address: 69 West Washington-15th Floor

City: Chicago, Illinois 60602

Telephone: (312) 603-0600

---
JUSTICE

---
JUSTICE

---
JUSTICE

STEVE RAVID, CLERK OF THE APPELLATE COURT, FIRST DISTRICT

*Ms. Ilene Lin Bloom*

# WINSTON & STRAWN

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

444 SOUTH FLOWER STREET
LOS ANGELES, CALIFORNIA 90071-2911

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

WRITER'S DIRECT DIAL NUMBER

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

1400 L STREET, N.W.
WASHINGTON, D.C. 20005-3502

April 6, 2001

Mr. Miguel Rivera
#ID 200001003412
Cook County Jail
Div. #11-▮▮
P.O. Box 089002
Chicago, Illinois  60608

*accept*
*College.*
*College*

Dear Mr. Rivera:

I recently received the letter you sent to Alene Shafnisky about your need for legal assistance.  Unfortunately, we are not able to assist you at this time.

Winston & Strawn wishes you the best of luck in the future.

Sincerely,

*Ilene Lin Bloom*

Ilene Lin Bloom

ILB:lhz

**JENNER&BLOCK**

November 18, 2002

Jenner & Block, LLC    Chicago
One IBM Plaza          Dallas
Chicago, IL 60611-7603  Washington, DC
Tel 312 222-9350
www.jenner.com

Mr. Miguel Rivera
#N23881
P.O. Box 99
Pontiac, IL 61764

Dear Rivera:

Thank you for your letter requesting pro bono representation. After carefully reviewing your request, we have determined that we will not be able to undertake the representation you are seeking.

Each year we receive hundreds of requests for pro bono representation. Each request is examined on a case-by-case basis according to various criteria, including geographical location, jurisdiction, conflict of interest, etc. Unfortunately, because of the tremendous volume of requests we receive, we are simply not able to undertake each one — regardless of merit.

We have included a list of other Chicago area firms offering pro bono representation to assist you in your pursuit of legal representation.

Sincerely,

*Barry Levenstam*

Barry Levenstam
Co-Chair, Pro Bono Committee

Encl.
BL:kw

*they said NO (4) times and they won't tell me where my witness is Mr. Rick Duffin he is a Attorney here at J&B, LLC,*

*1*

Kathy D. Twine, Esq.
*Executive Director*
*General Counsel*

100 West Randolph Street
Suite 14-500
Chicago, Illinois 60601-3233
312/814-5554
800/227-9429
TDD 312/814-1861
FAX 312/814-5719

underman, Esq.

arkhurst, Esq.

derick J. Kapala
E. Kreisler
W. Landsberg, Esq.
na H. Mazur
, Michael J. Murphy
chael Pittman
ristine I. Takada

# STATE OF ILLINOIS
# JUDICIAL INQUIRY BOARD

June 26, 2003

Mr. Miguel Rivera
N-23881
Pontiac Correctional Center
P.O. Box 99
Pontiac, IL 61764

Dear Mr. Rivera:

Please be advised that we are unable to process your request for an investigation because the judge that you complained about is no longer an active member of the judiciary. Kindly note that the Judicial Inquiry Board only has jurisdiction over active Illinois State court judges.

Very truly yours,

Kathy D. Twine
Executive Director &
General Counsel

KDT:vp

STATE OF ILLINOIS ⟩
                  ⟩ SS
COUNTY OF _____ ⟩

### AFFIDAVIT

I, Miguel Rivera #N-23881, being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge, and belife and if called as a witness I am competent to testify thereto: I limit this affidavit as Exibit #d. the trial judge. in case 01-CR-02646 order, a pre-sentence investigation. the investigator lied on the defendant. that I have aged, and that I never worked she couldnt fine names of my Job's. here is legal prove I worked at the time of the agg-Battery happen the discovery proves the chicago-dites went to my Job-City Trapen Co. and here's legal prove I worked in florida under my name Miguel, Rivera, at the same address and apt. Heather, careon, lived at 602 se-13th. st cape coral fl 33990-000, please check her Social Security records. we'res She called them to transfer her s.s.i. checks to this address, and I ask that this court investigate. — Mine to, thats not No kidnapping at all.

for Relif: I ask for a new trial with an investigation due to my innoleave or to be acquited of this wrongful conviction of aggravated Kidnapping.

Subscribed and Sworn To
before me on the 3rd day
April, 2013

_____

Respectfully submitted,

*Miguel Rivera* #N-23881



"OFFICIAL SEAL"
MARK G. SPENCER
Notary Public, State of Illinois
My Commission Exp. 08/08/2004

*The lady that did the pre-sentencing Report*
*- said I did not work*

5(PERMANENT)

Page 1 of 1 Pages

## NOTICE OF OVERPAYMENT - CASH

JUL 0 5 2001

*Date of Notice: 06/18/01

Account Number: 356314

03-229-000090979//929

Miguel Rivera
Cook County Dept of Corr
Dv 5 Administration
Chicago, IL. 60608

03-229-D90979
356314
Claim 2

You received a cash overpayment of $  388.72 from the Department of Human Services. This overpayment of assistance occurred because YOU FAILED TO REPORT YOUR EARNINGS FROM YOUR EMPLOYMENT WITH CITY TRANSFER CO INC WHICH BEGAN IN AUGUST 2000

YOU ARE RESPONSIBLE FOR REPAYING THIS CASH OVERPAYMENT.
The following computation explains how the amount of your overpayment was determined.

| Cash Received | - Correct Cash Amount | = Overpay-ment | - Support Payment | = Adjusted Overpay-ment | Months | X Number of Months | = Net Overpay-ment |
|---|---|---|---|---|---|---|---|
| $   219.96 | $    .00 | $   219.96 | $    .00 | $   219.96 | 08/00 thru 08/00 | 1 | $   219.96 |
| $   168.76 | $    .00 | $   168.76 | $    .00 | $   168.76 | 09/00 thru 09/00 | 1 | $   168.76 |

Total Grant Assistance Overpayment for this page    $    388.72

YOUR TOTAL GRANT OVERPAYMENT AMOUNT $    388.72

*the defendant was even working for Haworth Construction, inc.
8056 pelican Road in fort Myers, fl 33912
My Boss name is Tim, 941-940-6205*

*SEE ATTACHED FORM FOR IMPORTANT APPEAL INFORMATION

IL444-2404XAG (N-10-99)          (SEQ:  365F)

No. 02-0699

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court of |
| | ) | Cook County, |
| Plaintiff-Appellee, | ) | Criminal Division |
| | ) | No. 01cr2646 |
| -vs- | ) | |
| | ) | |
| MIGUEL RIVERA, | ) | Honorable |
| | ) | Edward M. Fiala |
| Defendant-Appellant. | ) | Judge Presiding. |

**BRIEF AND ARGUMENT FOR DEFENDANT-APPELLANT**

**POINTS AND AUTHORITIES**                                    **PAGE**

**BECAUSE THE DEFENDANT'S POST-TRIAL ASSERTIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL, IF TRUE, AT A MINIMUM SUGGEST "POSSIBLE NEGLECT" OF HIS CASE, THE TRIAL COURT'S FAILURE TO FURTHER INVESTIGATE THE ALLEGATIONS AND/OR APPOINT NEW COUNSEL WAS MANIFESTLY ERRONEOUS..........7**

*People v. Haynes*, 331 Ill. App. 3d 482,
771 N.E.2d 643 (2002)......................................................................................8, 9, 10

*People v. Bull*, 185 Ill. 2d 179,
705 N.E.2d 824 (1998)......................................................................................8, 9, 10

*People v. Johnson*, 159 Ill. 2d 97,
636 N.E.2d 484 (1994)......................................................................................8, 9, 10

*People v. Nitz*, 143 Ill. 2d 82, 572 N.E.2d 895 (1991)..........................................8

*People v. Woodson*, 220 Ill. App. 3d 865,
581 N.E.2d 320 (1991)......................................................................................8

i

## NATURE OF THE CASE

Miguel Rivera was charged with attempt first degree murder, aggravated battery, and the aggravated kidnaping of three individuals. After a jury trial he was found not guilty of attempt first degree murder, but guilty of aggravated battery and three counts of aggravated kidnaping. The Honorable Edward M. Fiala sentenced Rivera to three concurrent extended terms of 40 years imprisonment for the aggravated kidnaping convictions, and a concurrent term of 5 years for aggravated battery.

## ISSUE PRESENTED FOR REVIEW

Whether the trial court's failure to further investigate the defendant's post-trial assertions of ineffective assistance of counsel and/or appoint new counsel was manifestly erroneous given that the allegations, if true, at a minimum suggested "possible neglect" of defendant's case?

## JURISDICTION

This is a direct appeal from the judgment of the court below under Illinois Supreme Court Rule 602. The order of sentence was issued on January 17, 2002. (C.L. 141) Notice of appeal was timely filed on February 14, 2002. (C.L. 144)

1

## STATEMENT OF FACTS

Miguel Rivera was charged with attempt first degree murder, aggravated battery, and the aggravated kidnaping of Heather Carson, Isaiah Ostrowski, and Nicholas Carson. After a jury trial he was found not guilty of attempt first degree murder, but guilty of aggravated battery and three counts of aggravated kidnapping. The Honorable Edward M. Fiala sentenced Rivera to three concurrent extended terms of 40 years imprisonment for the aggravated kidnapping convictions, and a concurrent term of 5 years for aggravated battery.

Miguel Rivera was the father of Heather Carson's 13 month-old son, Alonzo. Heather also had two sons with Michael Ostrowski – Isaiah, age 3, and Nicholas, age 2. (II, R. B41-42) Heather had an unsteady, argumentative relationship with Ostrowski. (II, R. B30) In February of 1999, while Heather was pregnant with Nicholas, she and Isaiah moved in with Miguel. (II, R. B43) Heather testified that although Miguel was "real good to my sons," he frequently beat her. Heather loved Miguel. (II, R. B44, B46) Heather and the kids lived with Miguel until approximately August 26, 2000. Miguel financially supported Heather, Isaiah, and Nicholas (after he was born) the entire time that they lived with him. (II, R. B33) Heather was pregnant with Alonzo at this time. She had tired of the beatings and discovered that Miguel had cheated on her. So she and the kids moved into Ostrowski's condominium. (II, R. B15, B44)

On August 28th, 2000, at approximately 5:00 a.m., Ostrowski left for work. Heather and the kids were asleep in the house. (II, R. B16) Ostrowski ran into Miguel just outside the condominium complex. Miguel asked if he could see Heather. He said that he had a gun. Ostrowski walked peacefully with Miguel up to the apartment. There was no altercation or argument between the two. (II, R. B17-18; B23; B123; B133)

2

Ostrowski asked Miguel to wait at the door. As Ostrowski went up the stairs, Miguel followed behind him. Ostrowski felt a "punch" in his back. (II., R. B17-19; B23) He went into the bedroom where Heather and the kids were sleeping. Miguel followed him in. Ostrowski then felt a "stab" in his chest. He backed away from Miguel. (II, R. B20)

Miguel asked Heather if she had been having sex with Ostrowski. Heather said she had not and started to cry. Miguel slapped her. The children woke up and also started to cry. (II, R. B21, B50-52) Heather calmed Miguel down and told him that she "loved him" and "would go home" with him. (II, R. B51) Miguel, Heather, and Ostrowski walked into the foyer to talk so the kids would not hear them. (II, R. B52)

At this time, Ostrowski realized he had been stabbed. He exited out the back door and down to the lobby. (II, R. B22, B53) On his way out of the building, he told the doorman that Miguel had a knife and a gun, though Ostrowski admitted he never saw a gun. He walked over to another building. A security guard called paramedics. The police were also notified. Ostrowski was taken to the hospital. He had wounds in his chest and back "stitched." The police did not see any blood in Ostrowski's apartment. (II, R. B22-24; B35; B111-114; B117; B124-125) Ostrowski estimated that the size of the knife's blade was about 5-6 inches. (II, R. B24-25)

Up in the apartment, Miguel asked Heather to come back home with him. Heather refused. Miguel grabbed her hair. He "took" Nicholas and threatened to kill him. It was at this time that Heather first saw Miguel in possession of a "little knife." Miguel held the knife at Nicholas' throat. Miguel, Heather, Isaiah, and Nicholas left the building; Heather was screaming and the baby was crying. Heather and Miguel were walking "arm in arm." Heather testified that she went with Miguel only to protect her children. Yet she admitted that she did not believe Miguel would hurt the

3

children because he loved them too much. (II, R. B54-56; B81; B127-128; B134) She also admitted that she was "emotionally confused" throughout these events. (II, R. B94, B98)

Heather sat in the back seat of Miguel's car with Nicholas on her lap; Miguel sat in the driver's seat and Isaiah in the front passenger seat.    Miguel drove to an alley.  He again asked Heather whether she had sex with Ostrowski.  He then put his finger inside her vagina.  Miguel told her that he wouldn't hurt her anymore, that he just wanted to be with his child.  (II, R. B57-58) According to Heather, when they reentered the car, Miguel pulled a pair of gloves from under the dashboard and wiped off the knife.  He then allegedly threw the knife and gloves over the fence of the cemetery. (II, R. B59) However, on cross-examination Heather denied ever seeing this happen. (II, R. B90)

Heather admitted she called detectives later that day and never said anything about a knife, a kidnapping, or even being in fear for herself or her family. (II, R. B89) In fact, Heather admitted she told the police she was "fine." (II, R. B61) That night they stayed in a motel in Cicero. Miguel "shoved" Heather's shoulder and told her that if she left him, he would kill himself. (II, R. B93-94)

Over the next few days, Miguel, Heather, and the kids drove together down to Florida. They lived together there for four months. Miguel worked and supported Heather and the children during this time. After the birth of the new baby, they "lived as a family." Miguel even sold his blood to support the family. However, Heather claimed that she only stayed with Miguel because she "feared for me and my family." (II, R. B62; B84-85)

Heather admitted that she never called the police during the four months she was in Florida with Miguel. (II, R. B86) After Miguel was arrested and brought back to Chicago, Heather wrote him "a lot" of letters and visited him in jail. (II, R. B86-87, 91)

4

Heather admitted that as a teenager she was diagnosed as suffering from bipolar disorder. When she was a teen she took some medication, but had since gone unmedicated until four months before trial. Heather stated that the disorder caused her to vacillate between pronounced sadness and pronounced happiness. She said that her sickness contributed to her tumultuous relationship with Miguel. She admitted that she had Miguel arrested while they were together, but later went to court and told the judge nothing happened. (II, R. B76-79)

Heather's father, Donald Carson, testified that he knew Miguel and wrote a letter on his behalf to his parole officer requesting that Miguel be given early parole. While Miguel and Heather were together, Donald and his wife bought them furniture, a baby bed, clothes, and food. (II, R. B103) A few days after the incident at Michael Ostrowski's home, Miguel called Donald and told him to tell Michael that he was "sorry about what happened" and that he would give him $100 if he didn't "press charges." (II, R. B105, B107)

The jury found Miguel not guilty of attempt first degree murder, but guilty of aggravated battery and three counts of aggravated kidnaping. (III, R. C65)

Miguel filed a pro-se motion for a new trial alleging ineffective assistance of counsel. According to Miguel, there was an attorney, Rick Duffin, who conducted an investigation on this case prior to trial and stated that he was willing to testify under oath that Heather Carson told him she never saw a knife in the apartment and that she was never kidnaped. Duffin related his availability both on the first day of the trial and again just before the motion for new trial. Miguel's trial attorney, Frank Edwards stated that he did not call Mr. Duffin as a witness because his testimony "would not have mitigated the charges against Mr. Rivera." Both defense counsel and the State's Attorney characterized the prospective evidence as consistent with Heather Carson's alleged

trial testimony that she never saw the knife until they were outside of the apartment building. Neither defense counsel nor the State's Attorney offered any response to the prospective testimony that Heather told Mr. Duffin that she was never kidnaped. The court denied the defendant's motion. (III, R. D3-14)

The court sentenced Rivera to three concurrent extended terms of 40 years imprisonment for the aggravated kidnaping convictions, and a concurrent term of 5 years for aggravated battery. (III, R. D30)

## ARGUMENT

**BECAUSE THE DEFENDANT'S POST-TRIAL ASSERTIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL, IF TRUE, AT A MINIMUM SUGGEST "POSSIBLE NEGLECT" OF HIS CASE, THE TRIAL COURT'S FAILURE TO FURTHER INVESTIGATE THE ALLEGATIONS AND/OR APPOINT NEW COUNSEL WAS MANIFESTLY ERRONEOUS.**

At trial, Miguel Rivera was convicted of aggravated battery and three counts of aggravated kidnapping. Whether Miguel was armed with a knife at the time of the alleged abductions, and whether Heather Carson went to Florida with Miguel "against her will," were critical, contested legal issues that the jury had to resolve before returning a verdict of guilt.

Prior to sentencing, Miguel filed a pro-se motion for a new trial alleging ineffective assistance of counsel. According to Miguel, there was an attorney, Rick Duffin, who conducted an investigation of this case prior to trial and was willing to testify under oath that Heather Carson told him she never saw Miguel with a knife in the apartment and that she was never kidnaped. (III, R. D4-6)

Mr. Duffin related his availability both on the first day of the trial and again just before the motion for new trial. Miguel's trial attorney, Frank Edwards, stated that he did not call Mr. Duffin as a witness because his testimony "would not have mitigated the charges against Mr. Rivera." Both defense counsel and the State's Attorney characterized the prospective evidence as consistent with Heather Carson's alleged trial testimony that she never saw the knife until they were outside of the apartment building. (III, R. D5-7) Neither defense counsel nor the State's Attorney offered any response to the prospective testimony that Heather told Mr. Duffin that she was never kidnaped. The court denied the defendant's motion. (III, R. D3-14)

7

When a defendant presents a pro se post-trial claim of ineffective assistance of counsel, the trial court must examine the factual basis for his claims to determine whether the allegations, if true, "show possible neglect of the case." *People v. Haynes*, 331 Ill. App. 3d 482, 484, 771 N.E.2d 643 (2002) quoting *People v. Bull*, 185 Ill. 2d 179, 210, 705 N.E.2d 824 (1998).

If the allegations show possible neglect, it is encumbent upon the court to appoint new counsel "to independently evaluate the defendant's claim" and "avoid the conflict of interest that trial counsel would experience if she had to justify her actions contrary to her client's position." *Haynes*, 331 Ill. App. 3d at 484; *Bull*, 185 Ill. 2d at 210 quoting *People v. Johnson*, 159 Ill. 2d 97, 125, 636 N.E.2d 484 (1994). In accord: *People v. Nitz*, 143 Ill. 2d 82, 134, 572 N.E.2d 895 (1991)("...[I]f the allegations show possible neglect of the case.. new counsel [should] be appointed.") "The operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into the *pro se* defendant's allegations of ineffective assistance of counsel." *Johnson*, 159 Ill. 2d at 125.

A trial court's finding that it is unnecessary to appoint new counsel will not be disturbed on appeal unless it is manifestly erroneous. *People v. Woodson*, 220 Ill. App. 3d 865, 581 N.E.2d 320 (1991).

Here, the trial court first failed to adequately investigate the factual allegations. Contrary to the characterizations of both defense counsel and the State's Attorney, Heather Carson testified at trial that while she was in the apartment she saw Miguel pull out a knife, put it to two-year-old Nicholas' throat, and threaten to kill him. (II, R. B54-56, B81) Attorney Rick Duffin allegedly would have testified under oath that Heather said she never saw Miguel with a knife inside the apartment. As a result, Duffin's testimony would have clearly impeached Heather on a critical, contested legal element of the aggravated battery and aggravated kidnapping charges: the presence

of a "deadly" or "dangerous" weapon. (See jury instructions, C.L. 103-104, 99-101)

Furthermore, neither defense counsel nor the State's Attorney addressed defendant's factual allegation that Duffin would have also testified that Heather Carson told him she was never kidnaped. Obviously, such testimony would have impeached Heather on the critical, contested issue of whether or not she was taken to Florida "against her will." (See jury instructions, C.L. 96-97, 100-102) This legal element impacts every count of aggravated kidnapping against Miguel.

The trial court's manifestly erroneous failure to adequately investigate the record facts as they related to the defendant's post-trial assertions of ineffective assistance of counsel also forced defense counsel into a clear conflict of interest at the hearing. In an attempt to defend himself against Miguel's allegations of ineffective assistance of counsel, Mr. Edwards ended up misstating the facts of the case in a manner directly contrary to Miguel Rivera's position and best interests. This is precisely the reason the Illinois Supreme Court has held that new counsel should be appointed to independently investigate the defendant's post-trial claims of ineffective assistance of counsel if there is a possibility of neglect. *Haynes*, 331 Ill. App. 3d at 484; *Bull*, 185 Ill. 2d at 210; *Johnson*, 159 Ill. 2d at 125.

Assuming the truth of Miguel's post-trial allegations, there would have been no strategic reason for counsel's failure to call a neutral witness who would have directly undermined the State's case before the jury on each and every charge against the defendant. As a result, Miguel's claims of ineffective assistance of counsel at a minimum established "possible neglect of [his] case." *Haynes*, 331 Ill. App. 3d at 484; *Bull*, 185 Ill. 2d at 210; *Johnson*, 159 Ill. 2d at 125.

This case is favorably comparable to *Haynes*. There, the Court reversed for further proceedings on defendant's post-trial motion alleging his attorney's ineffectiveness for failure to

9

call a witness who would have testified that the victim had a gun at the time he was shot and killed by the defendant. Such testimony would have corroborated defendant's claim of self-defense. *Haynes*, 331 Ill. App. 3d at 485.

Based on *Haynes*, as well as the law established by the Illinois Supreme Court in *Bull* and *Johnson*, this Honorable Court should remand this cause for the appointment of new counsel to investigate Miguel's post-trial claims of ineffective assistance of trial counsel. In the alternative, this Court should remand this cause for an "adequate inquiry into the pro se defendant's allegations of ineffective assistance of counsel." *Haynes*, 331 Ill. App. 3d at 484; *Bull*, 185 Ill. 2d at 210; *Johnson*, 159 Ill. 2d at 125.

10

## CONCLUSION

For the foregoing reasons, Miguel Rivera, Defendant-Appellant, respectfully requests that this Court remand this cause for the appointment of new counsel to investigate his post-trial claims of ineffective assistance of trial counsel. In the alternative, defendant respectfully requests that this Court remand this cause for an adequate inquiry into the pro se defendant's allegations of ineffective assistance of counsel.

Respectfully submitted,


**RITA A. FRY**
Public Defender of Cook County
69 West Washington Street
15th Floor
Chicago, Illinois 60602

**Counsel for Appellant.**



**TODD AVERY SHANKER**
Assistant Public Defender

**Of Counsel.**

11

## APPENDIX TO THE BRIEF

INDEX TO THE RECORD

JUDGMENT ORDER

NOTICE OF APPEAL

1              I N D E X

2    DATE OF HEARING:  December 11, 2001
     Page Numbers:  A1 - A 156
3

4              PROCEEDINGS

5

6    JURY SELECTION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1             I N D E X

2    P.V. MIGUEL RIVERA
     12-12-01
3
     OPENING STATEMENTS
4         MR. BUNTINAS      8
          MR. EDWARDS       11
5

6    WITNESS                DX    CX    RDX   RCX
     MICHAEL OSTROWSKI      13    29    38
7    HEATHER CARSON         39    66    71
                                  75    91    97
8    DONALD CARSON          100   105
     DAMIAN RUBINO          108   113   116
9    CORNELIUS DAVIES       119   131   134   135
     LOUISE FITZPATRICK     136   145
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

                    B 2

1

<u>I N D E X</u>

2

3    12-13-01 (Pgs. C-1 thru C-69)

4    <u>JURY TRIAL</u>

5    Instructions Conference.......................3

6    Opening Argument (Peo.)...............9

7    Closing Argument (Def.)..............19

8    Rebuttal Argument....................26

9    Jury Instructed......................31

10   (Note from Jury).....................62

11   Verdicts.............................65

12   Jury Polled..........................66

13   Continued to 1-15-02.................68

14

15

16

17

18              * * * * * * * * * * * * * * * * *

19

20

21

22

23

24

File Date: _____7 - 7 - 2 0 0 8_____

Case No: _____0 8 C V 3 8 4 8_____

ATTACHMENT # _____E x  p a r t 4_____

EXHIBIT     _____

TAB (DESCRIPTION)

_____

Reporter:  Charles T. Coleman
Date of Hearing:  01-17-02
Pages:  D-1 through D-34

Sentencing

* * * * *

EXHIBIT # 2

Letter of STATe of Illinois

on Detes Robter CLeMENs,
Taking Mr.M-Rivera, into
CusTody Date 5-21-1990
FoRe RESidENTiAL BuRgLaRY.
Meaning This is whY he never
came in To TriaL

| | |
|---|---|
| MITTIMUS: | 90C440698 |
| CLASS: | 3 |
| COUNT: | 1 |
| OFFENSE: | RETAIL THEFT/RETURN>$150 |
| CUSTODY DATE: | 11/10/1990 |
| SENTENCE: | 3 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | YES |

| | |
|---|---|
| MITTIMUS: | 9015700 |
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | RESIDENTIAL BURGLARY |
| CUSTODY DATE: | 05/21/1990 |
| SENTENCE: | 4 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | YES |

*De tes R.C. X* (handwritten)

| | |
|---|---|
| MITTIMUS: | 87CR0929701 |
| CLASS: | 4 |
| COUNT: | 1 |
| OFFENSE: | VIO BAIL BOND/CLASS 3 CONVIC |
| CUSTODY DATE: | 02/11/1988 |
| SENTENCE: | 1 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | YES |

| | |
|---|---|
| MITTIMUS: | 85C20034601 |
| CLASS: | 3 |
| COUNT: | 1 |
| OFFENSE: | THEFT >$300-$10K |
| CUSTODY DATE: | 01/27/1988 |
| SENTENCE: | 2 YEARS 0 MONTHS 0 DAYS |

| COUNTY: | COOK |
|---|---|
| SENTENCE DISCHARGED?: | YES |
| | |
| MITTIMUS: | 82I7846 |
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | ROBBERY |
| CUSTODY DATE: | 08/03/1982 |
| SENTENCE: | 4 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | YES |
| | |
| MITTIMUS: | 82I7846 |
| CLASS: | 3 |
| COUNT: | 1 |
| OFFENSE: | AGG BATTERY/GREAT BODILY HARM |
| CUSTODY DATE: | 08/03/1982 |
| SENTENCE: | 4 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | YES |
| | |

All complaints regarding the accuracy of information contained in these documents should be submitted, in writing, to the Illinois Department of Corrections, P.O. Box 19277, Springfield, IL 62794-9722.

conduct another search
return to the IDOC homepage

Illinois Department of Corrections
1301 Concordia Court
Springfield, Illinois, 62794
217-522-2666 | 800-546-0844 TDD

10/17/2003 8:52 AM

and there was not No warrant for No crime
of Kidnapp Kidnapping, Just one warrant for
agg-Battery, from the chicago police Deles,
to the forth myers florida Sheriff
police, that meaning this is a wrongful-
Conviction that was imposed on the defendant,
and the trial court disposed to do harm in
to the defendant to make him suffer with a
malicious conviction. and with a unfair trial
and Jury,

EXHiBit #32.

ORdeR and Motion for Relief

and The Supreme

Court of Illinois

_____ORDER

## IN THE APPELLATE COURT, STATE OF ILLINOIS
## FIRST DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,   )
    Plaintiff-Appellee,          )
                               )
                               )
          V.               )    NO.  1-02-0699
                               )
                               )
                               )
MIGUEL RIVERA,             )
    Defendant-Appellant.      )
                        ORDER

      This cause coming to be heard on Defendant-Appellant's Pro Se Motion for Relief, which the Court deems a request for extension of time to file a Petition for Rehearing of the Summary Order entered on 3/14/03;

      **IT IS ORDERED** that Defendant-Appellant shall have to and including April 30, 2003, in which to file a Petition for Rehearing.

## ORDER ENTERED

### APR 0 9 2003

**APPELLATE COURT, FIRST DISTRICT**

Justice _____

**Name**  Miguel Rivera
       N-23881

**Attorney for**

Justice _____

**Address**  Pontiac Correctional Center
        P.O. Box 99
        Pontiac, IL 61764

Justice _____

**Telephone**

STEVEN M. RAVID, CLERK OF THE APPELLATE COURT, FIRST DISTRICT

Re: Appeal No. 02-0699 ____ ,
Indictment No. 01-CR-02646

## Petition for Rehearing

| | |
|---|---|
| People of The State of Illinois | Appeal from The Circuit Court of Cook County, Criminal Division. 01-CR-2646 |
| Plaintiff-Appellee, | |
| **FILED** APPELLATE COURT 1st DIST. APR 3 0 2003 STEVEN M. RAVID CLERK -Vs- | |
| Miguel Rivera, | Honorable Edward Fiala Judge Presiding. |
| Defendant-Appellant. | |

---

Motion To denied The States _Brief_ And Argument for Plaintiff-Appellee. And To Respectfully request And grant The defendant _Brief_, for A. Serious Investigation for Numerous of Reasons, And for _Rehearing. and Relif._

Now Comes The defendant-Appellee. And Respectfully hope And Pray That The Honorable Judge's IN This Appellant-Court. will Listen To The defendant And grant This _Motion_, And Investigation,

**1.** When The defendant was _Aressted_, By The forth Myers Sheriff Dept. IN forth Myers florida-Police. for A out of state hit from The Chicago-Police, only for A. Agg-Battery, IN The discovery it show it. The Trial Court And The defendant Attorney And The state, have This Case All Mis-up, Trial Judge. _Mr. fiala_, lit All This happen, on And off The Records And hieding Evidence And not liting the Jury hear from The defendant Witness's.

The defendant Respectfully request that This Honorable Court
To denied The states BRIEF. And grant The defendant #1. A
New Trial With A new Trial Judge, Because The defendant
Miguel, Rivera, Have Been Trying To file A Complaint on
The Trial Judge Mr. fiala, And The Two state's Attorneys. But is
Not Receiving A Answer BACK ever Since I filed A Complaint
on The Trial-Attorney Mr. FRANK, D. Edwards,

2, do To Circunstancial Evidence on The be Half of The
defendant WAS NOT Presented IN Trial or his Witness
That The Jury Had A legal Right To Hear Them, And The Things
IN The Poelice Reports say About The defendant sister
Ms. Maria, Rivera, Trial Attorney helped The state BY not Calling
her As The defendant witness. All This Should HAVE Been IN
Trial for The Jury,

3, The defendant is Begging, The Court for Mercy To grant him
The New Trial AND A Investigation. AND TO be Acqitted on
This Wrongfully Conviction And Sentenceing on Three Counts of
kidnapping, THAT The defendant Never was Aressted for. The
defendant Been Begging The Appellee Attorneys Mr. Todd, Avery,
shanker, And Mr. Robert, Guch, Supervisor, Appeals. for The
discoverey. No one Will get iT And do A Investigation
or give A Copy To The defendant, I'M being Told To Contact
The Trial Attorney Mr. FRANK, Edwards, This Attorney sent All
My Ltfers BACK To Me, The defendant do HAVE Prove,

4, The defendant is Begging for This Honorable Court Help.
AND Mercy, I Been Asking The Appellee Attorney Mr. Todd A.
shanker, To PUT in A post-Conviction for Me iT HAVE not
Happen. I HAVE A 4th grade Ed, if I have To #go To The
Illionis supreme Court, The Attorneys Tell Me I well not
Have A Attorney To give Me Representation,

5. The Trial Judge. Mr. fiala, gave The defendanT A. unfair Trial This Judge did So Many Things wrong, IN This Case. AT Trial The ATTorney-Mr. frank D. Edward's. STated To Heather, Carson, We're you kidnapp. She Stated No We lived withim, AND The Trial Judge Mr. fiala, said STrike That, RighT IN front of #12- Jury People, Reason's for This Honorable Appellate CourT To granT. This defendanT A INvesTigaTion IN This Cause and for The Jury People To be Talke To, AND D.N.A, Should Have Happen IN This Case. for Heather, Carson, Hair.,

, The Trial Judge Mr. fiala, AND The Two States-Attorneys was IN The Judge. Chambers with Two of The Jury People Two Wemon. While The defendanT-Attorney walk ouT of The CourT Room, one of The wemon Jury Was A White Register Nurse. And other was A White Wemon, They Took There Self off The Jury Trial. because of whaT The Trial Judge did while The Attorney for The defendanT was doing his Corss-ExamanTion To Heather, Carson,

, This Trial Judge AND The Two State's Attorney's AND The Defense Counsel AND The defendanT wenT IN To A-402 Confrence. The day befor Trial, The Trial Judge Mr. fiala, did So Many Thing's off The Record's. And leT The State Prohibit Evidence iNTo The Trial, like The discovrey. The Police Summary-ReporT's AND The genural-ReporT's do show ThaT Heather, Carson, Stated To The Police DetecTive's ThaT She was not kidnapp, AND She Paid RenT with the defendanT Miguel, Rivera, Reason's for A INvesTigaTion for This Honorable CourT AND Judge's Should granT The defendanT The INvesTigaTion. because This is The facT To All of The Evidence ThaT The Trial Judge Mr. fiala, AND The Two State's Attorney's Are hiding, AND The Trial Attorney for he defendanT Mr. FRANK, D. Edward's,

Just Set There And allowed This To Happen To The defendant While IN The -402 Confence, leading To This wrongfully Conviction of kidnAPPing%.

', The defendANT Miguel, Rivera, had A Attorney NaMe. Ms. MoNica, # Johnson, from The PUBLic Defender office ThAT WouldN'T do A ProPer INvesTigaTion for The defendANT. like get tele. Phone, Records, OR come To The Jail To visiT The defendANT. AT A Time of A ContinueNce while CourT Proceding% was going ON. The defendANT hiMself-had To get The Evidence Together, All The ATTorney's The Trial Judge gave To The defendANT Never did A INvestigaTion.

&, The defendANT Had This Judge Mr. fiala, To Take Ms. - MoNicA, JohnsoN, off The Case AT The TiMe of The CourT Proceding%. wheN The defendANT Miguel, Rivera, was IN The Process of fiNdiNg A. oTher Attorney I HAd Had Told Judge Mr. fiAla, He StAtes I Better Move fasT, The Attorney The defendANT HAd A. Mr. Rick, - DuffiN, did come ouT To VisiT The defendANT AT The Cook CouNTY. AND Read The discovery AND The leTTer's ThAT HeAther, CArson, wroTe To The defendANT while A waiTing for Trial, Mr. Rick, DuffiN, EveN ConTribuTe A INvesTigaTion. Mr. DuffiN, Talk WiTh HeAther, CArson, She stAted To This officer's of The CourT ThAT She Never SeeN No WeaPoN, AND ThAT She Never felt KidNAPP. The Jury HAd All legal RighTs To HeAr The defendANTs WiTness AT Trial,

'; This Trial Judge Mr. fiala, was eveN INforM ThAT The - defendANT was HAveiNg Real Serious gang Trouble while SeTiNg IN The Cook CounT Jail, while AwAiTing for Trial The defendANT. Was IN The Div-11-AH-P.C. I HAd My CoMMiss ary TAKeiNg AwaY. AND HAd-uriNe, T-oN Me. By The gangs,

Throwing on me, And The Trial Judge says And The Trial Attorney said All _we_ can do is Ask the Jail To Tranfer you To another Division. That Never Happen, The defendant was _force_ To sing out of P.C. And one of The inmates is Here at the Pontiac Corr · Ctr. With The defendant, And

Still Haveing gang Trouble with The Same gang Bangers, This gang _hit_ is very serious out on The defendant _life_. The Trial Attorney was Inform as well The defendant Told Mr. _frank, D. Edwards,_ if I'm Convicted To Please have me Transfer To The _Ill · River · Corr · Ctr. Witness Protection Proagam._ The Attorney Never did nothing for My Safety, FMy _life,_ is in Danger. here I can't even come out My cell,

3, The defendant _Miguel, Rivera,_ Told His Trial Attorney _Mr. frank, D. Edwards,_ That I wanted The Arressteing Detective _Mr. — Robert, Cennedi,_ in Trial, because This Detective is The The Same Detective That _Aressted Me_ for A _Burglary_ in 1991. And him And his Partner Beat me into A Confessio. There was so Much going with This Detective There was A _Complaint file_ at The Cook County Jail. They Put me in The hospital, And Now This Detective is The Aress-eting officers on This Case. And The Detective Put in his Reports he states That _Heather, Caason,_ Took Police Detective's To The Cemetoary. At Night To Talk Two The Care Taker To look for The weapon, And A Pair of glove After for Months of liveing with The defendant while in florida _Heather, Carson,_ did file for Public-Aid - with The Lee County florida - Aid offices The Trial Attorney Refuse To get The Records,

4, AND Refuse To Get Records ⬤ from The AiRSON Rental
furNiTure store. where Heather, Carson, help Sing The
APPLICATION for furNiTure. for Aer APt. store - ## 941 - OR-
914 - 573 - 9944 IN The Lee CouNTY floroidA, AND The TriAl
AttorNeY Refuse To geT Records from The Cape Caring Center
Heather, Carson, Sing A APPLICATION for ChristMas PreseNT:
4645 SE 15Th. Ave. Cape Coral, fl 33904 - Phone (239) 945-1927
while The defeNdANT Miguel, RiverA, and HeaTher, Carson,
did live Together at 602 SE 13Th-St. cape Coral, fL. 33990,
AND AT SeNTenceing The Trial, AttorNeY Mr. frank, Edwards,
help The stAte, AND The TriAl Judge Mr. fiala, CoNVicTed
the defendant By stateing To The Judge. THAT Heather, —
Carson, did noT live with Miguel, RiverA, THAT She lived
with A Ms. Bruberry, [Phonetic] in floridA for up To four
MonThs. But The defendANT do Have legal Prove from
ThE CiTy of Cape CoraL, FINANCIAL seRVices DepArTmenT
CustomeR seRVice DiVision - Ms. BoNNie, Nolan, Customer S.
Representative Enc, Phone - 239-574-7722. Heather, Carson,
EveN sing The lease, To ReNT The ApT, Read Reasons To
gRANT The defendANT A INvestigATion oN This wroNgfully —
ConVicTioN,

6, The Judge Mr. fiala, ordered A. Pre-Trial-SeNTenceing
INvesTigATion - The lady INvesTigaTer CAme ouT To visiT
The defeNDANT. befor SeNTenceing she PuT IN her RePort
ThAT The defendANT Miguel, RiverA, HAVE his G.E.d. AND
ThaT The defeNdANT STATes he WAS wrokiNg for CiTY -
TraNsfer Co. wheN The Agg-BATTery HAPPeN, AND ThAT she
She stated IN her RePorTs She Never FiNd No Records of
The defeNdANT wrokiNg, The defeNdANT Have CoNtact
oNe of his WitNesss Mr. Rick, DuffiN,

4, for one. The defendANT don'T, HAve h___ G.E.d, The defen-
dANT do HAve Prove, ThAT He. HAve A. 4th. grade EducATion
ANd ThAT He wAs wrokiNg, This TriAl Judge. Mr.fiAlA, ANd The
Two stAte's-AttorNey's ANd The defendANT TriAl AttorNey ANd
The lAdY ThAT did The Pre-SeNTeNceiNg INVesTigATioN did
seT up. The defendANT oN This wroNgfully - CoNvicTioN of
Three-CouNTs of kidNAPPiNg, People V. HAyNes, 331 Ill. APP. 3d 482,
771 N.E.2d 643 (2002)...8,9,10, People V. Bull, 185 Ill. 2d 179,
705 N.E.2d 824 (1998)...8,9,10, People V. NiTz, 143 Ill. 2d 82, 572 N.E.-
2d 895 (1991)...8, People V. WoodsoN, 220 Ill. APP. 3d 865,...8,
581 N.E.2d 320 (1991)...8

5, The defendANT TriAl-ATTorNey Mr. fRANK, D. EdwArds, wAs
NEGLECT'' IN This CAse. ANd The lAdY ThAT did The Pre-
SeNTeNceiNg INVesTigATioN, iT do Prove IN The discovrey
ThAT The AressTediNg DeTecTive's did go To The defendANT JoBs,
CiTy TrANsfer Co. ANd To TAg-Recovrey Rre-Pro-Co.,

6 The defendANT wAs TAkiNg AveNTAge of. IN This TriAl. The
TriAl Judge. Mr.fiAlA, wAs AwAre of The defendANT HAveiNg
The LeTTer's wroTe By HeATher, CArsoN, for MoNTh's befor
TriAl, ANd wheN The LeTTer's eNdiNg uP IN The HANds
of Mr. fRANK, D. EdwArds, The origiNAl dis MisiNg. AT TriAl
he used A Copy ThAT The defeNdANT HAd,

7, The defeNdANT. Miguel, RiverA, Ask This HoNorAble CourT
ANd Judge. for MercY. ANd grANT The defendANT A New
TriAl, ANd A INVesTigATioN, INThis CAuse ~~To~~ APPeAl No.1-02-069.

8, HeATher, CArsoN, Lied oN The TriAl STANd. WheN The TriAl
ATTorNey Ask her we're You ANd Miguel, RiverA, goiNg To
See A DocTor; she stAted No oN The stANd, Mc. NeAl hospiTAl
do hAve The Record's ThAT She wAs goiNg To See A DocTor

This Doctor will Testify. To The TrueTh About <u>HeaTher</u>, <u>CarsoN</u>, RuniNg To <u>Mr.ostrowski</u>, And Then RuniNg BACK To <u>Mr.RiverA</u>,

1, The defendanT. Was <sup>set</sup>-uP IN This Trial BY The state's Attorneys 2, And The ~~denf~~ defeNdanT Trial Attorney <u>Mr.fRANK, Edwards</u> being on Two side's of This Case - he will TAlK for The defendAT AT Trial, BuT Never PuT The defendaNT Motion's And Evidence iN for ~~Fira~~ Trial. TheN The Trial Attorney helPed The state Attorney's At seNteNceiNg To Convicted The defeNdAT,

2, The Trial Judge <u>Mr.fiala</u>, ANd The Two state's AttorNey's 13, And The Trial Attorney for The defeNdaNT. They JusT Took The PLACE of being A. ExPert's of Medical oN The behAlf of <u>HeaTher</u>, <u>CARsoN</u>, wheN The Jury was ouT, And Then IN. The defeNdanT told All The ATTorney's THAT The Trial Judge gave him. THAT <u>HeaTher</u>, <u>CARsoN</u>, And <u>Miguel, RiverA</u>, Was seeing A <u>Doctor</u>, THAT he will be williNg To tesTify. The Trial ATTorney wouldN'T CAll The Doctor IN. And The Trial Judge Allowed iT To HaPPeN THAT WAY, The TriAl Was Real uNfAiR.

4, The defeNdanT Told All ATTorNey's And The AResstein9 DeTective's. ThAT The defeNdanT <u>Miguel, RiverA</u>, Was fighting with <u>Mr.M.ostrowski</u>, And Took The <u>WeaPoN</u> from him, I eveN Told DetecTive's To geT MY <u>PAGER</u> - <u>Record's</u> from <u>BerwyN PAGER</u> store, The ~~Trut~~ Truth will Come ouT. They wouldN'T do iT, iT will identified The Home PhoNe uNMber of <u>Mr.ostrowski</u>, The Night of Aug 27-00 AT 10:30 To 11:15PM Called To <u>Mr.RiverA</u>, PAGER.

This Trial Judge M●fiala, said Strike ThaT, ● froNT of The Jury.

5, HeATher, CarsoN, filed for Public-Aid for her And kids. WiTh The Cape Coral florida Public-Aid office ● The CouNTy of Lee CouNTY, There Are Records oN This. while she lived wiTh The defeNdANT,

6, while The ~~w~~ defeNdANT Told his TriA/ ATTorNey All This he wouldN'T do The iNvesTgaTioN NoT even. The Public defenders ThAT The TriA/ Judge . sigN To The defeNdANT,

7, if This AppellanT court grANt the defendant A investigation. the stAte will be sacred because The truth is going to come out,

8, the defeNdANT is begging, this HoNorAble CourT ANd Judge's for Mercy to help save My life . I'AM With Mr. ostrowski, I took The knife from him. ● it did fall in The BedRoom, I Tryed To Tell The Trial Judge. Mr. fiala, iN The 402. I was order NoT To Tlak By The Judge. And Trial AttorNey Mr. Edwards, OR I will get More Time Add oN. All This was did To Me off The Records IN The 402,

29, with A New AttorNey oTher Then The public defenders offices and A investigation I CAN Prove To This HoNorAble Court ANd Judge I'AM iNNoceNT There isn't No kidNapping IN This case,

², Heather, AND Michael, said to the Dates that it was A knife Black with a 3" Blaed, and Now At Trial The Weapon is #5" to 6" Long, thats Two derfertant Statements The discovery will prove it,

; Heather, told the Jury she was not kidnapp. The investigation will prove it.

³ How can The State talk for My witness Mr. Duffin, when the jury do have A legal Right to Hear him testify, My Trial Attorney and the State set-that-up that way, the defendants Counsel did not want the Jury to see the water bills because it will prove that city Hall in cape coral florida is not Lieing Trial Attorney help the State in Covering up alot in This case, and the state is covering up for The Trial Attorney.

³ The court or Trial Court and Trial Judge. Never did A investigation. I was taking Advantage of in This Case. Trial Attorney said to the defendant that Mr. Duffin, is on stand by- But Counsel tells court he did not think Mr. Duffin's testimony would have mitigated. thats being Lie to And (brain washed,

And The Trial Judge. Mr. fiala, And The Trial Attorney for The defendant. And The Two Attorneys are Prohibiting when The court and Attorneys we're talking About the gang hit out on My Life, The defendant begge this court for Mercy. for A order of protection I'AM IN Serious danger. I'AM NOT SAFe Here At the

4, I, The defendant Miguel, Rivera, Do ask Judge this Honorable
. Judges, And Court For Mercy to please understand
That I don't know how To say every thing on paper,
because of Me having A 4th grade Ed. I do feel
That I can say it All in Court With A Jury.

5, And There isn't No prove that the Chicago Detective's
talk with this care taker, of the Rosewell, CeMartNy,
its not in The police Reports No Names. Police Reports
say do to the snow, Mantal, detectiders, did NOT
Wrok, that CAN Not be Right it have to be A lie.
I have Wroked with Mantal, detectiders, for oNe
Chicago pOlice Dpt, is All ways do hAve State of
ARt Mantal, detectiders, Chicago Dete's say The
F.b.I. Was Wroking With Them .f.b.I. do have Mantal,
detectiders, The police Detes WenT To This same
Cemartey, Two Times #oNe At Night time and Then in The
Next day. day time And Never got the care, takers, Name
oR NaMe's, # The police detective in This Case is Lieing
he and her Never did A investigation To No Cemartey,
This detective in My case do got it in For Me Miguel, Rivera,
thats Why My Trial Attorney Mr. Edwards, helped The
State Attorney's by Not calling this Aresseting Detective
To Trial,

6, IN My statement I Told The Detes that I took The knife
AWAy from Mr. ostrouski; When We were fighting Heather,
Larsen; was standing by The door and The stair At the
same time; When fighting stop Mr. ostrouski; Ran Run out
a door Heather, got the kids Ready I help her Then We
went out the door,

CONCLUSION-1

The defendant Respectfully Ask or beggeing This Honorable Court
To Reompe opne his hearing for A Appeal, The Trial Judge
Knew That Heather, Carson, and Michael, Ostriwski; was
Harrassing My uncle Mr. leon, Carson, for his S.S.N.
To Receive Creit, the This in The Court Proceding-
Records,

I Ask This Court To HAve Mercy on Me Please I'-
AM very sorry I have A 4th grade Ed. Honorable
Judge or Judges,

7, There is even Provef of Heather, Carson, transfering
her SSI Check's To Florida Social Security Administration
by Phone At Are Apt 602 se 13th St. Cape coral
state. FL ZIP;33990- The Apt Phone we had 941-242-2579);
And Then she comes back from florida Then call
S.S.A. and Transfer her S.S.I. Check's To The
Adderss of 6166 N. Sneridan Rd Apt 6K. The same Apt
of Mr. ostrouski, Thats Not No kidnapping Thats A
set-up, use This Adderss's 6167 N. Broadway Apt #364.
chicago, Il 60660

8, The Trial Judge. Let the state use A domestc case
Against Me At trial. Heather, carson, Lie in that case
I beat this case out in trial because there wasn't No
Evidence of domestc, Heather, puled that off To Run
Back to Mr. ostrouski, then Run Back To Mr. RiverA,
Apt in Cicero, Il, There is A witness My old Attorney
Mr. RoN, Sterling, (708-652-2800) this Attorney can
Tell this Court I have All ways had A Job And
have took good Care of Heather, kids,

Pontiac Corr. Ctr. I'AM being force Tossing out of P.C.
I'M being told that Internal Affairs can'T do Nothing
To the gang hit happens, At this Ponit And Time The
defendant is IN Confinement. this is #3-Time's This have
happen, And I-A will Put Me Right back out there by forec.

I defendant Told The Court this gang Trouble Will happen
I begged MY Trial Attorney IN A Letter IN court They NoT
Protectate My Life. by having Me seNT To The Ill. River
Corr. Ctr. witness Protection Program, I'AM going To end up
dead here If I don'T get help from This Court. I Told
I-A AbouT The fNife's They still won'T help SAVE My Life
I begge This Court for help, this gang hit is out ON Me
All out IN The state of Illinois Dept. of Corr. I'AM oN Records
I have been Run out of A Lot of The state facilitys,
I defendant begge This Honorable Judge's and Court for
help with A Court order To have Me E Transfe To The
Ill. River. Corr. Ctr. witness Protection Program, Please.
And grant The defendant A New Trial And A investigation
And give help With The discovery, I'M begging for A New Trial
That will be fair And A New Attorney other Then The Public
defed defender offices, your Horonable Judge. I begge
This Court for fulfills our constitutional obligation To
Provide legal assistance IN investigateing This Case without
The state's inether fearing, I Need To Talk with A New
Attorney and investigationers. INVESTIGATORs Please. your
Honorable Judge, I Need help No oNe won't help Me I caN'T
eveN get Attorney, To Take My case pro-Bone. is There A way
that I caN be escorted To court your Honorable Judge,
the Appeal. Attorneys, the State's Attorneys, And The
Trial Attorney, for The defendant. got this case All Mis-up.
And The Trial Judge. lit it All happen IN A Two days Trial
for A set-up-conviction,

<u>Conclusion 2.</u>

I defendant foregoing reasons, Miguel Rivera, Respectfully requests that This Court grants defendant <u>Motion</u>. I begge, This Honorable Judge's To give A investigation This Court will fine out That The defendant Miguel Rivera, is innocent on This Wrongfully Conviction. And sentenceing of 3-counts of agg-kidnapping, And That This Honorable Court. will help The defendant get The discovery And see That The statements ~~act~~ Are diffrendant statements from Trial, It is seeble that Alot was hideing from The Jury People. I <u>Miguel, Rivera</u>, ask This Honorable Court And Judges fore Mercy And for A.<u>order</u> of <u>Protection</u> in A <u>Emeregcey</u> Please give Relief, on saving My life. Can This Honorable Court send investigators To visit Me I don't have No help. Not even The Public defendanters office won't help Me your Honorable Judge, My Pass was use againts Me for a <u>crime</u>. I did Not Commit, on and off The Court Records.

for Relif: A New Trial with A investigation, And A New Attorney ~~of~~ othere then The Public defenders offices, or to be Acquitted for the wrongful Convection I Was Never Aressted for kidnapping Please check florida Police Reports And investigate the Trial Jury People,
I ask

Signed and sworn
to show 27th day
of 51, 2013
over D. [illegible]

*Miguel Rivera* #N-23881

"OFFICIAL SEAL"
MARK G. SPENCER
Notary Public, State of Illinois
My Commission Exp. 06/08/2004

No. 02-0699

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court of Cook County, |
| Plaintiff-Appellee, | ) | |
| | ) | Criminal Division. |
| | ) | 01-cr-2646 |
| | ) | |
| -vs- | ) | |
| | ) | |
| **MIGUEL RIVERA,** | ) | Honorable |
| | ) | Edward Fiala |
| Defendant-Appellant. | ) | Judge Presiding. |

MOTION FOR LEAVE TO FILE CERTIFICATE IN LIEU OF RECORD INSTANTER

Comes now the defendant-appellant, Miguel Rivera, by RITA A. FRY, Public Defender, through TODD AVERY SHANKER, Assistant Public Defender, and respectfully moves this Court to grant him leave to file the certificate in lieu of the record instanter.

Reasons in support of this motion are set out in the attached affidavit of TODD AVERY SHANKER.

Respectfully submitted,

RITA A. FRY
Public Defender of Cook County

By _____
TODD AVERY SHANKER
Assistant Public Defender

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )


## AFFIDAVIT


TODD AVERY SHANKER, being first duly sworn on oath deposes and says:

1.    I am an Assistant Public Defender in the Appeals Division.

2.    This is an appeal from a jury trial, 01-cr-2646, relating to convictions for aggravated kidnapping and aggravated battery, and an extended-term sentence of 40 years with a concurrent term of 5 years, the Honorable Edward Fiala presiding.

3.    Notice of Appeal was filed on 2/14/02.

4.    The record was due to be filed on June 21, 2002.

5.    I was assigned to this case on July 8, 2002.

6.    This motion is not being made for purposes of delay, but to ensure complete representation of the defendant.

As a result, I respectfully request this Honorable Court to **allow me leave to file the certificate in-lieu of the record instanter.**

TODD AVERY SHANKER
Assistant Public Defender


SUBSCRIBED AND SWORN TO
Before me this 18th day
of July, A.D., 2002.

NOTARY PUBLIC

OFFICIAL SEAL
L'AMOUR HOLLOWAY-WHITE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-17-2008

No. 02-0699

IN THE                —
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit |
| | ) | Court of Cook County, |
| Plaintiff-Appellee, | ) | |
| | ) | Criminal Division. |
| | ) | 01-cr-2646 |
| | ) | |
| -vs- | ) | |
| | ) | ———————————— |
| MIGUEL RIVERA, | ) | Honorable |
| | ) | Edward Fiala |
| Defendant-Appellant. | ) | Judge Presiding. |

NOTICE OF MOTION

TO:  Richard Devine        Mr. Miguel Rivera
     State's Attorney      No. N-23881
     309 Daley Center      711 Kaskaskia Street
     Chicago, IL  60602    Menard, IL 62259
     PLEASE TAKE NOTICE THAT on July 18, 2002, I shall cause to be
filed in the Office of the Clerk of the Appellate Court of
Illinois, First District, the Attached Motion and Affidavit.

                              RITA A. FRY
                              Public Defender

                         By _____
                              TODD AVERY SHANKER
                              Assistant Public Defender

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )
     Lamont James, being duly sworn on oath, says that he served
the above and foregoing Notice and Motion and Affidavit by
delivering same to the above-mentioned attorney, and mailing same
to defendant on July 18, 2002.

                              _____

SUBSCRIBED AND SWORN TO
Before me this 18th day           Received by:
of July, A.D., 2002.              Date:

_____
Notary Public

OFFICIAL SEAL
L'AMOUR HOLLOWAY-WHITE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-17-2006

ORDER

## IN THE APPELLATE COURT, STATE OF ILLINOIS
### FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 02-0699 |
| | ) | |
| MIGUEL RIVERA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

### O R D E R

Upon motion of counsel for defendant-appellant, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED THAT the defendant-appellant's motion for leave to file the certificate in lieu of the record instanter, is hereby GRANTED / DENIED.

RITA A. FRY
Public Defender

TODD AVERY SHANKER
Assistant Public Defender

Attorney for Defendant-Appellant

_____
JUSTICE

Address: 69 West Washington - 15th Floor

City: Chicago, Illinois 60602

_____
JUSTICE

Telephone: (312) 603-0600

_____
JUSTICE

STEVEN M. RAVID, CLERK OF THE APPELLATE COURT,
FIRST DISTRICT

# 96374

NO. _____

## IN THE SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| People State of Illinois, | ) | Appellate Court, |
| | ) | First District |
| Respondent | ) | No.    1-02-0699 |
| | ) | |
| v. | ) | Circuit Court, |
| | ) | Cook County |
| Miguel Rivera, | ) | No.    01 CR 2646 |
| | ) | |
| Petitioner | ) | Hon. Edward M. Fiala, Jr., |
| | ) | Judge  Presiding. |

### PETITION FOR LEAVE TO APPEAL

**FILED**

JUN 3 – 2003

SUPREME COURT CLERK

Miguel Rivera
Reg. No. N-23881
P. O. Box 99
Pontiac, IL 61764

21- 060203
S- 031403
RH denied 05/203

IN THE APPELLATE COURT OF ILLINOIS
_____FIRST_____JUDICIAL DISTRICT, (DIVISION)

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | APPEAL FROM THE CIRCUIT |
| Plaintiff-Appellee, | ) | COURT OF _COOK_ COUNTY, |
| | ) | ILLINOIS |
| | ) | |
| vs. | ) | NO. _01-CR-76416_ |
| | ) | |
| _Miguel Rivera_, | ) | HONORABLE JUDGE _EDWARD M. FIALA_ |
| Defendant-Appellant | ) | PRESIDING |

### AFFIDAVIT OF INTENT TO FILE A PETITION FOR LEAVE TO APPEAL TO THE ILLINOIS SUPREME COURT

Pursuant to Supreme Court Rule 315(b), _MIGUEL RIVERA_, pro se, Defendant-Appellant states as follows:

1.    That the above captioned cause was decided by this Honorable Court on _1-12-02_.

2.    That Defendant-Appellant intends, in good faith to file a Petition for Leave to Appeal to the Illinois Supreme Court in the above captioned cause, Pro se.

3.    That the undersigned, first being duly sworn in oath, deposes and states that he/she has read the foregoing document, by him/her signed, and that the statements contained herein are true in substance and in fact.

_Miguel Rivera #N-23881_
Signature

Subscribed and sworn to before me
this _23_ day of _May_, 2003
_Mary S Hill_
Notary Public

"OFFICIAL SEAL"
TRACY LYNN HILL
Notary Public, State of Illinois
My Commission Exp. 11/30/2004

Revised Oct 2002



**THIS IS AN OUTLINE ONLY, NOT A COMPLETE PETITION!!!!!!**

Your petition should contain the following elements:

I.

**PRAYER FOR LEAVE TO APPEAL**

Your Petitioner, (YOUR NAME), pro se, respectfully petitions this Honorable Court for Leave to Appeal pursuant to Supreme Court Rule 315, from the judgment of the Appellate Court of Illinois, (1st - 2nd-3rd-4th-5th) District, which affirmed the judgment of conviction entered by the Circuit Court of (YOUR) County, Illinois, upon the Judge/Jury finding the petitioner guilty of (THE CRIME(S) YOU WERE CONVICTED OF).

II.

**OPINION AND PROCEEDINGS BELOW**

On (DATE YOUR WERE CONVICTED), Petitioner was found guilty of (CRIME YOU WERE CONVICTED OF). Petitioner was subsequently sentenced to a (YEARS SENTENCED) year prison term upon his/her conviction. He/She appealed this conviction to the Illinois Appellate Court, (JUDICIAL DISTRICT). On (DATE CONVICTION WAS AFFIRMED BY THE APPELLATE COURT), the Court delivered its opinion in said appeal, affirming the judgment of conviction and sentence. No petition for hearing was filed (if a petition for rehearing was filed...indicate the date it was filed and date denied) (if a Letter of Intent to File a Petition for Leave to Appeal was filed, indicate that a letter was filed and the date filed).

III.



POINTS RELIED UPON FOR REVERSAL

(Here state the reasons the Appellate Court's decision should be reversed).

IV.

STATEMENT OF FACTS

(Here truthfully state the facts).

V.

ARGUMENT

(Here state your legal argument, including citations to case law and statutes).

VI.

CONCLUSION

(Conclude your petition, asking the court for your specific relief. Be sure to sign your petition!)

**THIS IS AN OUTLINE ONLY, NOT A COMPLETE PETITION!!!!!!**

**NOTICE**
The text of this order may be
changed or corrected prior to the
time for filing of a Petition for
Rehearing or the disposition of
the same.

FIF      DIVISION
March 14, 2003

**RECEIVED**

'03  MAR 14  P12:15

No. 1-02-0699

APPEALS DIVISION
COOK COUNTY
PUBLIC DEFENDER

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MIGUEL RIVERA,<br><br>Defendant-Appellant. | Appeal from the<br>Circuit Court of<br>Cook County.<br><br>No. 01 CR 2646<br><br>Honorable<br>Edward M. Fiala, Jr.,<br>Judge Presiding. |

### SUMMARY ORDER

Following a jury trial, defendant Miguel Rivera was
convicted of three counts of aggravated kidnaping and one count
of aggravated battery.  Defendant was sentenced to concurrent
extended-term sentences of 40 years in prison for each count of
aggravated kidnaping and to a concurrent sentence of 5 years in
prison for aggravated battery.  The sole issue raised by
defendant on appeal is whether the trial court erred in denying
his pro se posttrial motion alleging ineffective assistance of
counsel without investigating the allegation and appointing new
counsel.

When a pro se defendant raises a posttrial claim of
ineffective assistance of counsel, the trial court may, under
certain circumstances, appoint new counsel to assist the

1-02-0699

hearing that he spoke to Duffin more than once, and that Duffin would have testified that the victim Carson told him that she did not see a knife until after she left the apartment. According to defense counsel, there was no reason to call Duffin "because negating the presence of the weapon in the apartment would not negate either the stabbing or the kidnaping." Defense counsel further opined that evidence that prior to defendant's arrest the victim Carson freely remained in Florida where defendant was also located would have been cumulative.

The trial court reviewed defendant's pro se motion, the trial record, its notes from trial, and heard from all the parties at the posttrial hearing. Only after this investigation did the trial court deny defendant's motion and conclude that defense counsel provided a "vigorous defense" and that the "[t]rial tactics he chose were those that he felt were appropriate for the type of case he had to defend." We find that the trial court's determination that it was unnecessary to appoint new counsel to assist defendant in presenting his claim was not manifestly erroneous.

Accordingly, the judgment of the trial court is affirmed.

This order is entered in accordance with Supreme Court Rule 23(c)(4).   166 Ill. 2d R. 23(c)(4).

Affirmed.

QUINN, J., with CAMPBELL, P.J., and HARTIGAN, J., concurring.

3