# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3848 | **DATE** | August 20, 2008 |
| **CASE TITLE** | Miguel Rivera (#64650) v. Edward Fiala, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [13] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $ 2.80 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at the Penitentiary of New Mexico. This action is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Any other pending motions are denied as moot. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]                                        Docketing to mail notices.

## STATEMENT

Plaintiff Miguel Rivera is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $ 2.80. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915A(b)(1), the Court is directed to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Plaintiff has named numerous defendants, including the judges who presided over his criminal proceedings, the attorney who represented him in these proceedings, the police officers who arrested him, the state's attorneys, public defenders, the father of the victim, the victim, and the court reporter. He alleges that the police officers wrongfully arrested and charged him with kidnaping; the judges wrongfully convicted and sentenced him and failed to review his petition for post-conviction relief; his attorney failed to represent him effectively; the victim and her father perjured themselves at trial; the state's attorneys set him up on the charges and tampered with the jury; the public defenders failed to investigate and introduce evidence into trial; and the court reporter tampered with the transcripts.

Plaintiff seeks money damages and to be released or given a new trial.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that:

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. . . . .

Plaintiff has not demonstrated that his criminal conviction has been reversed, expunged, or declared invalid. He may not seek money damages for his alleged unlawful conviction until such time as his conviction has been negated in some manner.

In addition, an inmate may not use a civil rights action in an attempt to gain release; his sole remedy is by way of a petition for a writ of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Plaintiff's claim that he was wrongfully arrested is untimely because the alleged unlawful arrest occurred in either 2000 or 2001. *See Wallace v. City of Chicago*, 440 F.3d 421, 426-27 (7th Cir. 2006), *aff'd by Wallace v. Kato*, 127 S. Ct. 1091 (2007) (two-year limitations period for false arrest and false imprisonment claim accrues at the time of arrest and imprisonment and not at the time a plaintiff is released from custody).

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).